ACCEPTED
04-14-00061-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/6/2015 3:33:46 PM
KEITH HOTTLE
CLERK

04-15-00061-CV

## ORAL ARGUMENT REQUESTED

NO. _____

---

# IN THE FOURTH COURT OF APPEALS
# AT SAN ANTONIO, TEXAS

---

## RAVI BOTLA, M.D.,
**Appellant,**

**v.**

## SALVADOR DEL TORO, JR.,
**Appellee.**

---

### On Appeal from the 131st District Court
### Bexar County, Texas, Cause No. 2013-CI-19135
### (Hon. Peter Sakai)

---

## APPELLANT'S PETITION FOR PERMISSION TO APPEAL ORDER
## DENYING MOTION FOR SUMMARY JUDGMENT

---

Respectfully submitted,

**COOPER & SCULLY, P.C.**

**EVANS, ROWE
& HOLBROOK, P.C.**

**DIANA L. FAUST**
diana.faust@cooperscully.com
Texas Bar No. 00793717
**MICHELLE E. ROBBERSON**
michelle.robberson@cooperscully.com
Texas Bar No. 16982900

**BRETT B. ROWE**
bbrowe@evans-rowe.com
Texas Bar No. 17331750
**NICKI K. ELGIE**
nelgie@evans-rowe.com
Texas Bar No. 24069670

900 Jackson Street, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

10101 Reunion Place, Suite 900
San Antonio, Texas 78216
(210) 384-3271
(210) 340-6664 (fax)

## COUNSEL FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

Ravi Botla, M.D.                                        Defendant/Appellant

Salvador Del Toro, Jr.                                    Plaintiff/Appellee

### Trial and Appellate Counsel for Appellant

Diana L. Faust                          Appellate Counsel for Appellant
Michelle E. Robberson
Kyle M. Burke
Cooper & Scully, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202

Brett B. Rowe                    Trial and Appellate Counsel for Appellant
Nicki K. Elgie
Evans, Rowe & Holbrook, P.C.
10101 Reunion Place, Suite 900
San Antonio, Texas 78216

### Trial and Appellate Counsel for Appellee

George W. Mauze, II              Trial and Appellate Counsel for Appellee
Mauze Law Firm
2632 Broadway, Suite 401S
San Antonio, Texas 78215

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS..........................................................................................ii

TABLE OF AUTHORITIES ..............................................................................iv

TABLE OF ABBREVIATIONS ......................................................................... vi

I.   COMPLIANCE WITH RULE 28.3(e)(1) OF THE TEXAS RULES OF APPELLATE PROCEDURE...................................................................1

II.  STATEMENT OF THE CASE...................................................................2

III. STATEMENT OF JURISDICTION .........................................................3

IV.  ISSUES PRESENTED................................................................................4

V.   STATEMENT OF FACTS .........................................................................6

    A.    Plaintiff Alleges Negligence by Defendants.......................................6

    B.    Plaintiff Provides a Chapter 74 Notice Letter But Attaches a Deficient Medical Authorization.......................................................7

    C.    Plaintiff Files His Health Care Liability Claim .................................8

    D.    Dr. Botla Moves for Summary Judgment on Limitations ....................8

    E.    Trial Court Conducts Hearing on Dr. Botla's Motion ........................9

VI.  SUMMARY OF THE ARGUMENT ...........................................................11

VII. ARGUMENT ............................................................................................14

    A.    Standards for Permissive Interlocutory Appeals.............................14

    B.    Controlling Question of Law No.1:   Whether Plaintiff's Original Medical Authorization was Legally Sufficient to Trigger the 75-Day Tolling Provision in Section 74.251(c)...............16

C.  Controlling Question of Law No. 2:  Whether Dr. Botla Had Standing to Challenge the Medical Authorization Provided to Another Defendant ...............................................................................19

D.  Controlling Question of Law No. 3:  Whether a Statute or Civil Procedure Rule Can Trump Chapter 74's Limitation Provision and Extend the Limitations Deadline from a Sunday to a Monday .......................................................................................20

E.  Lastly, Immediate Appeal of the Order Will Materially Advance the Ultimate Termination of the Litigation .........................23

CERTIFICATE OF COMPLIANCE ...................................................................26

CERTIFICATE OF SERVICE..............................................................................26

APPENDIX TO APPELLANT'S PETITION FOR PERMISSION TO APPEAL ORDER DENYING MOTION FOR SUMMARY JUDGMENT ..........27

# TABLE OF AUTHORITIES

**Case**                                                                 **Page(s)**

*Bala v. Maxwell*,
  909 S.W.2d 889 (Tex. 1995) ..................................................................25, 26

*Belehu v. Lawniczak*,
  437 S.W.3d 913 (Tex. App.—Houston [14th Dist.] 2014, pet. filed)............15, 22

*BNSF Ry. Co. v. Acosta*,
  No. 08-13-00268-CV, 2014 WL 5794620
  (Tex. App.—El Paso, Nov. 7, 2014, no. pet.) .................................................. 15

*Brannan v. Toland*,
  No. 01-13-00051-CV, 2013 WL 4004472
  (Tex. App.—Houston [1st Dist.], Aug. 6, 2013, pet. denied) (mem. op.) .......... 17

*Cantu v. Mission Reg. Med. Ctr.*,
  No. 13-12-00568-CV, 2014 WL 1879292
  (Tex. App.–Corpus Christi, May 8, 2014, no pet.) (mem. op.) ........................ 17

*Certain Underwriters at Lloyd's of London Subscribing to Policy Number:
  £FINFR0901509 v. Cardtronics, Inc.*,
  438 S.W.3d 770 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ................15, 22

*Chilkewitz v. Hyson*,
  22 S.W.3d 825 (Tex. 1999) ........................................................................... 22

*Gale v. Lucio*,
  445 S.W.3d 849 (Tex. App.—Houston [1st Dist.] 2014, pet. filed)........15, 22, 23

*Gulley v. State Farm Lloyds*,
  350 S.W.3d 204 (Tex. App.—San Antonio 2011, no pet.) .............................. 14

*Hill v. Milani*,
  686 S.W.2d 610 (Tex. 1985) ........................................................................ 21

*Jose Carreras, M.D., P.A. v. Marroquin*,
  339 S.W.3d 68 (Tex. 2011) ....................................................................19, 20

*Mitchell v. Methodist Hosp.*,
376 S.W.3d 833 Tex. App.—Houston [1st Dist.] 2012, pet. denied) ................. 17

*Mock v. Presbyterian Hosp. of Plano*,
379 S.W.3d 391 (Tex. App.—Dallas 2012, pet. denied).................................. 18

*Molinet v. Kimbrell*,
356 S.W.3d 407 (Tex. 2011) ............................................................... 21

*Nicholson v. Shinn*,
No. 01-07-00973-CV, 2009 WL 3152111
(Tex. App.—Houston [1st Dist.], Oct. 1, 2009, no pet.) ................................. 18

*Rabatin v. Kidd*,
281 S.W.3d 558 (Tex. App.—El Paso 2008, no pet.) ..................................... 18

**Statutes**                                                                                  **Page(s)**

TEX. CIV. PRAC. & REM. CODE § 51.014(d) (Vernon 2011) .................................... 3

TEX. CIV. PRAC. & REM. CODE § 51.014(f) (Vernon 2011)..............................3, 14

TEX. CIV. PRAC. & REM. CODE § 74.002 ........................................................ 21

TEX. CIV. PRAC. & REM. CODE § 74.051(a) .................................................... 16

TEX. CIV. PRAC. & REM. CODE § 74.051(c) ....................................................7, 16

TEX. CIV. PRAC. & REM. CODE § 74.251(a) ...................................................16, 20

TEX. CIV. PRAC. & REM. CODE § 74.251(c) .................................................... 16

**Rules**                                                                                      **Page(s)**

TEX. R. APP. P. 28.3(k)............................................................................ 2

**TABLE OF ABBREVIATIONS**

Dr. Botla uses the following abbreviations for the pleadings and other documents from the underlying suit, which are included in the Appendix to this Petition:

Botla MSJ – Ravi Botla, M.D.'s Motion for Summary Judgment and for Severance

DSLB – Defendant Dr. Botla's supplemental letter brief

Opp. – Plaintiff's Opposition to Defendant Ravi Botla, M.D.'s Motion for Summary Judgment

Order – Order Denying Motion for Summary Judgment and for Severance of Defendant Ravi Botla, M.D. and Granting Permission to Appeal

POP – Plaintiff's Original Petition

P1AOP – Plaintiff's First Amended Original Petition

P4AOP – Plaintiff's Fourth Amended Original Petition

PSLB – Plaintiff's supplemental letter brief

Reply – Ravi Botla, M.D.'s Reply to Plaintiff's Opposition to Motion for Summary Judgment

TC letter ruling – October 10, 2014 letter ruling from Judge Sakai

**NO.** _____

## IN THE FOURTH COURT OF APPEALS
## AT SAN ANTONIO, TEXAS

**RAVI BOTLA, M.D.,**
**Appellant,**

**v.**

**SALVADOR DEL TORO, JR.,**
**Appellee.**

**On Appeal from the 131st District Court**
**Bexar County, Texas, Cause No. 2013-CI-19135**
**(Hon. Peter Sakai)**

## APPELLANT'S PETITION FOR PERMISSION TO APPEAL ORDER
## DENYING MOTION FOR SUMMARY JUDGMENT

Appellant Ravi Botla, M.D. petitions this Court, pursuant to sections 51.014(d) and (f) of the Texas Civil Practice & Remedies Code and rule 28.3 of the Texas Rules of Civil Procedure, for permission to appeal the trial court's Order denying Appellant's motion for summary judgment. In support of his Petition, Dr. Botla respectfully alleges as follows:

### I. COMPLIANCE WITH RULE 28.3(e)(1) OF THE TEXAS RULES OF APPELLATE PROCEDURE

Dr. Botla provides the following information required by rule 28.3(e)(1) of the Texas Rules of Appellate Procedure:

1

1.     The trial court, case number, and style:

*Salvador Del Toro, Jr., Plaintiff, v. Gerardo E. Carcamo, M.D. and Ravi Botla, M.D.*, Defendants, Cause No. 2013-CI-19135, in the 131st District Court of Bexar County, Texas (the Hon. Peter Sakai, presiding).

2.     The order being appealed:

The January 22, 2015 Order Denying Motion for Summary Judgment and for Severance of Defendant Ravi Botla, M.D., and Granting Permission to Appeal (the "Order").  (Apx. Tab A).

3.     Who desires to appeal:

Appellant Ravi Botla, M.D. files this Petition and desires to appeal the Order.

4.     The court to which the appeal is taken:

The Court of Appeals for the Fourth District of Texas at San Antonio, Texas.

5.     Whether appeal is accelerated:

If this Petition is granted, the appeal will be governed by the rules for accelerated appeals.  TEX. R. APP. P. 28.3(k).

## II.     STATEMENT OF THE CASE

On November 20, 2013, Salvador Del Toro, Jr. ("Plaintiff") filed this health care liability claim against Gerardo E. Carcamo, M.D.  (POP at 1).  On March 3, 2014, Plaintiff amended his petition to add Dr. Botla as a Defendant, alleging Dr. Botla was negligent in his care and treatment of him on or about December 17, 2011.  (P1AOP at 2).

2

On August 4, 2014, Dr. Botla filed his Motion for Summary Judgment and for Severance, on the ground that the statute of limitations bars Plaintiff's claim against him. (Botla MSJ at 1-13). Plaintiff responded, and Dr. Botla replied. The trial court, the Hon. Peter Sakai, conducted a hearing on Dr. Botla's motion on September 16, 2014, and he invited the parties to submit additional arguments supportive of their respective positions. Both parties filed supplemental letter briefs.

In correspondence dated October 10, 2014, the trial court advised the parties of its rulings (denying Dr. Botla's motion and granting Dr. Botla's request to permit an immediate appeal from the trial court's Order) and requested preparation of an appropriate order. (TC letter). On January 22, 2015, the trial court signed the Order that is the subject of this Petition seeking permissive appeal. (Apx. Tab A at 1-4).

## III. STATEMENT OF JURISDICTION

This Court has jurisdiction over this Petition, pursuant to sections 51.014(d) and 51.014(f) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE § 51.014(d), (f) (Vernon 2011). The trial court signed the Order permitting interlocutory appeal on the basis that: (1) the order involves controlling questions of law as to which there are substantial grounds for differences of

opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. (Apx. Tab A).

## IV. ISSUES PRESENTED

The trial court's Order denying Dr. Botla's motion for summary judgment involves controlling questions of law as to which there substantial grounds for differences of opinion, including: (a) whether Plaintiff's medical authorization provided to a co-defendant was sufficient to toll limitations as to Dr. Botla (*i.e.*, whether it had to precisely track the language of section 74.052(c) or whether substantial compliance was sufficient), or whether Plaintiff's claim against Dr. Botla is barred by limitations; and (b) if the medical authorization was sufficient, whether the statute of limitations still bars Plaintiff's claim against Dr. Botla because the limitations period ended on a Sunday, and no statute or rule may trump the absolute Chapter 74 limitations period to extend it to a Monday.

These legal issues justify an immediate appeal of the trial court's Order under section 51.014(d) of the Civil Practice and Remedies Code, and resolution of these issues could materially advance the resolution of this health care liability claim as to Dr. Botla. That is, if Dr. Botla is correct and the statute of limitations bars Plaintiff's claim, the claim against Dr. Botla will be dismissed with prejudice.

The trial court identified these controlling issues of law in its Order:

1.     Was Plaintiff's medical authorization attached to his Chapter 74 notice letter sufficient to toll the statute of limitations, pursuant to section 74.051(c) of the Texas Civil Practice & Remedies Code?

2.     Does a defendant health care provider or physician, who did not receive a notice letter and authorization under section 74.051(a) of the Texas Civil Practice & Remedies Code, have standing to complain that an authorization provided to another health care provider or physician named and sued as a defendant in the same lawsuit is insufficient to toll the statute of limitations pursuant to section 74.051(c)?

3.     In light of the "notwithstanding any other law" language of section 74.251 of the Texas Civil Practice & Remedies Code.251 and the conflict provision of section 74.002, do rule 4 of the Texas Rules of Civil Procedure and section 16.072 of the Texas Civil Practice & Remedies Code nonetheless operate to extend the statute of limitations in a Chapter 74 health care liability claim when the last day of the applicable limitations period falls on a weekend or legal holiday?

# V. STATEMENT OF FACTS

### A. Plaintiff Alleges Negligence by Defendants

Plaintiff timely filed his Original Petition against Dr. Carcamo only. (*See* POP at 1). In that Original Petition, Plaintiff asserted a health care liability claim against Dr. Carcamo based on alleged negligence in diagnosing and treating his abdominal pain and recurrent diverticulitis, as well as alleged negligence that allegedly caused a bowel perforation that necessitated multiple surgeries. (POP at 2-4).

Dr. Botla provided a consultation to Dr. Carcamo on the morning of December 17, 2011. (P1AOP at 2). After evaluating Plaintiff, Dr. Botla recommended a colonoscopy and ordered a colon prep for that procedure. (*Id.*). That evening, Plaintiff complained of continued abdominal pain, and a repeat CT scan showed a bowel perforation. (*Id.* at 3). Dr. Carcamo performed surgery on Plaintiff on December 18, 2011 and again on December 21, 2011. (*Id.*). Plaintiff's lawsuit against Dr. Botla asserts negligence related to Dr. Botla's December 17, 2011 recommendation for a colonoscopy and order for the colon prep, on the theory that the colon prep contributed to the bowel perforation. (*See* P1AOP at 4-5; P4AOP at 3, 5).

**B.** **Plaintiff Provides a Chapter 74 Notice Letter But Attaches a Deficient Medical Authorization**

Prior to filing suit, and within the two-year statute of limitations provided by section 74.251 of the Texas Civil Practice & Remedies Code, Plaintiff sent to Dr. Carcamo (1) a notice letter dated June 11, 2013, pursuant to section 74.051(a), and (2) a purported medical authorization, pursuant to section 74.052. (Ex. A to POP; Apx. Tab B). Plaintiff did not send Dr. Botla a notice letter or a medical authorization at any time.[1]

The medical authorization sent to Dr. Carcamo, however, was defective because it did not track the language of section 74.052(c), it authorized the release of Plaintiff's medical records only to his own attorneys, and it did not identify all the patient's physicians and health care providers for the previous five years. (Apx. Tab B). The original medical authorization stated:

> I, Salvador Del Toro, Jr. (name of patient or authorized representative), hereby authorize Gerardo E. Carcamo, M.D. (name of physician or other health care provider to whom the notice of health care claim is directed) to obtain and disclose (within the parameters set out below) to Mauzé Law Firm the protected health information described below.

(Apx. Tab B). Also, the authorization did not list Dr. Botla as a physician who examined, evaluated, or treated Plaintiff in the five years prior to the incident made

---

[1] In his first amended and later petitions, Plaintiff alleged that the "statute of limitations prohibited the providing of written notice of said claim to Defendant Botla." (P1AOP at 6). TEX. CIV. PRAC. & REM. CODE § 74.051(c) (Notice given as provided in chapter tolls limitations and tolling shall apply to all parties and potential parties).

the basis of his claim and did not authorize Dr. Botla to obtain Plaintiff's medical records. (*Id.*).

In his answer to Plaintiff's original petition, filed the day before the statute of limitations expired, Dr. Carcamo pleaded for abatement of the lawsuit because of the defective medical authorization. (Ex. G to Botla MSJ). Although Plaintiff later provided Dr. Carcamo with revised medical authorizations,[2] Plaintiff provided those to Dr. Carcamo after December 17, 2013, the date on which the two-year statute of limitations expired (on January 8, 2014 and January 23, 2014). (Ex. 5, 6 to Opp.).

### C. Plaintiff Files His Health Care Liability Claim

Plaintiff timely filed his health care liability claim against Dr. Carcamo on November 20, 2013. (POP at 1). Plaintiff did not sue Dr. Botla within two years of Dr. Botla's care and treatment of Plaintiff – he did not sue Dr. Botla until March 3, 2014. (P1AOP at 1).

### D. Dr. Botla Moves for Summary Judgment on Limitations

Dr. Botla filed a traditional motion for summary judgment on his affirmative defense of limitations. (Botla MSJ at 1-13). Dr. Botla asserted that the defective medical authorization provided to Dr. Carcamo did not trigger the 75-day tolling period in section 74.051(c) and that, as a result, Plaintiff had to have sued Dr. Botla

---

[2]     Dr. Botla does not concede that these authorizations were sufficient.

before December 17, 2013 to be within limitations. (*Id.* at 1-2). Dr. Botla argued alternatively that, if the trial court found the original medical authorization sufficient, the extended limitations period (two years and 75 days) expired on March 2, 2014, and, because Plaintiff did not sue Dr. Botla until March 3, 2014, limitations barred his lawsuit. (*Id.* at 2).

Plaintiff filed his Opposition to Defendant Ravi Botla, M.D.'s Motion for Summary Judgment, arguing a different accrual date applied to Plaintiff's claim against Dr. Botla (December 18, 2011), that he provided timely notice to Dr. Carcamo within the two-year period, and that the original medical authorization substantially complied with section 74.052 and was sufficient to trigger the 75-day tolling provision of section 74.051(c). (Opp. at 1-6). Plaintiff also argued that, if limitations did expire on Sunday, March 2, 2014, rule 4 of the Texas Rules of Civil Procedure and section 16.072 of the Texas Civil Practice & Remedies Code extended his deadline to file suit against Dr. Botla until Monday, March, 3, 2014. (*Id.* at 6-7).

### E.     Trial Court Conducts Hearing on Dr. Botla's Motion

The trial court, the Hon. Peter Sakai, conducted a hearing on Dr. Botla's motion on September 16, 2014, and he invited the parties to submit additional arguments supportive of their respective positions. Both Plaintiff and Dr. Botla

9

filed supplemental letter briefs, on September 29, 2014 and October 1, 2014, respectively.

On October 10, 2014, the trial court advised the parties of its rulings via letter (*i.e.*, denying Dr. Botla's motion and granting Dr. Botla's request to permit an immediate appeal from the trial court's Order) and requested preparation of an appropriate order. (TC letter ruling). On January 22, 2015, the trial court signed its Order Denying Motion for Summary Judgment and for Severance of Defendant Ravi Botla, M.D. and Granting Permission to Appeal. (Apx. Tab A). The trial court found "three controlling questions of law as to which there is a substantial ground for difference of opinion" (*see* Issues Presented, *supra*), and the trial court made the following substantive rulings on these legal issues in the Order:

1. The original medical authorization was sufficient to trigger the 75-day tolling provision in section 74.051(c), despite its wording authorizing disclosure only to Plaintiff's counsel's law firm and its failure to identify all of Plaintiff's health care providers for the prior five years;

2. Dr. Botla had standing to challenge the defective medical authorization provided to Dr. Carcamo[3] and to assert it was insufficient to trigger the limitations tolling provision; and

3. Dr. Botla provided care on both December 17 and 18, 2011, such that to the extent Plaintiff establishes any negligent act or omission on December 18, 2011 or thereafter, Plaintiff timely filed his petition against Dr. Botla on March 3, 2014. Alternatively, to the extent that

---

[3] Dr. Botla agrees with this ruling and will not challenge it if this Court grants permission for him to appeal.

December 17, 2011 triggers the applicable limitations period, tolling extended that period to March 2, 2014 and rule 4 of the Texas Rules of Civil Procedure and section 16.072 of the Texas Civil Practice & Remedies Code applied to extend limitations through Monday, March 3, 2014, irrespective of section 74.002 and the "notwithstanding any other law" language of section 74.251, and Plaintiff's petition against Dr. Botla was timely filed.

(Apx. Tab A at 1-3). In addition, the trial court found that an immediate appeal of the Order may materially advance the ultimate termination of the litigation because: (1) if the Order is reversed on grounds that the medical authorization did not trigger the 75-day tolling provision, Plaintiff's claim against Dr. Botla would be barred by limitations and dismissed with prejudice; and (2) even if the medical authorization did trigger the 75-day tolling provision, Plaintiff's claim may be barred by limitations if rule 4 and section 16.072 do not extend limitations from Sunday, March 2, 2014 to Monday, March 3, 2014. (*Id.* at 3). And, the trial court granted permission to Dr. Botla to pursue an interlocutory appeal of the Order, pursuant to section 51.014(d) of the Texas Civil Practice & Remedies Code. (*Id.*).

## VI. SUMMARY OF THE ARGUMENT

This Court should accept Dr. Botla's appeal. The trial court's Order presents two controlling issues of law on which there are substantial grounds for differences of opinion. The first arises out of Dr. Botla's challenge to Plaintiff's section 74.052(c) medical authorization, and the dispute is whether it had to track the precise language and requirements of the statute (as multiple appellate courts

11

recognize), or whether mere "substantial compliance" with the statutory requisites is sufficient (as fewer appellate courts have concluded) to constitute proper notice that triggers the 75-day tolling provision in section 74.051(c). The trial court ruled that Plaintiff's authorization, which did not track the language of and otherwise comply with section 74.052(c), was nonetheless sufficient to trigger the tolling provision. Resolution of this issue is material (if not critical) in this case because, if Dr. Botla is correct, the defective medical authorization did not trigger the 75-day tolling provision, limitations expired in December 2013, and Plaintiff's claim filed against Dr. Botla in March 2014 is time-barred.

The second issue assumes, for argument's sake, that Plaintiff's medical authorization was sufficient to trigger the 75-day tolling provision of section 74.051(c), thereby giving Plaintiff an additional 75 days to sue Dr. Botla. Dr. Botla asserts Plaintiff's claim accrued on December 17, 2011, the date of the alleged tort (recommending a colonoscopy and colon prep for a patient with a gastrointestinal obstruction), such that (a) Plaintiff had to commence his claim by March 2, 2014 (two years and 75 days later) to be timely; and (b) Plaintiff's claim filed on March 3, 2014 is barred by limitations because no other law, statute, or rule can apply in a health care liability claim to extend the absolute limitations deadline contained in section 74.251. Plaintiff argued Dr. Botla was negligent on December 17 and 18, 2011, such that his claim accrued on the last day of

treatment, at least by December 18, 2011, and he timely filed his claim on March 3, 2014.

The trial court ruled that, if Plaintiff establishes a negligent act or omission by Dr. Botla on December 18, 2011 or thereafter, his claim against Dr. Botla filed on March 3, 2014 is timely; alternatively, the court ruled, if Plaintiff's claim accrued on December 17, 2011, rule 4 of the Texas Rules of Civil Procedure and section 16.072 of the Texas Civil Practice & Remedies Code applied to extend the limitations deadline from Sunday, March 2, 2014 to Monday, March 3, 2014 and, thus, Plaintiff timely sued Dr. Botla. This legal issue involving statutory interpretation is a matter of first impression under Texas law and, thus, should be considered a controlling question of law on which there is substantial ground for difference of opinion. Resolution of this issue also is material (if not critical) in this case because, if Dr. Botla is correct, Plaintiff's claim against him is barred by limitations.

The trial court's Order presents issues that meet the statutory criteria for a permissive appeal. This Court should accept this appeal so that the litigants and the courts do not expend time, energy, and resources in proceeding through a trial, only to have a judgment subsequently reversed on appeal because limitations barred Plaintiff's claim against Dr. Botla.

## VII.  ARGUMENT

### A.  Standards for Permissive Interlocutory Appeals

Generally, an order denying a summary judgment motion is not appealable because it is an interlocutory order. *E.g.*, *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 206 (Tex. App.—San Antonio 2011, no pet.).  An interlocutory order that does not dispose of all issues against all parties is not immediately appealable, except in situations expressly authorized by statute. *Id.*

Section 51.014 of the Civil Practice and Remedies Code designates the civil orders that may be appealed on an interlocutory basis, and subsection (d) of section 51.014 permits an interlocutory appeal of an otherwise non-appealable order, such as denial of a summary judgment motion:

> (d)  On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:
>
> (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
>
> (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. CIV. PRAC. & REM. CODE § 51.014(d).  Upon the trial court's certification that its order meets these statutory requirements, the court of appeals may accept an appeal permitted by section 51.014(d).  *See* TEX. CIV. PRAC. & REM. CODE § 51.014(f).

Texas courts have recognized that, when the legal issue addresses the statute of limitations, that issue presents a controlling question of law. *See, e.g.*, *Gale v. Lucio*, 445 S.W.3d 849, 853 (Tex. App.—Houston [1st Dist.] 2014, pet. filed); *see also BNSF Ry. Co. v. Acosta*, No. 08-13-00268-CV, 2014 WL 5794620, at *2 (Tex. App.—El Paso, Nov. 7, 2014, no. pet.). Likewise, Texas courts have recognized that a substantial ground for difference of opinion may occur if the issue is one of first impression (*i.e.*, appellate courts have not addressed the issue previously). *See, e.g.*, *Belehu v. Lawniczak*, 437 S.W.3d 913, 915 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) (issue of first impression involving statutory interpretation); *Certain Underwriters at Lloyd's of London Subscribing to Policy Number: £FINFR0901509 v. Cardtronics, Inc.*, 438 S.W.3d 770, 774, 778 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (no other court had construed insurance policy language at issue). Accordingly, as explained more fully below, the issues Dr. Botla desires to have reviewed by this Court meet the criteria for a permissive appeal under section 51.014(d) of the Texas Civil Practice & Remedies Code, and Dr. Botla urges the Court to grant him permission to appeal from the interlocutory Order.

**B.** **Controlling Question of Law No.1: Whether Plaintiff's Original Medical Authorization was Legally Sufficient to Trigger the 75-Day Tolling Provision in Section 74.251(c)**

A Chapter 74 claimant may extend the absolute two-year statute of limitations by 75 days by complying with the statute's pre-suit notice provisions:

> (a) Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.

* * * *

> (c) Notice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

TEX. CIV. PRAC. & REM. CODE §§ 74.051(a), (c). To toll the statute of limitations pursuant to Chapter 74, a plaintiff must provide both the statutorily required notice and the statutorily required authorization form. *Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 74 (Tex. 2011). Together, the notice and medical authorization form encourage pre-suit investigation, negotiation, and settlement of health care liability claims. *See id.* at 73. If the authorization does not accompany the notice, the claimant may not receive the benefit of the notice – tolling. *Id.* at 72.

Here, Plaintiff provided a form of a medical authorization to Dr. Carcamo, but not in the form required by section 74.052(c). Dr. Botla argued that Plaintiff's medical authorization did not follow the precise language in section 74.052 and only authorized Dr. Carcamo to obtain and disclose Plaintiff's protected health information ("PHI") to Mauze Law Firm (Plaintiff's counsel). (Apx. Tab B at 1). It did not allow Dr. Carcamo to obtain Plaintiff's PHI to investigate and evaluate Plaintiff's health care liability claim, and it did not list all of Plaintiff's medical providers for five years prior to the incident (including Dr. Botla). (*See id.*; Botla MSJ at 9-10).

Dr. Botla argued that Texas courts require the medical authorization to track the precise text included in section 74.052(c), and that an authorization that permits the release of a patient's medical records only to the patient's attorney is defective and does not trigger the tolling provision. (Botla MSJ at 8-9). *E.g.*, *Cantu v. Mission Reg. Med. Ctr.*, No. 13-12-00568-CV, 2014 WL 1879292, *4 (Tex. App.– Corpus Christi, May 8, 2014, no pet.) (mem. op.); *see also Brannan v. Toland*, No. 01-13-00051-CV, 2013 WL 4004472, at *2-3 (Tex. App.—Houston [1st Dist.], Aug. 6, 2013, pet. denied) (mem. op.). Dr. Botla also argued that the statute and Texas courts require the authorization to list the patient's physicians and health care providers for the previous five years, or it does not satisfy the purposes of the statute. (Botla MSJ at 8-9, 10). *E.g.*, *Mitchell v. Methodist Hosp.*, 376 S.W.3d

833, 837 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Nicholson v. Shinn*, No. 01-07-00973-CV, 2009 WL 3152111, at \*5-6 (Tex. App.—Houston [1st Dist.], Oct. 1, 2009, no pet.) (mem. op.).

Plaintiff, on the other hand, argued that his medical authorization substantially complied with section 74.052 and was sufficient to trigger the 75-day tolling period because it fulfilled the purposes of the notice statute. (Opp. at 5-6). *E.g.*, *Mock v. Presbyterian Hosp. of Plano*, 379 S.W.3d 391, 395 (Tex. App.—Dallas 2012, pet. denied); *Rabatin v. Kidd*, 281 S.W.3d 558 (Tex. App.—El Paso 2008, no pet.). Despite making this argument, Plaintiff gave Dr. Carcamo not one, but two, revised authorizations (although he provided both after the expiration of the absolute two-year statute of limitations and, thus, they were ineffective to trigger the tolling provision). (Exs. 5, 6 to Opp.). Plaintiff also argued the authorization was sufficient because Dr. Carcamo was able to obtain Plaintiff's medical records from Nix Hospital using the original medical authorization. (PSLB at 1).

The trial court essentially agreed with Plaintiff's arguments and case law, ruling that Plaintiff's original medical authorization was sufficient to trigger the 75-day tolling provision in section 74.051(c). (Apx. Tab A at 2). However, as explained above, the legal issue of whether a medical authorization must specifically comply with the language and requirements of section 74.052(c), or

18

whether "substantial compliance" with the statutory requirements is sufficient to trigger the 75-day tolling provision, is a question of Texas law as to which there are substantial grounds for differences of opinion. Accordingly, Dr. Botla urges this Court to grant permission to appeal the trial court's Order so that this Court can interpret the statute, determine whether strict or substantial compliance is the test, determine whether Plaintiff's original medical authorization meets the Court's test, and determine whether the medical authorization triggered the 75-day tolling provision as to Plaintiff's claim against Dr. Botla.

C. **Controlling Question of Law No. 2: Whether Dr. Botla Had Standing to Challenge the Medical Authorization Provided to Another Defendant**

Plaintiff asserted in the trial court that Dr. Botla did not receive Chapter 74 notice and could not have obtained any medical records of Plaintiff with the medical authorization provided to Dr. Carcamo; thus, Dr. Botla lacked standing to argue that the medical authorization provided to Dr. Carcamo is insufficient. (Opp. at 4). The trial court disagreed with Plaintiff and ruled that a defendant physician who does not receive a section 74.051(a) notice letter and medical authorization has standing to complain that an authorization provided to another defendant in the same lawsuit is insufficient to trigger the 75-day tolling provision. (Apx. Tab A at 2). Dr. Botla agrees with this ruling and does not intend to challenge it if this Court permits the appeal from the Order.

**D.** **Controlling Question of Law No. 3:  Whether a Statute or Civil Procedure Rule Can Trump Chapter 74's Limitation Provision and Extend the Limitations Deadline from a Sunday to a Monday**

On this third issue, the trial court ruled:  (a) that Dr. Botla provided care to Plaintiff on both December 17, 2011 and December 18, 2011; (b) to the extent Plaintiff proves any negligent act or omission occurred on December 18, 2011, Plaintiff timely sued Dr. Botla on March 3, 2014 (two years and 75 days later); (c) to the extent Plaintiff's claim accrued on December 17, 2011, limitations expired on Sunday, March 2, 2014; (d) rule 4 of the Texas Rules of Civil Procedure and section 16.072 of the Texas Civil Practice & Remedies Code apply in this case and extended the limitations period through Monday, March 3, 2014, irrespective of the "notwithstanding any other language" of section 74.251 and the conflict provision of section 74.002; and (e) Plaintiff timely sued Dr. Botla even if his claim accrued on December 17, 2011.  (Apx. Tab A at 2-3).

Dr. Botla contests the trial court's statutory interpretation on this issue (relating to a claim that accrued on December 17, 2011).  Section 74.251(a) provides, in relevant part:

> *Notwithstanding any other law* and subject to Subsection (b),[4] no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of

---

[4]     Subsection (b) contains the statute of repose.

the claim or the hospitalization for which the claim is made is completed. . . .

TEX. CIV. PRAC. & REM. CODE § 74.251(a) (emphasis added). In addition, section 74.002 provides that, "In the event of a conflict between this chapter and another law, including a rule of procedure or evidence or court rule, this chapter controls to the extent of the conflict." *Id.* § 74.002.

The Texas Supreme Court has held that the two-year statute of limitations in section 74.251(a) (and its predecessor, section 10.01 of article 4590i) is "absolute." *E.g.*, *Molinet v. Kimbrell*, 356 S.W.3d 407, 415 (Tex. 2011); *see also Bala v. Maxwell*, 909 S.W.2d 889, 892-93 (Tex. 1995) (per curiam) (By including the "notwithstanding any other law" language, "the Legislature unequivocally expressed its intent that, when the time limitations of section 10.01 conflict with another law, section 10.01 governs."). The Texas Supreme Court also has held that the malpractice act's limitations provision trumps other limitations provisions in Chapters 16 and 33 of the Texas Civil Practice & Remedies Code that would operate to extend the time to file a health care liability claim. *Molinet*, 356 S.W.3d at 413-44 (section 33.004); *Bala*, 909 S.W.2d at 892-93 (section 16.003); *see also Hill v. Milani*, 686 S.W.2d 610, 611 (Tex. 1985) (sec. 10.01 trumped absence-from-the-state tolling provision in former art. 5537).

Given this law, Dr. Botla argued that civil procedure rule 4 (which extends time periods that end on a weekend or legal holiday) and section 16.072 (which

extends limitation periods that end on a weekend or legal holiday) conflict with section 74.251(a); therefore, the limitations provision of Chapter 74 controls, limitations on Plaintiff's claim expired on March 2, 2014 (two years and 75 days after December 17, 2011[5]), and Plaintiff's claim against Dr. Botla filed on March 3, 2014 was untimely. (Botla MSJ at 10-11; Reply at 8-9; DSLB at 4-5). Plaintiff, on the other hand, argued that the "notwithstanding any other law" language in the limitations provision does not foreclose (or trump) rules that are procedural in nature, citing *Chilkewitz v. Hyson*, 22 S.W.3d 825 (Tex. 1999) (construing civil procedure rule 28 regarding suits in assumed name). (Opp. at 6-7). Plaintiff argued that rule 4 and section 16.072 were procedural in nature and, thus, applied to extend the limitations deadline to March 3, 2014. (*See id.*).

This issue presents a controlling question of law as to which there is a substantial ground for difference of opinion because the parties presented opposing legal arguments, the issue involves a statute of limitations, and the issue is one of first impression[6] – no Texas court has yet addressed whether rule 4 and section 16.072 apply in health care liability claims to extend the absolute two-year (or two-year-and-75-day) statute of limitations in section 74.251(a). Accordingly, Dr.

---

[5] Assuming, without conceding, that the medical authorization was sufficient to trigger the 75-day tolling provision.

[6] *See Belehu*, 437 S.W.3d at 915; *Gale*, 445 S.W.3d at 853; *Cardtronics, Inc.*, 438 S.W.3d at 774, 778.

Botla urges this Court to grant permission to appeal the trial court's Order so that this Court can interpret the statute, determine whether section 74.251 trumps rule 4 and section 16.072, and determine whether, if Plaintiff's claim accrued on December 17, 2011 and if the medical authorization was sufficient to trigger the 75-day tolling provision, Plaintiff timely sued Dr. Botla within two years and 75 days.

### E. Lastly, Immediate Appeal of the Order Will Materially Advance the Ultimate Termination of the Litigation

Finally, Dr. Botla asserts that immediate appeal of the Order will materially advance the ultimate termination of the litigation. When the controlling legal issues address the statute of limitations, those issues are material to the ultimate resolution or termination of the litigation. *Gale*, 445 S.W.3d at 853.

Here, if Dr. Botla is correct on the first legal issue (*i.e.*, the medical authorization was defective and did not trigger the 75-day tolling provision), Plaintiff's health care liability claim is barred by the statute of limitations and will be dismissed with prejudice. Alternatively, if the medical authorization was sufficient to add 75 days to the absolute two-year limitation period, Plaintiff did not sue Dr. Botla until two years and 76 days from the date of the tort and, thus, his claim still would be barred by limitations, unless this Court determines that rule 4 of the Texas Rules of Civil Procedure and section 16.072 of the Texas Civil Practice & Remedies Code do not conflict with Chapter 74's absolute statute of

limitations and apply to extend the limitations period by one day, from Sunday, March 2, 2013, to Monday, March 3, 2013.

If this Court does not accept the appeal, but Appellant's arguments are ultimately vindicated via a post-trial appeal, the litigants and the courts will have expended needless time, energy, and resources in a trial of this case. Thus, this Court should accept the appeal in the interest of judicial economy.

**THEREFORE**, Appellant Ravi Botla, M.D. respectfully prays this Court grant his Petition for Permission to Appeal the Order in all respects, and grant him all such other and further relief as this Court deems just.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: /s/Diana L. Faust
    **DIANA L. FAUST**
    diana.faust@cooperscully.com
    Texas Bar No. 00793717
    **MICHELLE E. ROBBERSON**
    michelle.robberson@cooperscully.com
    Texas Bar No. 24073089

900 Jackson Street, Suite 100
Dallas, Texas 75202
TEL: (214) 712-9500
FAX: (214) 712-9540

**EVANS, ROWE & HOLBROOK, P.C.**

**BRETT B. ROWE**
bbrowe@evans-rowe.com
Texas Bar No. 17331750
**NICKI K. ELGIE**
nelgie@evans-rowe.com
Texas Bar No. 24069670
10101 Reunion Place, Suite 900
San Antonio, Texas 78216
TEL: (210) 340-6555
FAX: (210) 340-6664

**ATTORNEYS FOR APPELLANT**

25

## CERTIFICATE OF COMPLIANCE

I hereby certify that we prepared this Petition using Microsoft Word 2003, which indicated that the total word count (exclusive of those items listed in rule 9.4(i)(1) of the Texas Rules of Appellate Procedure, as amended) is 4,456 words.

/s/ Diana L. Faust
**DIANA L. FAUST**

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of this Petition upon the following counsel of record by the method indicated, on this 6th day of February, 2015:

George W. Mauze, II                                              **VIA EFILE**
gmauze@mauzelawfirm.com
Mauze Law Firm
2632 B4roadway, Suite 401S
San Antonio, Texas 78215
**Counsel for Appellee**

/s/Diana L. Faust
**DIANA L. FAUST**

NO. _____

---

**IN THE FOURTH COURT OF APPEALS
AT SAN ANTONIO, TEXAS**

---

**RAVI BOTLA, M.D.,
Appellant,**

**v.**

**SALVADOR DEL TORO, JR.,
Appellee.**

---

**On Appeal from the 131st District Court
Bexar County, Texas, Cause No. 2013-CI-19135
(Hon. Peter Sakai)**

---

**APPENDIX TO APPELLANT'S PETITION FOR PERMISSION TO
APPEAL ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

---

In compliance with rule 28.3 of the Texas Rules of Appellate Procedure, Appellant Ravi Botla, M.D. submits this Appendix to his Petition for Permission to Appeal Order Denying Motion for Summary Judgment, containing the following items:

Tab A:    January 22, 2015 Order Denying Motion for Summary Judgment and for Severance of Defendant Ravi Botla, M.D. and Granting Permission to Appeal

Tab B:    Plaintiff's June 11, 2013 notice letter to Dr. Carcamo and his June 7, 2013 Medical Authorization

27

Tab C:      November 20, 2013 Plaintiff's Original Petition

Tab D:      March 3, 2014 Plaintiff's First Amended Original Petition

Tab E:      December 31, 2014 Plaintiff's Fourth Amended Original Petition

Tab F:      August 14, 2014 Motion for Summary Judgment and for Severance of Defendant, Ravi Botla, M.D. (with exhibits)

Tab G:      September 4, 2014 Plaintiff's Opposition to Defendant Ravi Botla, M.D.'s Motion for Summary Judgment (with exhibits)

Tab H:      September 11, 2014 Reply to Plaintiff's Opposition to Ravi Botla, M.D.'s Motion for Summary Judgment

Tab I:      September 29, 2014 Supplemental Letter Brief of Plaintiff

Tab J:      October 1, 2014 Supplemental Letter Brief of Defendant Ravi Botla, M.D.

Tab K:      October 10, 2014 Letter Ruling by Judge Peter Sakai on Defendant Ravi Botla, M.D.'s Motion for Summary Judgment

D/920583v7

# APPENDIX TAB "A"

DOCUMENT SCANNED AS FILED



2013CI19135 -0131

CAUSE NO. 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 131ST JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. AND | § | |
| RAVI BOTLA, M.D. | § | BEXAR COUNTY, TEXAS |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND FOR SEVERANCE OF DEFENDANT RAVI BOTLA, M.D. AND GRANTING PERMISSION TO APPEAL

On the 16th day of September, 2014 and 6th day of January, 2015, came on to be heard the Motion for Summary Judgment and for Severance of Defendant Ravi Botla, M.D. The Court, having considered the Motion, Plaintiff's Opposition, Defendant's Reply, letter briefings, pleadings timely filed, the summary judgment evidence, and argument of counsel, hereby **DENIES the Motion for Summary Judgment and for Severance** for the reasons more specifically set forth below.

The Court hereby **GRANTS Defendant's motion for permission to appeal this Order pursuant to Texas Civil Practice and Remedies Code Section 51.014(d)**, as to the legal issues and substantive rulings contained herein.

**THE COURT FINDS** that this Order involves three controlling questions of law as to which there is a substantial ground for a difference of opinion:

1. Was Plaintiff's medical authorization attached to his Chapter 74 notice letter sufficient to toll the statute of limitations pursuant to Section 74.051(c) of the Texas Civil Practice and Remedies Code?

2. Does a defendant health care provider or physician, who did not receive a notice letter and authorization under section 74.051(a) of the Texas Civil Practice and Remedies Code, have standing to complain that an authorization provided to another health care provider or physician named and sued as a defendant in the same lawsuit is insufficient to toll the statute of limitations pursuant to Section 74.051(c)?

3. In light of the "notwithstanding any other law" language of Texas Civil Practice and Remedies Code Section 74.251 and the conflict provision of Section 74.002, does Rule 4 of the Texas Rules of Civil Procedure and Texas Civil Practice and Remedies Code Section 16.072 nonetheless operate to extend the statute of limitations in a Chapter 74 health care liability claim when the last day of the applicable limitations period falls on a weekend or legal holiday?

In denying Defendant Ravi Botla, M.D.'s Motion for Summary Judgment through this Order, the Court makes the following substantive rulings on the above-stated legal questions presented:

1. Plaintiff's medical authorization attached to his Chapter 74 notice letter was sufficient to toll the statute of limitations pursuant to Section 74.051(c) of the Texas Civil Practice and Remedies Code. The language in Section A of the Authorization providing that Dr. Gerardo E. Carcamo, M.D. could "obtain and disclose (within the parameters set out below) to Mauze Law Firm" did not render the authorization insufficient to toll the statute of limitations as to Defendant Ravi Botla, M.D. because Defendant Gerardo E. Carcamo, M.D. requested and obtained medical records with said authorization. Likewise, Plaintiff's failure in Section B.2 of the Authorization to identify some of the physicians or health care providers who examined, evaluated, or treated Plaintiff or a pharmacy which filled prescriptions during a period commencing the five years prior to the incident making the basis of Plaintiff's claim (The People's Clinic, which performed an employment physical; Seton Medical Center; HEB Pharmacy) did not render the authorization insufficient to toll the statute of limitations.

2. A defendant health care provider or physician who does not receive a Section 74.051(a) notice letter and medical authorization does have standing to complain that an authorization provided to another health care provider or physician named and sued in the same lawsuit is insufficient to toll the statute of limitations as to the challenging defendant health care provider or physician.

3. Defendant Ravi Botla, M.D. provided care on both December 17th and 18th, 2011. To the extent that Plaintiff establishes any negligent act or omission on December 18, 2011, or thereafter, the petition was filed timely on March 3, 2014. However, to the extent that December 17, 2011 triggers the applicable limitations period, Section 74.051(c) operates to toll that period through Sunday, March 2, 2014. Rule 4 of the Texas Rules of Civil Procedure and Section 16.072 of the Civil Practice and Remedies Code apply and their operation extends the applicable statute of limitations period through Monday, March 3, 2014, irrespective of the "notwithstanding any other law" language of Section 74.251 and the conflict provision of Section 74.002 of the Texas Civil Practice and

2

Remedies Code. Thus, Plaintiff's petition naming Ravi Botla, M.D. as a defendant was timely filed.

**THE COURT FURTHER FINDS** that an immediate appeal of this Order may materially advance the ultimate termination of the litigation because if this Order is reversed (1) Plaintiff's claim against Defendant Ravi Botla, M.D. will be barred by the statute of limitations and therefore dismissed with prejudice if Plaintiff's medical authorization failed to toll the applicable limitations period; and (2) even assuming the medical authorization was sufficient to trigger tolling of limitations pursuant to section 74.051(c) of the Texas Civil Practice and Remedies Code, Plaintiff's claim against Defendant Ravi Botla, M.D. may be barred by the statute of limitations if Section 74.251's period of limitations shall not be extended by operation of Rule 4 of the Texas Rules of Civil Procedure and Section 16.072 of the Texas Civil Practice and Remedies Code.

**IT IS FURTHER ORDERED** that Defendant Ravi Botla, M.D. is granted permission to pursue an interlocutory appeal of this Order pursuant to Texas Civil Practice and Remedies Code Section 51.014(d).

IT IS SO ORDERED.

Signed this date: **JAN 2 2 2015**

HONORABLE JUDGE PETER SAKAI

APPROVED AS TO FORM ONLY:

MAUZE LAW FIRM
2632 Broadway, Suite 401S
San Antonio, Texas 78215

3

Phone: (210) 225-6262
Fax: (210) 354-3909
Email: gmauze@mauzelawfirm.com

By: _____
GEORGE W. MAUZE, II
State Bar No. 13238800

ATTORNEY FOR PLAINTIFF


EVANS, ROWE & HOLBROOK, P.C.
10101 Reunion Place, Suite 900
San Antonio, Texas 78216
Phone: (210) 340-6555
Fax: (210) 340-6664
Email: bbrowe@evans-rowe.com
Email: nelgie@evans-rowe.com

By: _____
BRETT B. ROWE
State Bar No. 17331750
NICKI K. ELGIE
State Bar No. 24069670

ATTORNEYS FOR DEFENDANT RAVI BOTLA, M.D.

4

# APPENDIX TAB "B"

# MAUZÉ LAW FIRM

GEORGE W. MAUZÉ, II, ATTORNEY

2632 BROADWAY
SUITE 401 South
SAN ANTONIO, TEXAS 78215
TELEPHONE 210.225.6262
FACSIMILE 210.354.3909
EMAIL: gmauze@mauzelawfirm.com
WWW.MAUZELAWFIRM.COM

June 11, 2013

PERSONAL & CONFIDENTIAL         CMRRR #7012-3050-0002-3901-1372
Gerardo E. Cárcamo, M.D.
414 Navarro, Suite 810
San Antonio, TX 78205

Re:     Salvador Del Toro, Jr.

Dear Dr. Cárcamo:

Please be advised that our law firm has been retained by Salvador Del Toro, Jr. to represent him in any and all claims he may have against you arising from the facts stated herein.

On or about December 15, 2011, Mr. Del Toro was admitted to Nix Hospital after being evaluated by Dr. James Lackey with the Riverwalk Clinic for increased lower abdominal pain, nausea, and vomiting. After a CT scan obtained by the Riverwalk Clinic showed findings of ". . . a severely diseased sigmoid colon with underlying diverticular burden and a stricture," he was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Based on Dr. Fiechtner's assessment and CT scan findings, Mr. Del Toro was admitted for further treatment and evaluation and discussed the patient's case with you. On December 16, 2011 Mr. Del Toro was seen in consultation by you. On the evening of December 17, 2011, you ordered and Mr. Del Toro was given GoLYTELY for gastrointestinal prep prior to colonoscopy. Shortly thereafter, he began having worsening abdominal pain throughout the evening with vomiting. On December 18, 2011 at approximately 5:00 o'clock a.m., Mr. Del Toro had worsening and change in the quality of his pain. He was sent emergently for a CT of the abdomen and pelvis which revealed the presence of free air consistent with perforation of a hollow viscus. You were called and Mr. Del Toro was emergently taken to the operating room on December 18, 2011. Due to the perforation of his colon, you immediately performed a right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann pouch and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another surgery by you for washout and wound VAC change. Mr. Del Toro remained hospitalized until December 30, 2011. Since then, Mr. Del Toro has necessitated frequent medical attention, necessitated and undergone two additional corrective surgeries.

The complications associated from the perforation of his colon which you "expected", have caused him severe pain and mental anguish, severe discomfort, disfigurement, and financial hardship. Although, you clearly knew of his partial obstruction in his colon based on the CT findings, you ordered GoLYTELY which is contraindicated in a patient suspected of having gastrointestinal obstruction. You further state in your December 18, 2011, operative report, that "Unfortunately he was unable to have a bm 'as expected' and he perforated.".



Dr. Cárcamo
June 11, 2013
Page 2


The foregoing acts and omissions to act constitute negligence. As a result of such negligence, Mr. Del Toro has suffered severe medical complications associated with his perforated colon.

In accordance with Chapter 74.051(a) of the Texas Civil Practices & Remedies Code, this letter constitutes your sixty (60) days notice that Salvador Del Toro, Jr. intends to assert health care liability claims against you. If this matter is not resolved within sixty (60) days, then a lawsuit will be filed.

In an effort to settle this claim without the necessity of filing a lawsuit, my client hereby tenders an offer of settlement to you in the amount of Eight Hundred Thousand Dollars ($800,000.00), such consisting of $250,000.00 for noneconomic damages plus economic damages including loss of income, and health care expenses in the amount of $550,000.00.

Attached hereto is a release for medical records in accordance with §74.052 of the Texas Civil Practice & Remedies Code. Additionally, please accept this letter as our request for copies of any and all medical records, diagnostic studies, whether digital, or film. Enclosed herewith is a HIPAA release authorizing you to provide true, correct, and complete copies of same.

The standard professional liability insurance policy requires that the insured promptly give the insurance carrier notice of any claim. If you or your insurance carrier wish to discuss an amicable and expedient resolution of this claim, then please do not hesitate to give me a call.

Very truly yours,

George W. Mauzé, II

GWM/ag
enclosures
xc:    Mr. Salvador Del Toro, Jr.

## AUTHORIZATION FORM FOR RELEASE OF PROTECTED HEALTH INFORMATION PURSUANT TO TEX. CIV. PRAC. & REM. CODE, CHAPTER 74 § 74.052

A.    I, **Salvador Del Toro, Jr.** (name of patient or authorized representative), hereby authorize **Gerardo E. Cárcamo, M.D.** (name of physician or other health care provider to whom the notice of health care claim is directed) to obtain and disclose (within the parameters set out below) to **Mauzé Law Firm** the protected health information described below for the following specific purposes:

1.    To facilitate the investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim; or

2.    Defense of any litigation arising out of the claim made the basis of the accompanying Notice of Health Care Claim.

B.    The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

1.    The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated Salvador Del Toro, Jr. (patient) in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim:

Nix Hospital, 414 Navarro, San Antonio, TX 78205
Gerardo E. Cárcamo, M.D., 414 Navarro, Suite 830, San Antonio, TX 78205

This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine, or treat Salvador Del Toro, Jr. (patient) for injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim; and

2.    The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated Salvador Del Toro, Jr. (patient) during a period commencing five years prior to the incident made the basis of the accompanying Notice of Health Care Claim:

Riverwalk Clinic, 414 Navarro, Suite 809, San Antonio, TX 78205
Val Verde Regional Medical Center, 801 Bedell Avenue, Del Rio, TX 78840
Antonio Cadena, M.D., 2201 North Bedell, Suite A, Del Rio, TX 78840

C.    Excluded Health Information—the following constitutes a list of physicians or health care providers possessing health care information concerning Salvador Del Toro, Jr. (patient) to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or to the physical, mental, or emotional condition of Salvador Del Toro, Jr. (patient) arising out of the claim made the

basis of the accompanying Notice of Health Care Claim:     NONE.

D.     The persons or class of persons to whom the health information of Salvador Del Toro, Jr. (patient) will be disclosed or who will make use of said information are:

    1.     Any and all physicians or health care providers providing care or treatment to Salvador Del Toro, Jr. (patient);

    2.     Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of Salvador Del Toro, Jr. (patient);

    3.     Any consulting or testifying experts employed by or on behalf of **Gerardo E. Cárcamo, M.D.** (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

    4.     Any attorneys (including secretarial, clerical, or paralegal staff) employed by or on behalf of **Gerardo E. Cárcamo, M.D.** (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization; and

    5.     Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of Salvador Del Toro, Jr. (patient).

E.     This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the Notice of Health Care Claim accompanying this authorization, whichever occurs sooner.

F.     I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and Remedies Code.

G.     I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, or eligibility for health plan benefits.

H.     I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPAA privacy regulations.

Signature of Patient:

_____        Date: _6/7/13_____

Salvador Del Toro, Jr.

Patient's Name:     Salvador Del Toro, Jr.
Patient's D.O.B.:     12.25.1973
Patient's SSN:     451.77.9676

# APPENDIX TAB "C"

citcml

| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Salvador Del Toro, Jr. (hereinafter referred to as "Plaintiff") and files this petition complaining of Gerardo E. Cárcamo, M.D. (hereinafter referred to as "Defendant") and for cause of action would show unto this Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Tex. R. Civ. P. 190, discovery in this case is intended to be conducted under Level 3.

### II.
### PARTIES

Plaintiff, Salvador Del Toro, Jr., at all times relevant to this lawsuit, has been an individual residing in Del Rio, Val Verde County, Texas.

Defendant, Gerardo E. Cárcamo, M.D., is, and at all times relevant to this lawsuit has been, a physician duly licensed to practice medicine in the State of Texas and resides in Bexar County, Texas. Defendant may be served with process by certified mail, return receipt requested, to addressee only at 414 Navarro, Suite 810, San Antonio, Texas 78205.

T:\Cases\Del Toro.1204\Pleadings\Petition.docx

## III.
## VENUE AND JURISDICTION

This Court has jurisdiction of this cause because the damages sought are within the jurisdictional limits of this Court. Venue is proper in Bexar County, Texas in that such is the county in which the events giving rise to this claim occurred.

## IV.
## FACTUAL BACKGROUND

This lawsuit is founded upon medical negligence committed by Defendant Gerardo E. Cárcamo, M.D. On or about December 15, 2011, Mr. Del Toro was admitted to Nix Hospital after being evaluated by Dr. James Lackey for increased lower abdominal pain, nausea, and vomiting. A CT scan was ordered and performed, such reflecting findings of ". . . a severely diseased sigmoid colon with underlying diverticular burden and a stricture". Mr. Del Toro was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Based on Dr. Fiechtner's assessment and CT scan findings, Mr. Del Toro was admitted for further treatment and evaluation. On December 16, 2011, Mr. Del Toro was seen in consultation by Defendant Gerardo E. Cárcamo, M.D. Defendant Gerardo E. Cárcamo recommended a colonoscopy. On the evening of December 17, 2011, Defendant Gerardo E. Cárcamo, M.D. ordered, and Mr. Del Toro was administered, GoLYTELY for gastrointestinal prep prior to colonoscopy. Shortly thereafter, he began having worsening abdominal pain throughout the evening with vomiting. On December 18, 2011 at approximately 5:00 o'clock a.m., Mr. Del Toro had worsening and change in the quality of his pain. He was sent emergently for a CT of the abdomen and pelvis which revealed the presence of free air consistent with perforation of a hollow viscus. Defendant Gerardo E. Cárcamo, M.D. was called and Mr. Del Toro was emergently taken to the operating room on December 18, 2011.

2

Defendant Gerardo E. Cárcamo, M.D. immediately performed a right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann pouch and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another surgery by Defendant Gerardo E. Cárcamo, M.D. for washout and wound VAC change. Mr. Del Toro remained hospitalized until December 30, 2011. Thereafter, Mr. Del Toro necessitated two additional corrective surgeries.

The complications associated from the perforation of his colon caused Mr. Del Toro severe physical pain and mental anguish, physical impairment, disfigurement, and financial losses. Although Defendant Gerardo E. Cárcamo, M.D. clearly knew of the obstruction of the colon based on the CT findings, Defendant Gerardo E. Cárcamo, M.D. ordered GoLYTELY which is contraindicated in a patient suspected of having gastrointestinal obstruction.

## V.
## NEGLIGENCE OF DEFENDANT

Defendant Gerardo E. Cárcamo, M.D. owed a general duty of care to Salvador Del Toro, Jr., to provide health care, attention and/or treatment as a reasonably prudent physician would have under the same or similar circumstances. Such duty required that said Defendant render health care in conformity with the minimum applicable standard of care for a person under the same or similar circumstances as Salvador Del Toro, Jr. Said Defendant breached that duty by engaging in the following acts and/or omissions to act, such constituting negligence:

1. failing to appropriately treat Mr. Del Toro for a severe diseased sigmoid colon with diverticular burden and stricture;

2. failing to consider alternative surgical interventions for Mr. Del Toro who was suspected of having a gastrointestinal obstruction;

3. ordering GoLYTELY to prepare his colon for a colonoscopy which is contraindicated in a patient suspected of having a gastrointestinal obstruction; and

4.    failing to otherwise provide medical attention, care and/or treatment to a patient in the same or similar condition in accordance with the applicable standard of care.

Such acts and/or omissions to act, whether taken singularly or collectively, constitute a direct and proximate cause of the injuries and damages of Salvador Del Toro, Jr. for which he seeks recovery.

## VI.
## DAMAGES

As a direct and proximate cause of the negligence of Defendant Gerardo E. Cárcamo, M.D., Salvador Del Toro, Jr. has suffered injuries, including severe physical and mental pain and anguish and disfigurement, which based upon a reasonable degree of medical probability, he will continue to suffer for many years in the future, if not for the balance of his natural life. Additionally, Mr. Del Toro suffered physical impairment and a loss of enjoyment of life which, based upon a reasonable degree of medical probability, he will continue to suffer in the future. Furthermore, he has sustained a loss of income and/or loss wage earning capacity. As a result of his injuries, Mr. Del Toro has also incurred substantial reasonable medical and other health care expenses for necessary medical and health care and, based upon a reasonable degree of medical probability, he will continue to incur reasonable expenses for necessary medical and health care in the future.

## VII.
## NOTICE

Plaintiff would further show that on or about June 11, 2013, more than sixty (60) days prior to filing of this cause, he provided written notice of said claim by certified mail return receipt requested to Defendant Gerardo E. Cárcamo, M.D. Plaintiff otherwise fully complied with the notice provisions pursuant to Chapter 74.051(a) of the Texas Civil Practices & Remedies Code. A true and

4

correct copy of said notice is attached hereto marked as Exhibit "A" and is incorporated herein by reference for all purposes.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Salvador Del Toro, Jr. respectfully prays that Defendant Gerardo E. Cárcamo, M.D. be cited to appear and answer herein and that, upon final trial, Plaintiff have and recover judgment in his favor against Defendant for the following:

1. actual damages within the jurisdictional limits of this Court;

2. pre-judgment and post-judgment interest at the maximum rate allowed by law;

3. costs of suit; and

4. such other and further relief at law or in equity, general or special, to which Plaintiff may be justly entitled.

Respectfully submitted,

MAUZÉ LAW FIRM
2632 Broadway, Suite 401S
San Antonio, Texas 78215
Telephone: 210.225.6262
Facsimile: 210.354.3909

By: _____
George W. Mauzé, II
TBC #13238800

ATTORNEY FOR PLAINTIFF

# MAUZÉ LAW FIRM

GEORGE W. MAUZÉ, II, ATTORNEY

2632 BROADWAY
SUITE 401 South
SAN ANTONIO, TEXAS 78215
TELEPHONE 210.225.6262
FACSIMILE 210.354.3909
EMAIL: gmauze@mauzelawfirm.com
WWW.MAUZELAWFIRM.COM

June 11, 2013

PERSONAL & CONFIDENTIAL
Gerardo E. Cárcamo, M.D.
414 Navarro, Suite 810
San Antonio, TX 78205

CMRRR #7012-3050-0002-3901-1372

Re:     Salvador Del Toro, Jr.

Dear Dr. Cárcamo:

Please be advised that our law firm has been retained by Salvador Del Toro, Jr. to represent him in any and all claims he may have against you arising from the facts stated herein.

On or about December 15, 2011, Mr. Del Toro was admitted to Nix Hospital after being evaluated by Dr. James Lackey with the Riverwalk Clinic for increased lower abdominal pain, nausea, and vomiting. After a CT scan obtained by the Riverwalk Clinic showed findings of ". . . a severely diseased sigmoid colon with underlying diverticular burden and a stricture," he was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Based on Dr. Fiechtner's assessment and CT scan findings, Mr. Del Toro was admitted for further treatment and evaluation and discussed the patient's case with you. On December 16, 2011 Mr. Del Toro was seen in consultation by you. On the evening of December 17, 2011, you ordered and Mr. Del Toro was given GoLYTELY for gastrointestinal prep prior to colonoscopy. Shortly thereafter, he began having worsening abdominal pain throughout the evening with vomiting. On December 18, 2011 at approximately 5:00 o'clock a.m., Mr. Del Toro had worsening and change in the quality of his pain. He was sent emergently for a CT of the abdomen and pelvis which revealed the presence of free air consistent with perforation of a hollow viscus. You were called and Mr. Del Toro was emergently taken to the operating room on December 18, 2011. Due to the perforation of his colon, you immediately performed a right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann pouch and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another surgery by you for washout and wound VAC change. Mr. Del Toro remained hospitalized until December 30, 2011. Since then, Mr. Del Toro has necessitated frequent medical attention, necessitated and undergone two additional corrective surgeries.

The complications associated from the perforation of his colon which you "expected", have caused him severe pain and mental anguish, severe discomfort, disfigurement, and financial hardship. Although, you clearly knew of his partial obstruction in his colon based on the CT findings, you ordered GoLYTELY which is contraindicated in a patient suspected of having gastrointestinal obstruction. You further state in your December 18, 2011, operative report, that "Unfortunately he was unable to have a bm 'as expected' and he perforated.".



The foregoing acts and omissions to act constitute negligence. As a result of such negligence, Mr. Del Toro has suffered severe medical complications associated with his perforated colon.

In accordance with Chapter 74.051(a) of the Texas Civil Practices & Remedies Code, this letter constitutes your sixty (60) days notice that Salvador Del Toro, Jr. intends to assert health care liability claims against you. If this matter is not resolved within sixty (60) days, then a lawsuit will be filed.

In an effort to settle this claim without the necessity of filing a lawsuit, my client hereby tenders an offer of settlement to you in the amount of Eight Hundred Thousand Dollars ($800,000.00), such consisting of $250,000.00 for noneconomic damages plus economic damages including loss of income, and health care expenses in the amount of $550,000.00.

Attached hereto is a release for medical records in accordance with §74.052 of the Texas Civil Practice & Remedies Code. Additionally, please accept this letter as our request for copies of any and all medical records, diagnostic studies, whether digital, or film. Enclosed herewith is a HIPAA release authorizing you to provide true, correct, and complete copies of same.

The standard professional liability insurance policy requires that the insured promptly give the insurance carrier notice of any claim. If you or your insurance carrier wish to discuss an amicable and expedient resolution of this claim, then please do not hesitate to give me a call.

Very truly yours,

George W. Mauzé, II

GWM/ag
enclosures
xc:     Mr. Salvador Del Toro, Jr.

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  *Gerardo E. Córcamo*

Street, Apt. No.; or PO Box No.  *M.D.*

City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

7012 3050 0002 3901 1372



Search USPS.com or Track Packages

Quick Tools
Track & Confirm
Enter up to 10 Tracking #: Find
Find USPS Locations
Buy Stamps
Schedule a Pickup
Calculate a Price
Find a ZIP Code™
Hold Mail
Change my Address

## Track & Confirm

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| | | Processed through USPS Sort Facility | June 15, 2013, 4:34 am | SAN ANTONIO, TX 78284 | Certified Mail™ |
| | | Depart USPS Sort Facility | June 14, 2013 | SAN ANTONIO, TX 78284 | |
| | | Processed through USPS Sort Facility | June 14, 2013, 9:40 pm | SAN ANTONIO, TX 78284 | |

### Check on Another Item

What's your label (or receipt) number?

**LEGAL**

Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**

Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

**ON ABOUT.USPS.COM**

About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**

Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright 2013

# APPENDIX TAB "D"





CAUSE NO: 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 131st JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. AND | § | |
| RAVI BOTLA, M.D. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Salvador Del Toro, Jr. (hereinafter referred to as "Plaintiff") and files this First Amended Original Petition complaining of Gerardo E. Cárcamo, M.D. (hereinafter referred to as "Defendant Cárcamo") and Ravi Botla, M.D. (hereinafter referred to as "Defendant Botla")(hereinafter collectively referred to as "Defendants") and for cause of action would show unto this Honorable Court as follows:

## I.
## DISCOVERY CONTROL PLAN

Pursuant to Tex. R. Civ. P. 190, discovery in this case is intended to be conducted under Level 3.

## II.
## PARTIES

Plaintiff, Salvador Del Toro, Jr., at all times relevant to this lawsuit, has been an individual residing in Del Rio, Val Verde County, Texas.

Defendant, Gerardo E. Cárcamo, M.D., is, and at all times relevant to this lawsuit has been, a physician duly licensed to practice medicine in the State of Texas and resides in Bexar County, Texas. Said Defendant has appeared and answered herein.

T:\Cases\Del Toro.1204\Pleadings\Petition-AM1.docx

1

Defendant, Ravi Botla, M.D., is, and at all times relevant to this lawsuit has been, a physician duly licensed to practice medicine in the State of Texas and resides in Bexar County, Texas. Defendant may be served with private process service at 621 Camden Street, Suite #202, San Antonio, Texas 78215.

## III.
## VENUE AND JURISDICTION

This Court has jurisdiction of this cause because the damages sought are within the jurisdictional limits of this Court. Venue is proper in Bexar County, Texas in that such is the county in which the events giving rise to this claim occurred.

## IV.
## FACTUAL BACKGROUND

This lawsuit is founded upon medical negligence committed by Defendants.

On or about December 15, 2011, Mr. Del Toro was admitted to Nix Hospital after being evaluated by Dr. James Lackey for increased lower abdominal pain, nausea, and vomiting. A CT scan was ordered and performed, such reflecting findings of "... a severely diseased sigmoid colon with underlying diverticular burden and a stricture". Mr. Del Toro was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Based on Dr. Fiechtner's assessment and CT scan findings, Mr. Del Toro was admitted for further treatment and evaluation. On December 16, 2011, Mr. Del Toro was seen in consultation by Defendant Cárcamo and Defendant Botla. Defendants, singularly or collectively, developed a plan for a colonoscopy. On the evening of December 17, 2011, Defendant Cárcamo and/or Defendant Botla ordered, and Mr. Del Toro was administered, GoLYTELY for gastrointestinal prep prior to colonoscopy. Shortly thereafter, he began having worsening abdominal pain throughout the evening with vomiting. On

2

December 18, 2011 at approximately 5:00 o'clock a.m., Mr. Del Toro had worsening and change in the quality of his pain. He was sent emergently for a CT of the abdomen and pelvis which revealed the presence of free air consistent with perforation of a hollow viscus. Defendant Cárcamo was called and Mr. Del Toro was emergently taken to the operating room on December 18, 2011. Defendant Cárcamo immediately performed a right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann pouch and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another surgery by Defendant Cárcamo for washout and wound VAC change. Mr. Del Toro remained hospitalized until December 30, 2011. Thereafter, Mr. Del Toro necessitated two additional corrective surgeries.

The complications associated from the perforation of his colon caused Mr. Del Toro severe physical pain and mental anguish, physical impairment, disfigurement, and financial losses. Although Defendants clearly knew of the obstruction of the colon based on the CT findings, Defendant Cárcamo and/or Defendant Botla ordered GoLYTELY which is contraindicated in a patient suspected of having gastrointestinal obstruction.

## V.
## NEGLIGENCE OF DEFENDANT CÁRCAMO

Defendant Cárcamo owed a general duty of care to Salvador Del Toro, Jr., to provide health care, attention and/or treatment as a reasonably prudent physician would have under the same or similar circumstances. Such duty required that said Defendant Cárcamo render health care in conformity with the minimum applicable standard of care for a person under the same or similar circumstances as Salvador Del Toro, Jr. Said Defendant breached that duty by engaging in the following acts and/or omissions to act, such constituting negligence:

3

1. failing to appropriately treat Mr. Del Toro for a severe diseased sigmoid colon with diverticular burden and stricture;

2. failing to consider alternative surgical interventions for Mr. Del Toro who was suspected of having a gastrointestinal obstruction;

3. ordering GoLYTELY to prepare his colon for a colonoscopy which is contraindicated in a patient suspected of having a gastrointestinal obstruction; and

4. failing to otherwise provide medical attention, care and/or treatment to a patient in the same or similar condition in accordance with the applicable standard of care.

Such acts and/or omissions to act, whether taken singularly or collectively, constitute a direct and proximate cause of the injuries and damages of Salvador Del Toro, Jr. for which he seeks recovery.

## VI.
## NEGLIGENCE OF DEFENDANT BOTLA

Defendant Botla owed a general duty of care to Salvador Del Toro, Jr., to provide health care, attention and/or treatment as a reasonably prudent physician would have under the same or similar circumstances. Such duty required that said Defendant Botla render health care in conformity with the minimum applicable standard of care for a person under the same or similar circumstances as Salvador Del Toro, Jr. Said Defendant breached that duty by engaging in the following acts and/or omissions to act, such constituting negligence:

1. failing to appropriately treat Mr. Del Toro for a severe diseased sigmoid colon with diverticular burden and stricture;

2. failing to consider alternative surgical interventions for Mr. Del Toro who was suspected of having a gastrointestinal obstruction;

3. ordering GoLYTELY to prepare his colon for a colonoscopy which is contraindicated in a patient suspected of having a gastrointestinal obstruction; and

4.    failing to otherwise provide medical attention, care and/or treatment to a patient in the same or similar condition in accordance with the applicable standard of care.

Such acts and/or omissions to act, whether taken singularly or collectively, constitute a direct and proximate cause of the injuries and damages of Salvador Del Toro, Jr. for which he seeks recovery.

## VII.
## DAMAGES

As a direct and proximate cause of the negligence of Defendants, Salvador Del Toro, Jr. has suffered injuries, including severe physical and mental pain and anguish and disfigurement, which based upon a reasonable degree of medical probability, he will continue to suffer for many years in the future, if not for the balance of his natural life. Additionally, Mr. Del Toro suffered physical impairment and a loss of enjoyment of life which, based upon a reasonable degree of medical probability, he will continue to suffer in the future. Furthermore, he has sustained a loss of income and/or loss wage earning capacity. As a result of his injuries, Mr. Del Toro has also incurred substantial reasonable medical and other health care expenses for necessary medical and health care and, based upon a reasonable degree of medical probability, he will continue to incur reasonable expenses for necessary medical and health care in the future.

## VIII.
## NOTICE

Plaintiff would further show that on or about June 11, 2013, more than sixty (60) days prior to filing of this cause, he provided written notice of said claim by certified mail return receipt requested to Defendant Cárcamo. Plaintiff otherwise fully complied with the notice provisions pursuant to Chapter 74.051(a) of the Texas Civil Practices & Remedies Code. A true and correct

5

copy of said notice is attached hereto marked as Exhibit "A" and is incorporated herein by reference for all purposes.

The statute of limitations prohibited the providing of written notice of said claim to Defendant Botla.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Salvador Del Toro, Jr. respectfully prays that Defendant Botla be cited to appear and answer herein and that, upon final trial, Plaintiff have and recover judgment in his favor against Defendants, jointly and severally, for the following:

1. actual damages within the jurisdictional limits of this Court;

2. pre-judgment and post-judgment interest at the maximum rate allowed by law;

3. costs of suit; and

4. such other and further relief at law or in equity, general or special, to which Plaintiff may be justly entitled.

Respectfully submitted,

MAUZÉ LAW FIRM
2632 Broadway, Suite 401S
San Antonio, Texas 78215
Telephone: 210.225.6262
Facsimile: 210.354.3909

By: _____
George W. Mauzé, II
TBC #13238800

ATTORNEY FOR PLAINTIFF

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2014, a true and correct copy of Plaintiff's First Amended Original Petition has been sent by via fax and regular mail to:

Mr. W. Richard Wagner, Esq.
Wagner Cario, LLP
7718 Broadway, Suite 100
San Antonio, TX 78209

George W. Mauzé, II

T:\Cases\Del Toro.1204\Pleadings\Petition-AM1.docx

# MAUZÉ LAW FIRM

GEORGE W. MAUZÉ, II, ATTORNEY

2692 BROADWAY
SUITE 401 South
SAN ANTONIO, TEXAS 78215
TELEPHONE 210.225.5262
FACSIMILE 210.354.3909
EMAIL: gmauze@mauzelawfirm.com
WWW.MAUZELAWFIRM.COM

June 11, 2013

PERSONAL & CONFIDENTIAL             CMRRR #7012-3050-0002-3901-1372
Gerardo E. Cárcamo, M.D.
414 Navarro, Suite 810
San Antonio, TX 78205

Re:     Salvador Del Toro, Jr.

Dear Dr. Cárcamo:

Please be advised that our law firm has been retained by Salvador Del Toro, Jr. to represent him in any and all claims he may have against you arising from the facts stated herein.

On or about December 15, 2011, Mr. Del Toro was admitted to Nix Hospital after being evaluated by Dr. James Lackey with the Riverwalk Clinic for increased lower abdominal pain, nausea, and vomiting. After a CT scan obtained by the Riverwalk Clinic showed findings of ". . . a severely diseased sigmoid colon with underlying diverticular burden and a stricture," he was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Based on Dr. Fiechtner's assessment and CT scan findings, Mr. Del Toro was admitted for further treatment and evaluation and discussed the patient's case with you. On December 16, 2011 Mr. Del Toro was seen in consultation by you. On the evening of December 17, 2011, you ordered and Mr. Del Toro was given GoLYTELY for gastrointestinal prep prior to colonoscopy. Shortly thereafter, he began having worsening abdominal pain throughout the evening with vomiting. On December 18, 2011 at approximately 5:00 o'clock a.m., Mr. Del Toro had worsening and change in the quality of his pain. He was sent emergently for a CT of the abdomen and pelvis which revealed the presence of free air consistent with perforation of a hollow viscus. You were called and Mr. Del Toro was emergently taken to the operating room on December 18, 2011. Due to the perforation of his colon, you immediately performed a right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann pouch and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another surgery by you for washout and wound VAC change. Mr. Del Toro remained hospitalized until December 30, 2011. Since then, Mr. Del Toro has necessitated frequent medical attention, necessitated and undergone two additional corrective surgeries.

The complications associated from the perforation of his colon which you "expected", have caused him severe pain and mental anguish, severe discomfort, disfigurement, and financial hardship. Although, you clearly knew of his partial obstruction in his colon based on the CT findings, you ordered GoLYTELY which is contraindicated in a patient suspected of having gastrointestinal obstruction. You further state in your December 18, 2011, operative report, that "Unfortunately he was unable to have a bm 'as expected' and he perforated.".



EXHIBIT
4

The foregoing acts and omissions to act constitute negligence. As a result of such negligence, Mr. Del Toro has suffered severe medical complications associated with his perforated colon.

In accordance with Chapter 74.051(a) of the Texas Civil Practices & Remedies Code, this letter constitutes your sixty (60) days notice that Salvador Del Toro, Jr. intends to assert health care liability claims against you. If this matter is not resolved within sixty (60) days, then a lawsuit will be filed.

In an effort to settle this claim without the necessity of filing a lawsuit, my client hereby tenders an offer of settlement to you in the amount of Eight Hundred Thousand Dollars ($800,000.00), such consisting of $250,000.00 for noneconomic damages plus economic damages including loss of income, and health care expenses in the amount of $550,000.00.

Attached hereto is a release for medical records in accordance with §74.052 of the Texas Civil Practice & Remedies Code. Additionally, please accept this letter as our request for copies of any and all medical records, diagnostic studies, whether digital, or film. Enclosed herewith is a HIPAA release authorizing you to provide true, correct, and complete copies of same.

The standard professional liability insurance policy requires that the insured promptly give the insurance carrier notice of any claim. If you or your insurance carrier wish to discuss an amicable and expedient resolution of this claim, then please do not hesitate to give me a call.

Very truly yours,

George W. Mauzé, II

GWM/ag
enclosures
xc:    Mr. Salvador Del Toro, Jr.

U.S. Postal Service
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To _Gerardo E. Chicas_

Street, Apt. No.; or PO Box No. _M.D._

City, State, ZIP+4

7012 3050 0800 3904 1378

**USPS.com**                                                        Search USPS.com or Track Packages

Quick Tools
Track & Confirm
Enter up to 10 Tracking #/Find
Find USPS Locations
Buy Stamps
Schedule a Pickup
Calculate a Price
Find a ZIP Code™
Hold Mail
Change My Address

# Track & Confirm

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| | | Processed through USPS Sort Facility | June 16, 2013, 4:34 am | SAN ANTONIO, TX 78284 | Certified Mail™ |
| | | Depart USPS Sort Facility | June 14, 2013 | SAN ANTONIO, TX 78284 | |
| | | Processed through USPS Sort Facility | June 14, 2013, 9:40 pm | SAN ANTONIO, TX 78284 | |

## Check on Another Item

What's your label (or receipt) number?

LEGAL
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

ON USPS.COM
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

ON ABOUT.USPS.COM
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

OTHER USPS SITES
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright 2013

# APPENDIX TAB "E"

FILED
12/31/2014 8:52:51 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Brenda Carrillo

CAUSE NO: 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 131st JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. AND | § | |
| RAVI BOTLA, M.D. | § | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S FOURTH AMENDED ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Salvador Del Toro, Jr. (hereinafter referred to as "Plaintiff") and files this Third Amended Original Petition complaining of Gerardo E. Cárcamo, M.D. (hereinafter referred to as "Defendant Cárcamo") and Ravi Botla, M.D. (hereinafter referred to as "Defendant Botla")(hereinafter collectively referred to as "Defendants") and for cause of action would show unto this Honorable Court as follows:

## I.
## DISCOVERY CONTROL PLAN

Pursuant to Tex. R. Civ. P. 190, discovery in this case is intended to be conducted under Level 3.

## II.
## PARTIES

Plaintiff, Salvador Del Toro, Jr., at all times relevant to this lawsuit, has been an individual residing in Del Rio, Val Verde County, Texas.

Defendant, Gerardo E. Cárcamo, M.D., is, and at all times relevant to this lawsuit has been, a physician duly licensed to practice medicine in the State of Texas and resides in Bexar County, Texas. Said Defendant has appeared and answered herein.

1

T:\Cases\Del Toro.1204\Pleadings\Petition-AM4.docx

Defendant, Ravi Botla, M.D., is, and at all times relevant to this lawsuit has been, a physician duly licensed to practice medicine in the State of Texas and resides in Bexar County, Texas. Said Defendant has appeared and answered herein.

## III.
## VENUE AND JURISDICTION

This Court has jurisdiction of this cause because the damages sought are within the jurisdictional limits of this Court. Venue is proper in Bexar County, Texas in that such is the county in which the events giving rise to this claim occurred.

## IV.
## FACTUAL BACKGROUND

This lawsuit is founded upon medical negligence committed by Defendants.

On or about December 15, 2011, Mr. Del Toro presented himself to Dr. James Lackey for increased lower abdominal pain for 3 – 4 days, nausea, and vomiting. He was fatigued and had not been eating or taking many fluids. He had a history of diverticulitis and hospitalizations for acute diverticulitis, the most recent approximately 1 month prior. A CT scan was ordered and performed, such reflecting findings of ". . . a severely diseased sigmoid colon with underlying diverticular burden and a stricture". Mr. Del Toro was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Dr. Fiechtner noted he was in mild distress with pain, his abdomen was distended, and bowel sounds were hypoactive. She reviewed the CT scan and noted the stricture is of particular concern because it appears to be partially obstructing the colon. Based on Dr. Fiechtner's assessment and CT review, Mr. Del Toro was admitted for further treatment and evaluation. On December 16, 2011, Mr. Del Toro was seen in consultation by Defendant Cárcamo who recommended a plan for surgery – either laparoscopic or possible open

2

colon resection with possible colostomy placement. Mr. Del Toro agreed to the surgery but wanted it performed by a surgeon in Austin who had previously performed surgeries on family members. After the hospital inquired with the surgeon in Austin and discovered he would not be available until Monday, Mr. Del Toro requested surgery that day by Defendant Cárcamo. Defendant Cárcamo had left the hospital already and informed the nursing staff that he would see Mr. Del Toro the next morning. The next morning on December 17, 2011, Defendant Botla, a gastroenterologist, consulted with Mr. Del Toro. He recommended a colonoscopy. Mr. Del Toro refused the colonoscopy and again expressed his decision to proceed with the surgery recommended by Defendant Cárcamo. Defendant Cárcamo spoke to Mr. Del Toro who again expressed his decision to proceed with the recommended surgery, but Defendant Cárcamo changed his plan and now recommended Mr. Del Toro proceed first with a colonoscopy. He explained the "importance of colonoscopy" and persuaded Mr. Del Toro to consent. On December 17, 2011, Defendant Botla ordered, and Mr. Del Toro was administered, GoLYTELY for gastrointestinal prep prior to colonoscopy. He did not have a bowel movement after the GoLYTELY was administered. Shortly thereafter, Mr. Del Toro began complaining of severe pain to his abdomen. Both Defendants were notified but failed to examine Mr. Del Toro or order any diagnostic tests. Mr. Del Toro's abdominal pain worsened to a scale of 10 out of 10, he began crying, and was very upset. He suffered severe pain for the next 12 hours. A CT scan was ordered STAT on the morning of December 18, 2011. It revealed the presence of free air, such indicative of a perforated colon. He was emergently taken to the operating room and Defendant Cárcamo performed an exploratory laparotomy. He found a perforation in the right colon, fecal contamination of the peritoneum which had progressed to peritonitis and sepsis, and he performed a right hemicolectomy (necessitated because of the perforated colon from the colon prep),

3

sigmoidectomy (necessitated because of the diverticulitis, stricture, and obstruction), and end-colostomy with Hartmann pouch and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another exploratory laparotomy, drainage of an intra-abdominal abscess, colostomy revision, placement of wound VAC, and refill of ONQ pump. Mr. Del Toro remained hospitalized until December 30, 2011. He was re-admitted in February 2012 and on February 17, 2012, Defendant Cárcamo performed laparoscopic adhesiolysis and a cholecystectomy. Mr. Del Toro again was admitted to the hospital in March 2012 and Defendant Cárcamo performed another laparoscopic adhesiolysis, laparoscopic splenic flexure takedown, laparoscopic colostomy reversal, and parastomal hernia repair.

## V.
## NEGLIGENCE OF DEFENDANT CÁRCAMO

Defendant Cárcamo owed a general duty of care to Salvador Del Toro, Jr., to provide health care, attention and/or treatment as a reasonably prudent general surgeon would have under the same or similar circumstances. Such duty required that said Defendant Cárcamo render health care in conformity with the minimum applicable standard of care for a person under the same or similar circumstances as Salvador Del Toro, Jr. Said Defendant breached that duty by engaging in the following acts and/or omissions to act, such constituting negligence:

1. failing to appropriately treat Mr. Del Toro for a severe diseased sigmoid colon with diverticular burden, stricture, and obstruction;

2. recommending a colonoscopy which requires colon preparation when such was contraindicated because of the gastrointestinal obstruction;

3. failing to timely diagnose and treat the colon perforation on December 17-18, 2011; and

4

4. failing to otherwise provide medical attention, care and/or treatment to a patient in the same or similar condition in accordance with the applicable standard of care.

Such acts and/or omissions to act, whether taken singularly or collectively, constitute a direct and proximate cause of the injuries and damages of Salvador Del Toro, Jr. for which he seeks recovery.

## VI.
## NEGLIGENCE OF DEFENDANT BOTLA

Defendant Botla owed a general duty of care to Salvador Del Toro, Jr., to provide health care, attention and/or treatment as a reasonably prudent internal medicine physician/gastroenterologist would have under the same or similar circumstances. Such duty required that said Defendant Botla render health care in conformity with the minimum applicable standard of care for a person under the same or similar circumstances as Salvador Del Toro, Jr. Said Defendant breached that duty by engaging in the following acts and/or omissions to act, such constituting negligence:

1. recommending a colonoscopy, and colon preparation, when it was known that Mr. Del Toro had severe sigmoid disease, stricture, and obstruction;

2. ordering GoLYTELY to prepare his colon for a colonoscopy which is contraindicated in a patient with a gastrointestinal obstruction;

3. failing to timely diagnose and treat the colon perforation on December 17-18, 2011; and

4. failing to otherwise provide medical attention, care and/or treatment to a patient in the same or similar condition in accordance with the applicable standard of care.

Such acts and/or omissions to act, whether taken singularly or collectively, constitute a direct and proximate cause of the injuries and damages of Salvador Del Toro, Jr. for which he seeks recovery.

T:\Cases\Del Toro.1204\Pleadings\Petition-AM4.docx

# VII.
# DAMAGES

As a direct and proximate cause of the negligence of Defendants, Salvador Del Toro, Jr. suffered injuries, including severe physical and mental pain and anguish in the past; disfigurement, which based upon a reasonable degree of medical probability, he will continue to have for the balance of his natural life; physical impairment and a loss of enjoyment of life in the past; and a loss of income in the past. Further, Mr. Del Toro incurred substantial reasonable medical and other health care expenses for necessary medical and health care.

# VIII.
# NOTICE

Plaintiff would further show that, more than sixty (60) days prior to filing of this cause, he provided written notice of said claim by certified mail return receipt requested to Defendant Cárcamo. Plaintiff otherwise fully complied with the notice provisions pursuant to Chapter 74.051(a) of the Texas Civil Practices & Remedies Code.

The statute of limitations prohibited the providing of written notice of said claim to Defendant Botla.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Salvador Del Toro, Jr. respectfully prays that, upon final trial, Plaintiff have and recover judgment in his favor against Defendants, jointly and severally, for the following:

1. actual damages within the jurisdictional limits of this Court;

2. pre-judgment and post-judgment interest at the maximum rate allowed by law;

3. costs of suit; and

4. such other and further relief at law or in equity, general or special, to which Plaintiff may be justly entitled.

Respectfully submitted,

MAUZÉ LAW FIRM
2632 Broadway, Suite 401S
San Antonio, Texas 78215
Telephone: 210.225.6262
Facsimile: 210.354.3909

By: _____
George W. Mauzé, II
gmauze@mauzelawfirm.com
TBC #13238800
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of December, 2014, a true and correct copy of Plaintiff's Fourth Amended Original Petition has been sent by via fax and regular mail to:

Mr. W. Richard Wagner, Esq.
rwagner@wagnercario.com
Wagner Cario, LLP
7718 Broadway, Suite 100
San Antonio, TX 78209

Mr. Brett B. Rowe, Esq.
bbrowe@evans-rowe.com
Evans, Rowe & Holbrook, P.C.
10101 Reunion Place, Suite 900
San Antonio, TX 78216

_____
George W. Mauzé, II

# APPENDIX TAB "F"

FILED
8/14/2014 2:38:32 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Jennifer Brazil

CAUSE NO. 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 131ST JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. AND | § | |
| RAVI BOTLA, M.D. | § | BEXAR COUNTY, TEXAS |

## MOTION FOR SUMMARY JUDGMENT AND FOR SEVERANCE OF DEFENDANT, RAVI BOTLA, M.D.

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Ravi Botla, M.D. ("Dr. Botla"), respectfully files this his Motion for Summary Judgment and for Severance pursuant to Rule 166a of the Texas Rules of Civil Procedure on the ground that Plaintiff's claims against him are barred by the applicable two year statute of limitations. In support of his motion, Dr. Botla respectfully shows the Court the following:

I.
### BASIS OF MOTION

Dr. Botla is entitled to summary judgment that Plaintiff take nothing by this suit because Defendant has pleaded and established by the summary judgment evidence described below each element of the affirmative defense of limitations applicable to Plaintiff's medical malpractice claims.

Specifically, because this is a medical malpractice lawsuit governed by Chapter 74 of the Texas Civil Practice and Remedies Code, the statute of limitations is 2 years. TEX. CIV. PRAC. & REM. CODE § 74.251(a). Although Chapter 74 tolls the statute of limitations by 75 days in cases where a defendant is timely served with a statutory notice letter and *sufficient* accompanying medical authorization, in this case there was no statutory

*sufficient* medical authorization served on any defendant prior to the expiration of the statute of limitations.[1] Therefore, Plaintiff had two years from the date of accrual to file his lawsuit. Plaintiff's cause of action against Dr. Botla accrued on December 17, 2011, the date on which Dr. Botla treated Plaintiff. Since Plaintiff did not file this lawsuit on or before December 17, 2013 (suit was filed March 3, 2014), his suit is time-barred and Texas law mandates its dismissal.

Moreover, even if Plaintiff had timely served Dr. Botla—or any defendant for that matter—with a *sufficient* authorization, tolling of the statute of limitations by 75 days would not save Plaintiff's claims against Dr. Botla since they were filed 2 years and 76 days after the date of accrual (2 years plus 75 days was Sunday, March 2, 2014). Chapter 74 provides an *absolute* statute of limitations "notwithstanding any other law," such that March 2, 2014 was the *absolute* last day on which Plaintiff's Petition could have been filed, notwithstanding any other rule of procedure or statute that, outside the context of medical malpractice cases, might extend limitations or filing deadlines when they fall on a weekend.

II.
STATEMENT OF FACTS

Plaintiff has sued Dr. Botla alleging claims of negligence arising out of medical care and treatment Dr. Botla provided to Plaintiff on December 17, 2011. More specifically, Plaintiff presented to Nix Hospital on December 15, 2011 with complaints of abdominal pain and a history of recurrent diverticulitis. A CT scan showed a diseased sigmoid colon with underlying diverticular burdening and stricture. Co-Defendant, Dr.

---

[1] Although an authorization was provided to Dr. Botla's co-defendant, Dr. Carcamo, prior to the expiration of the statute of limitations, it was *defective* on several grounds, as will be discussed in greater detail in the body of this Motion. That *defective* authorization therefore did not operate to toll the statute of limitations.

2

Gerardo Carcamo, evaluated Plaintiff the following morning and recommended surgery. Pursuant to Dr. Carcamo's request, Dr. Botla consulted on the patient's care on the morning of December 17, 2011. After evaluating the patient, he recommended a colonoscopy and ordered a colon prep in relation to same. That evening, Plaintiff complained of continued abdominal pain. A repeat CT showed bowel perforation. Plaintiff went to surgery shortly thereafter. Plaintiff's lawsuit against Dr. Botla asserts negligence related to Dr. Botla's December 17, 2011 recommendation for colonoscopy and order for the colon prep on the theory that the colon prep contributed to the bowel perforation.

Plaintiff filed his Original Petition on November 20, 2013, naming only Dr. Carcamo as a defendant. Prior to filing suit against Dr. Carcamo, on June 11, 2013, Plaintiff served Dr. Carcamo with a notice letter as required by Chapter 74. Accompanying that notice letter was an authorization form that allowed Dr. Carcamo to "obtain and disclose to Mauze Law Firm [Plaintiff's counsel]" protected health information. Contrary to the purpose of Chapter 74, the authorization thus limited Dr. Carcamo's ability to obtain records to investigate Plaintiff's claim. Moreover, also contrary to the requirements of the statute, the authorization failed to include several of Plaintiff's treators over the five years preceding the health care at issue. In fact, the authorization excluded more treators than it included. The authorization was therefore *defective*. As a result, Dr. Carcamo moved to abate the proceedings for 60 days as allowed under Chapter 74 when Plaintiff does not comply with the notice and authorization requirements. Since suit was filed against him within the two year statute of limitations, abatement was his only recourse.

3

It was not until March 3, 2013, 2 years and 76 days after Dr. Botla provided the care at issue, that Plaintiff amended his Petition to include Dr. Botla as a defendant. Unlike Dr. Carcamo, Dr. Botla was not provided any notice letter or even the *defective* authorization prior to suit be filed against him. He therefore had absolutely no opportunity to investigate the claims made against him prior to the lawsuit being filed. More importantly, since Plaintiff failed to serve a statutory *sufficient* authorization on any health care provider within two years of the at-issue care and treatment provided by Dr. Botla, the 75 day tolling period was not triggered and Plaintiff's lawsuit against him is time-barred by the 2 year statute of limitations. Even had Plaintiff timely served one of the health care providers with a *sufficient* authorization, which would have tolled the statute by 75 days, since the lawsuit was filed 2 years and 7<u>6</u> days after the care at issue was provided, Plaintiff's lawsuit against Dr. Botla was still filed after the expiration of the *absolute* 2 year statute of limitations. In light of the above, Dr. Botla respectfully moves this Court to grant his Motion for Summary Judgment and dismiss with prejudice Plaintiff's entire lawsuit against him.

III.
## SUMMARY JUDGMENT EVIDENCE

To support the facts in this motion, Dr. Botla offers the following summary-judgment evidence attached to this motion and incorporates the evidence into this motion by reference:

a.  Exhibit A – Plaintiff's Original Petition (filed November 20, 2013);

b.  Exhibit B – Plaintiff's First Amended Petition (filed March 3, 2014);

4

c.     Exhibit C – Plaintiff's Second Amended Petition (filed April 8, 2014);

d.     Exhibit D – Plaintiff's Chapter 74 Notice Letter to Gerardo E. Carcamo, M.D. (dated June 11, 2013);

e.     Exhibit E – Plaintiff's Authorization Form for Release of Protected Health Information (dated June 7, 2013) ("Plaintiff's Pre-Suit Authorization Form"); and

f.     Exhibit F – Plaintiff's Objections and Responses to Defendant Ravi Botla, M.D.'s First Request for Production, response to request for production number 23 (dated May 8, 2014). Defendant hereby states his intent to use unfiled discovery products as summary judgment proof

g.     Exhibit G – Original Answer and Jury Demand of Defendant, Gerardo Carcamo, M.D. (filed December 16, 2013)

## IV.
## ARGUMENTS & AUTHORITIES

Dr. Botla pleads the affirmative defense of the statute of limitations as to Plaintiff's entire cause of action against him. Since Plaintiff did not file his suit against Dr. Botla until 2 years and 76 days after the care at issue was provided, his lawsuit against Dr. Botla was filed 76 days late and is time barred. Even had Plaintiff complied with the requirements of Chapter 74 and provided a statutory sufficient authorization within the limitations period, so as to toll the statute for 75 days, Plaintiff's lawsuit would have still been untimely filed by 1 day.

### A. Summary Judgment Standard

The movant for summary judgment must show that (1) there is no genuine issue of material fact and (2) the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); *Lear Sigler, Inc. v.*

5

*Perez*, 819 S.W.2d 470, 471 (Tex. 1991). The burden to produce summary-judgment evidence to raise a fact issue shifts to the nonmovant after the movant has established that it is entitled to summary judgment as a matter of law. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989).

A defendant may move for summary judgment on the affirmative defense of the statute of limitations. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). A defendant moving for summary judgment on a limitations defense meets his burden if he (1) proves when the cause of action accrued and (2) negates the discovery rule if it was pleaded or otherwise raised by the plaintiff. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217. 224 (Tex. 1999). Where, as here, Plaintiff does not raise the discovery rule in his pleadings, the defendant is not required to negate it in his motion for summary judgment. *In re Estate of Matejek*, 960 S.W.2d 650, 651 (Tex. 1997). In any case, the discovery rule has no application to this medical malpractice cause of action because the statute of limitations is absolute. *Diaz v. Westphal*, 941 S.W.2d 96, 99 (Tex. 1997) (the statute of limitations provision of 4590i, now Chapter 74, abolished the discovery rule).

## B. Applicable Statute of Limitations and Accrual Date

The statute of limitation applicable to a health care liability claim is 2 years from the accrual date. TEX. CIV. PRAC. & REM. CODE § 74.251(a). A cause of action for a health care liability claim accrues on the date of the occurrence of the breach or tort. ID; *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001) (if, as here, the date the alleged breach occurred is ascertainable, limitations must begin on that date).

The assertions of negligence against Dr. Botla relate to his recommendation for a colonoscopy and the order and administration of colon prep. See Plaintiff's First Amended

6

Petition at Exhibit "B" and Plaintiff's Second Amended Petition at Exhibit "C." Those actions occurred on December 17, 2011. See Plaintiff's Second Amended Petition at Exhibit "C." Therefore Plaintiff's cause of action against Dr. Botla accrued on December 17, 2011 and the 2 year statute of limitations began running on that date.

## C. Lawsuit Filed After the Expiration of the Two Year Statute of Limitations

Plaintiff's lawsuit against Dr. Botla was not filed until March 3, 2014. See Plaintiff's First Amended Petition at Exhibit "B" and Plaintiff's Original Petition at Exhibit "A." This was 2 years and 76 days after the cause of action accrued on December 17, 2011. Therefore, Plaintiff's lawsuit was filed outside of the 2 year statute of limitations period and must be dismissed. This result is not changed by the tolling provision of Chapter 74, which is only triggered if a *sufficient* authorization is served within the statute of limitations; here only a *defective* authorization was served on Dr. Botla's co-defendant. Moreover, since the statute of limitations under Chapter 74 is *absolute* "notwithstanding any other law," nor is the result changed by statutes or rules outside of Chapter 74 that might extend the limitation deadline in cases that are not health care liability claims.

### 1. Tolling Period Not Triggered Where Authorization is *Defective*

If Plaintiff had timely served a *sufficient* authorization form pursuant to Section 74.052 of the Civil Practice and Remedies Code, the statute of limitations would have been tolled by 75 days. TEX. CIV. PRAC. & REM. CODE § 74.051(c) ("Notice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice . . ."). However, since Plaintiff did not serve any health care provider with a statutorily *sufficient* authorization within the limitations period, Plaintiff did not give notice as provided in Chapter 74 and is therefore unable to take advantage of

7

the tolling provision. *Carreras v. Marroquin*, 339 S.W.3d 68, 74 (Tex. 2011) (failure to serve the statutorily required authorization form before the expiration of the limitations period bars application of the tolling provision of Section 74.051(c)); *Nicholson v. Shinn*, No. 01-07-00973-CV, 2009 WL 3152111, at *4 (Tex. App.–Houston [1st Dist.] Oct. 1, 2009, no pet.) (notice is not proper and the statute of limitations is not tolled when notice is provided with a defective authorization form).

Prior to the expiration of the statute of limitations applicable to Dr. Botla, Plaintiff served Co-Defendant, Dr. Carcamo, with a notice letter and authorization form. See Plaintiff's Chapter 74 Notice Letter to Gerardo E. Cacacmo, M.D. at Exhibit "D" and Plaintiff's Authorization Form for Release of Protected Health Information ("Plaintiff's Pre-Suit Authorization") at Exhibit "E." Plaintiff never served any other health care provider, including Dr. Botla, with a notice letter or authorization. See Plaintiff's Second Amended Petition at Exhibit "C" and Plaintiff's Objections and Responses to Defendant Ravi Botla, M.D.'s First Request for Production, response to request for production number 23 at Exhibit "F." Therefore, the only way Plaintiff would get an additional 75 days to file suit against Dr. Botla is if the authorization served on Dr. Carcamo (Exhibit "E") was statutorily *sufficient*.

In order to be *sufficient*, the authorization must track the precise text of Section 74.052(c). TEX. CIV. PRAC. & REM. CODE § 74.052(c) ("The medical authorization required by this section *shall be in the following form . . ."*). An authorization form that only authorizes the release of records to the Plaintiff's own attorneys does not track the precise text of Section 74.052(c) and is defective. *See e.g., Cantu v. Mission Regional Medical Center*, No. 13-12-00568-CV, 2014 WL 1879292, *4 (Tex. App.–Corpus Christi, May 8, 2014, no pet.). Moreover, in order to be sufficient, the authorization must provide the statutorily

8

required list of the patient's physicians and health care providers for the previous five years. TEX. CIV. PRAC. & REM. CODE § 74.052(c); *see also, Mitchell v. Methodist Hospital*, 376 S.W.3d 833, 837 (Tex. App.–Houston [1st Dist.] 2012) (statute of limitations should not be tolled when statutorily required information is omitted from the medical authorization); *Nicholson*, 2009 WL 3152111, at *5.[2]

Plaintiff's Pre-Suit Authorization Form is *defective* and is therefore insufficient to trigger 75 day tolling provision under Section 74.051(c). Specifically, Plaintiff's Pre-Suit Authorization Form is materially *defective* on two grounds. First, it only provides that Dr. Carcamo (not Dr. Botla) can "obtain and disclose to Mauze Law Firm [Plaintiff's counsel]" the protected health information described in the authorization. It therefore does not track the language of Section 74.052(c) and is defective. *See Cantu*, 2014 WL 1879292, at *4. It does not allow Dr. Carcamo—much less Dr. Botla—an opportunity to obtain the medical records for investigation of the claims. Notably, although Dr. Carcamo was sued within the limitations period and therefore did not have a statute of limitations defense, in his Original Answer, filed the day before the expiration of the limitations period, Dr. Carcamo moved to abate the proceedings based on the *defective* authorization. See Original Answer and Jury Demand of Defendant, Gerardo Carcamo, M.D. at Exhibit "G." Therefore, before the expiration of the 2 year statute of limitations, Plaintiff was on notice that he had served a defective authorization and did not correct it prior the running of the statute.

---

[2] Although the Dallas and El Paso courts of appeals have, in fact-sensitive circumstances, found imperfect authorizations sufficient to toll the statutes of limitations, the El Paso case was decided before the Texas Supreme Court clarified in *Carreras* the requirements that a plaintiff must meet in order for limitations to be tolled. Moreover, the holdings of the Houston and Corpus Christi courts of appeals are more in line with the purpose of the notice and authorization requirements in Chapter 74. *See e.g., Mitchell*, 376 S.W.3d at 837 (omissions interfere with the statutory design to enhance the opportunity for presuit investigation, negotiation and settlement). Of course, the Dallas and El Paso decisions are not controlling authority.

9

Second, contrary to the requirement that Plaintiff include all medical providers who "examined, evaluated, or treated" him "during a period commencing five years prior to the incident made the basis of" the lawsuit, Plaintiff only listed three such medical providers, failing to list at least four, and probably more, medical providers—the authorization excluded more providers than it included. See Plaintiff's Pre-Suit Authorization Form at Exhibit "E." Significantly, the providers excluded from Plaintiff's authorization provided care and treatment directly related to the claims made in this lawsuit: the providers provided care and treatment related to prior episodes of diverticulitis, the condition that was being treated during the care at issue. Therefore, the failure to include these additional providers renders the authorization *defective*, and wholly insufficient to allow Dr. Botla the opportunity for pre-suit investigation of the claims made against him. See Nicholson, 2009 WL 3152111, at *5.

Even had the authorization been directed to Dr. Botla, it was insufficient to allow him to investigate the claims against him. Not only did it not allow him to obtain the records, it also failed to include several important providers relevant to Plaintiff's claims. Therefore, the authorization was *defective* and did not trigger the 75 day tolling period. Thus, Plaintiff's lawsuit against Dr. Botla is barred by the statute of limitations since it was filed more than 2 years after the date of accrual, September 17, 2011.

### 2. Two Year Statute of Limitations is *Absolute*

Notwithstanding the fact that Plaintiff's Pre-Suit Authorization was defective and insufficient to toll the statute, even had it appropriately tracked the language of the statute and included all of Plaintiff's medical providers, so as to trigger the 75 day tolling period, Plaintiff's case would still be time-barred since he filed 2 years and 76 days after Dr. Botla treated Plaintiff (the 2 years and 75 days fell on Sunday, March 2, 2014). Chapter 74

10

provides an *absolute* two year statute of limitations that applies "notwithstanding any other law," such that the deadline cannot be extended even if, as here, it falls on a weekend.

Section 74.251 sets forth the applicable statute of limitations in health care liability claims, stating in no uncertain terms that the statute of limitations is *absolute*: "Notwithstanding any other law . . . no health care liability claim may be commenced unless the action is filed within two years . . ." TEX. CIV. PRAC. & REM. CODE § 74.251(a). The Texas Supreme Court has repeatedly held that Section 74.251(a) imposes an *absolute* 2 year statute of limitations. *See Diaz v. Westphal*, 941 S.W.2d 96, 99 (Tex. 1997). Moreover, Chapter 74 also provides that "[i]n the event of a conflict between [Chapter 74] and another law, including a rule of procedure or evidence or court rule, this chapter controls to the extent of the conflict." TEX. CIV. PRAC. & REM. CODE § 74.002. Thus, the *absolute* 2 year statute of limitations applies even if another statute or rule of procedure would alter, interrupt, toll, or postpone the running of the statute of limitations in a claim not governed by Chapter 74. *See Molinet v. Kimbrell*, 356 S.W.3d 407, _ (Tex. 2011) (*absolute* 2 year limitations period of Section 74.251(a) prevailed over Responsible Third Party Statute that allowed plaintiffs to sue parties after the expiration of the statute of limitations if they were named a responsible third party by another defendant).

Therefore, notwithstanding any other law that would toll the statute of limitations when the last day of the limitations period falls on a weekend, even if a sufficient authorization had been served, the limitations period expired on March 2, 2014, 1 day before Plaintiff first filed suit against Dr. Botla. Plaintiff's cause of action against Dr. Botla is therefore time-barred and should be dismissed with prejudice.

11

V.
## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Dr. Botla respectfully prays that this Court grant his Motion for Summary Judgment as to all claims and causes of action against him brought by Plaintiff, enter summary judgment that Plaintiff take nothing by this suit, and sever Plaintiff's cause(s) of action against Dr. Botla so that the judgment will be final. Dr. Botla further prays for such other and further relief to which he may be justly entitled.

Respectfully submitted,

*/s/ Nicki K. Elgie*
BRETT B. ROWE
State Bar No. 17331750
NICKI K. ELGIE
State Bar No. 24069670
EVANS, ROWE & HOLBROOK, P.C.
10101 Reunion Place, Suite 900
San Antonio, Texas 78216
Direct Line: (210) 384-3271
Facsimile: (210) 340-6664
Email: bbrowe@evans-rowe.com
Email: nelgie@evans-rowe.com
**ATTORNEYS FOR DEFENDANT,
RAVI BOTLA, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been sent, in accordance with the Texas Rules of Civil Procedure on this 14th day of August, 2014:

by facsimile and eService to:

George W. Mauze, II
Mauze Law Firm
2632 Broadway, Suite 401S
San Antonio, Texas 78215
Telecopier: (210) 354-3909
Email: gmauze@mauzelawfirm.com

12

W. Richard Wagner
Wagner Cario, LLP
7718 Broadway
San Antonio, Texas 78209
Telecopier: (210) 979-9141
Email: rwagner@wagnercario.com

/s/ *Nicki K. Elgie*
BRETT B. ROWE / NICKI K. ELGIE

13

CAUSE NO. 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 131ST JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. AND | § | |
| RAVI BOTLA, M.D. | § | BEXAR COUNTY, TEXAS |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND FOR SEVERANCE OF DEFENDANT RAVI BOTLA, M.D.

On this day came on to be heard the Motion for Summary Judgment of Defendant Ravi Botla, M.D. The Court, having considered the Motion, pleadings timely filed, the summary judgment evidence, and argument of counsel, hereby rules that said motion is meritorious and should be in all things GRANTED because Plaintiff filed his lawsuit against Dr. Botla after the expiration of the statute of limitations.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff take nothing against Defendant Ravi Botla, M.D.; that Plaintiff's claims and causes of action against Defendant Ravi Botla, M.D. are hereby dismissed with prejudice; that Plaintiff's claims and causes of action against Defendant Ravi Botla, M.D. are hereby severed from all other causes of action alleged in Plaintiff's Second Amended Petition; and that the severed causes of action shall be and are hereby assigned the separate cause number of _____. All remaining causes of action against other defendants shall proceed under the original cause number. All relief requested that is not expressly granted is hereby denied.

Signed this date: _____

_____
HONORABLE JUDGE PRESIDING

Exhibit 'A'

citcml

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | BY JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Salvador Del Toro, Jr. (hereinafter referred to as "Plaintiff") and files this petition complaining of Gerardo E. Cárcamo, M.D. (hereinafter referred to as "Defendant") and for cause of action would show unto this Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Tex. R. Civ. P. 190, discovery in this case is intended to be conducted under Level 3.

### II.
### PARTIES

Plaintiff, Salvador Del Toro, Jr., at all times relevant to this lawsuit, has been an individual residing in Del Rio, Val Verde County, Texas.

Defendant, Gerardo E. Cárcamo, M.D., is, and at all times relevant to this lawsuit has been, a physician duly licensed to practice medicine in the State of Texas and resides in Bexar County, Texas. Defendant may be served with process by certified mail, return receipt requested, to addressee only at 414 Navarro, Suite 810, San Antonio, Texas 78205.

## III.
## VENUE AND JURISDICTION

This Court has jurisdiction of this cause because the damages sought are within the jurisdictional limits of this Court. Venue is proper in Bexar County, Texas in that such is the county in which the events giving rise to this claim occurred.

## IV.
## FACTUAL BACKGROUND

This lawsuit is founded upon medical negligence committed by Defendant Gerardo E. Cárcamo, M.D. On or about December 15, 2011, Mr. Del Toro was admitted to Nix Hospital after being evaluated by Dr. James Lackey for increased lower abdominal pain, nausea, and vomiting. A CT scan was ordered and performed, such reflecting findings of ". . . a severely diseased sigmoid colon with underlying diverticular burden and a stricture". Mr. Del Toro was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Based on Dr. Fiechtner's assessment and CT scan findings, Mr. Del Toro was admitted for further treatment and evaluation. On December 16, 2011, Mr. Del Toro was seen in consultation by Defendant Gerardo E. Cárcamo, M.D. Defendant Gerardo E. Cárcamo recommended a colonoscopy. On the evening of December 17, 2011, Defendant Gerardo E. Cárcamo, M.D. ordered, and Mr. Del Toro was administered, GoLYTELY for gastrointestinal prep prior to colonoscopy. Shortly thereafter, he began having worsening abdominal pain throughout the evening with vomiting. On December 18, 2011 at approximately 5:00 o'clock a.m., Mr. Del Toro had worsening and change in the quality of his pain. He was sent emergently for a CT of the abdomen and pelvis which revealed the presence of free air consistent with perforation of a hollow viscus. Defendant Gerardo E. Cárcamo, M.D. was called and Mr. Del Toro was emergently taken to the operating room on December 18, 2011.

2

Defendant Gerardo E. Cárcamo, M.D. immediately performed a right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann pouch and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another surgery by Defendant Gerardo E. Cárcamo, M.D. for washout and wound VAC change. Mr. Del Toro remained hospitalized until December 30, 2011. Thereafter, Mr. Del Toro necessitated two additional corrective surgeries.

The complications associated from the perforation of his colon caused Mr. Del Toro severe physical pain and mental anguish, physical impairment, disfigurement, and financial losses. Although Defendant Gerardo E. Cárcamo, M.D. clearly knew of the obstruction of the colon based on the CT findings, Defendant Gerardo E. Cárcamo, M.D. ordered GoLYTELY which is contraindicated in a patient suspected of having gastrointestinal obstruction.

## V.
## NEGLIGENCE OF DEFENDANT

Defendant Gerardo E. Cárcamo, M.D. owed a general duty of care to Salvador Del Toro, Jr., to provide health care, attention and/or treatment as a reasonably prudent physician would have under the same or similar circumstances. Such duty required that said Defendant render health care in conformity with the minimum applicable standard of care for a person under the same or similar circumstances as Salvador Del Toro, Jr. Said Defendant breached that duty by engaging in the following acts and/or omissions to act, such constituting negligence:

1. failing to appropriately treat Mr. Del Toro for a severe diseased sigmoid colon with diverticular burden and stricture;

2. failing to consider alternative surgical interventions for Mr. Del Toro who was suspected of having a gastrointestinal obstruction;

3. ordering GoLYTELY to prepare his colon for a colonoscopy which is contraindicated in a patient suspected of having a gastrointestinal obstruction; and

3

4.    failing to otherwise provide medical attention, care and/or treatment to a patient in the same or similar condition in accordance with the applicable standard of care.

Such acts and/or omissions to act, whether taken singularly or collectively, constitute a direct and proximate cause of the injuries and damages of Salvador Del Toro, Jr. for which he seeks recovery.

## VI.
## DAMAGES

As a direct and proximate cause of the negligence of Defendant Gerardo E. Cárcamo, M.D., Salvador Del Toro, Jr. has suffered injuries, including severe physical and mental pain and anguish and disfigurement, which based upon a reasonable degree of medical probability, he will continue to suffer for many years in the future, if not for the balance of his natural life. Additionally, Mr. Del Toro suffered physical impairment and a loss of enjoyment of life which, based upon a reasonable degree of medical probability, he will continue to suffer in the future. Furthermore, he has sustained a loss of income and/or loss wage earning capacity. As a result of his injuries, Mr. Del Toro has also incurred substantial reasonable medical and other health care expenses for necessary medical and health care and, based upon a reasonable degree of medical probability, he will continue to incur reasonable expenses for necessary medical and health care in the future.

## VII.
## NOTICE

Plaintiff would further show that on or about June 11, 2013, more than sixty (60) days prior to filing of this cause, he provided written notice of said claim by certified mail return receipt requested to Defendant Gerardo E. Cárcamo, M.D. Plaintiff otherwise fully complied with the notice provisions pursuant to Chapter 74.051(a) of the Texas Civil Practices & Remedies Code. A true and

4

correct copy of said notice is attached hereto marked as Exhibit "A" and is incorporated herein by reference for all purposes.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Salvador Del Toro, Jr. respectfully prays that Defendant Gerardo E. Cárcamo, M.D. be cited to appear and answer herein and that, upon final trial, Plaintiff have and recover judgment in his favor against Defendant for the following:

1.   actual damages within the jurisdictional limits of this Court;

2.   pre-judgment and post-judgment interest at the maximum rate allowed by law;

3.   costs of suit; and

4.   such other and further relief at law or in equity, general or special, to which Plaintiff may be justly entitled.

Respectfully submitted,

MAUZÉ LAW FIRM
2632 Broadway, Suite 401S
San Antonio, Texas 78215
Telephone: 210.225.6262
Facsimile: 210.354.3909

By:_____
George W. Mauzé, II
TBC #13238800

ATTORNEY FOR PLAINTIFF

# MAUZÉ LAW FIRM

GEORGE W. MAUZÉ, II, ATTORNEY

2632 BROADWAY
SUITE 401 South
SAN ANTONIO, TEXAS 78215
TELEPHONE 210.225.6262
FACSIMILE 210.354.3909
EMAIL: gmauze@mauzelawfirm.com
WWW.MAUZELAWFIRM.COM

June 11, 2013

PERSONAL & CONFIDENTIAL
Gerardo E. Cárcamo, M.D.
414 Navarro, Suite 810
San Antonio, TX 78205

CMRRR #7012-3050-0002-3901-1372

Re:     Salvador Del Toro, Jr.

Dear Dr. Cárcamo:

Please be advised that our law firm has been retained by Salvador Del Toro, Jr. to represent him in any and all claims he may have against you arising from the facts stated herein.

On or about December 15, 2011, Mr. Del Toro was admitted to Nix Hospital after being evaluated by Dr. James Lackey with the Riverwalk Clinic for increased lower abdominal pain, nausea, and vomiting. After a CT scan obtained by the Riverwalk Clinic showed findings of ". . . a severely diseased sigmoid colon with underlying diverticular burden and a stricture," he was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Based on Dr. Fiechtner's assessment and CT scan findings, Mr. Del Toro was admitted for further treatment and evaluation and discussed the patient's case with you. On December 16, 2011 Mr. Del Toro was seen in consultation by you. On the evening of December 17, 2011, you ordered and Mr. Del Toro was given GoLYTELY for gastrointestinal prep prior to colonoscopy. Shortly thereafter, he began having worsening abdominal pain throughout the evening with vomiting. On December 18, 2011 at approximately 5:00 o'clock a.m., Mr. Del Toro had worsening and change in the quality of his pain. He was sent emergently for a CT of the abdomen and pelvis which revealed the presence of free air consistent with perforation of a hollow viscus. You were called and Mr. Del Toro was emergently taken to the operating room on December 18, 2011. Due to the perforation of his colon, you immediately performed a right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann pouch and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another surgery by you for washout and wound VAC change. Mr. Del Toro remained hospitalized until December 30, 2011. Since then, Mr. Del Toro has necessitated frequent medical attention, necessitated and undergone two additional corrective surgeries.

The complications associated from the perforation of his colon which you "expected", have caused him severe pain and mental anguish, severe discomfort, disfigurement, and financial hardship. Although, you clearly knew of his partial obstruction in his colon based on the CT findings, you ordered GoLYTELY which is contraindicated in a patient suspected of having gastrointestinal obstruction. You further state in your December 18, 2011, operative report, that "Unfortunately he was unable to have a bm 'as expected' and he perforated.".



Dr. Cárcamo
June 11, 2013
Page 2

The foregoing acts and omissions to act constitute negligence. As a result of such negligence, Mr. Del Toro has suffered severe medical complications associated with his perforated colon.

In accordance with Chapter 74.051(a) of the Texas Civil Practices & Remedies Code, this letter constitutes your sixty (60) days notice that Salvador Del Toro, Jr. intends to assert health care liability claims against you. If this matter is not resolved within sixty (60) days, then a lawsuit will be filed.

In an effort to settle this claim without the necessity of filing a lawsuit, my client hereby tenders an offer of settlement to you in the amount of Eight Hundred Thousand Dollars ($800,000.00), such consisting of $250,000.00 for noneconomic damages plus economic damages including loss of income, and health care expenses in the amount of $550,000.00.

Attached hereto is a release for medical records in accordance with §74.052 of the Texas Civil Practice & Remedies Code. Additionally, please accept this letter as our request for copies of any and all medical records, diagnostic studies, whether digital, or film. Enclosed herewith is a HIPAA release authorizing you to provide true, correct, and complete copies of same.

The standard professional liability insurance policy requires that the insured promptly give the insurance carrier notice of any claim. If you or your insurance carrier wish to discuss an amicable and expedient resolution of this claim, then please do not hesitate to give me a call.

Very truly yours,

George W. Mauzé II

GWM/ag
enclosures
xc:     Mr. Salvador Del Toro, Jr.

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
### (Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To _Gerardo E. Carcano_

Street, Apt. No.; or PO Box No. _M.D._

City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

 USPS.com

Search USPS.com or Track Packages

Quick Tools
Track & Confirm
Enter up to 10 Tracking #/Find
Find USPS Locations
Buy Stamps
Schedule
Calculate a Price
Find a ZIP Code™
Hold Mail
Change of Address

# Track & Confirm

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| | | Processed through USPS Sort Facility | June 15, 2013, 4:34 am | SAN ANTONIO, TX 78284 | Certified Mail™ |
| | | Depart USPS Sort Facility | June 14, 2013 | SAN ANTONIO, TX 78284 | |
| | | Processed through USPS Sort Facility | June 14, 2013, 9:40 pm | SAN ANTONIO, TX 78284 | |

## Check on Another Item

What's your label (or receipt) number?

| LEGAL | ON USPS.COM | ON ABOUT.USPS.COM | OTHER USPS SITES |
|---|---|---|---|
| Privacy Policy › | Government Services › | About USPS Home › | Business Customer Gateway › |
| Terms of Use › | Buy Stamps & Shop › | Newsroom › | Postal Inspectors › |
| FOIA › | Print a Label with Postage › | Mail Service Updates › | Inspector General › |
| No FEAR Act EEO Data › | Customer Service › | Forms & Publications › | Postal Explorer › |
| | Delivering Solutions to the Last Mile › | Careers › | |
| | Site Index › | | |

Copyright 2013

Exhibit 'B'





CAUSE NO: 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 131st JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. AND | § | |
| RAVI BOTLA, M.D. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Salvador Del Toro, Jr. (hereinafter referred to as "Plaintiff") and files this First Amended Original Petition complaining of Gerardo E. Cárcamo, M.D. (hereinafter referred to as "Defendant Cárcamo") and Ravi Botla, M.D. (hereinafter referred to as "Defendant Botla")(hereinafter collectively referred to as "Defendants") and for cause of action would show unto this Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Tex. R. Civ. P. 190, discovery in this case is intended to be conducted under Level 3.

### II.
### PARTIES

Plaintiff, Salvador Del Toro, Jr., at all times relevant to this lawsuit, has been an individual residing in Del Rio, Val Verde County, Texas.

Defendant, Gerardo E. Cárcamo, M.D., is, and at all times relevant to this lawsuit has been, a physician duly licensed to practice medicine in the State of Texas and resides in Bexar County, Texas. Said Defendant has appeared and answered herein.

T:\Cases\Del Toro\1204\Pleadings\Petition-AM1.docx

1.

Defendant, Ravi Botla, M.D., is, and at all times relevant to this lawsuit has been, a physician duly licensed to practice medicine in the State of Texas and resides in Bexar County, Texas. Defendant may be served with private process service at 621 Camden Street, Suite #202, San Antonio, Texas 78215.

## III.
### VENUE AND JURISDICTION

This Court has jurisdiction of this cause because the damages sought are within the jurisdictional limits of this Court. Venue is proper in Bexar County, Texas in that such is the county in which the events giving rise to this claim occurred.

## IV.
### FACTUAL BACKGROUND

This lawsuit is founded upon medical negligence committed by Defendants.

On or about December 15, 2011, Mr. Del Toro was admitted to Nix Hospital after being evaluated by Dr. James Lackey for increased lower abdominal pain, nausea, and vomiting. A CT scan was ordered and performed, such reflecting findings of "... a severely diseased sigmoid colon with underlying diverticular burden and a stricture". Mr. Del Toro was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Based on Dr. Fiechtner's assessment and CT scan findings, Mr. Del Toro was admitted for further treatment and evaluation. On December 16, 2011, Mr. Del Toro was seen in consultation by Defendant Cárcamo and Defendant Botla. Defendants, singularly or collectively, developed a plan for a colonoscopy. On the evening of December 17, 2011, Defendant Cárcamo and/or Defendant Botla ordered, and Mr. Del Toro was administered, GoLYTELY for gastrointestinal prep prior to colonoscopy. Shortly thereafter, he began having worsening abdominal pain throughout the evening with vomiting. On

2

T:\Cases\Del Toro.120A\Pleadings\Petition-AML.docx

December 18, 2011 at approximately 5:00 o'clock a.m., Mr. Del Toro had worsening and change in the quality of his pain. He was sent emergently for a CT of the abdomen and pelvis which revealed the presence of free air consistent with perforation of a hollow viscus. Defendant Cárcamo was called and Mr. Del Toro was emergently taken to the operating room on December 18, 2011. Defendant Cárcamo immediately performed a right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann pouch and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another surgery by Defendant Cárcamo for washout and wound VAC change. Mr. Del Toro remained hospitalized until December 30, 2011. Thereafter, Mr. Del Toro necessitated two additional corrective surgeries.

The complications associated from the perforation of his colon caused Mr. Del Toro severe physical pain and mental anguish, physical impairment, disfigurement, and financial losses. Although Defendants clearly knew of the obstruction of the colon based on the CT findings, Defendant Cárcamo and/or Defendant Boila ordered GoLYTELY which is contraindicated in a patient suspected of having gastrointestinal obstruction.

## V.
## NEGLIGENCE OF DEFENDANT CÁRCAMO

Defendant Cárcamo owed a general duty of care to Salvador Del Toro, Jr., to provide health care, attention and/or treatment as a reasonably prudent physician would have under the same or similar circumstances. Such duty required that said Defendant Cárcamo render health care in conformity with the minimum applicable standard of care for a person under the same or similar circumstances as Salvador Del Toro, Jr. Said Defendant breached that duty by engaging in the following acts and/or omissions to act, such constituting negligence:

3

1. failing to appropriately treat Mr. Del Toro for a severe diseased sigmoid colon with diverticular burden and stricture;

2. failing to consider alternative surgical interventions for Mr. Del Toro who was suspected of having a gastrointestinal obstruction;

3. ordering GoLYTELY to prepare his colon for a colonoscopy which is contraindicated in a patient suspected of having a gastrointestinal obstruction; and

4. failing to otherwise provide medical attention, care and/or treatment to a patient in the same or similar condition in accordance with the applicable standard of care.

Such acts and/or omissions to act, whether taken singularly or collectively, constitute a direct and proximate cause of the injuries and damages of Salvador Del Toro, Jr. for which he seeks recovery.

## VI.
## NEGLIGENCE OF DEFENDANT BOTLA

Defendant Botla owed a general duty of care to Salvador Del Toro, Jr., to provide health care, attention and/or treatment as a reasonably prudent physician would have under the same or similar circumstances. Such duty required that said Defendant Botla render health care in conformity with the minimum applicable standard of care for a person under the same or similar circumstances as Salvador Del Toro, Jr. Said Defendant breached that duty by engaging in the following acts and/or omissions to act, such constituting negligence:

1. failing to appropriately treat Mr. Del Toro for a severe diseased sigmoid colon with diverticular burden and stricture;

2. failing to consider alternative surgical interventions for Mr. Del Toro who was suspected of having a gastrointestinal obstruction;

3. ordering GoLYTELY to prepare his colon for a colonoscopy which is contraindicated in a patient suspected of having a gastrointestinal obstruction; and

T:\Cases\Del Toro.1204\Pleadings\Petition-AM1.docx

4. failing to otherwise provide medical attention, care and/or treatment to a patient in the same or similar condition in accordance with the applicable standard of care.

Such acts and/or omissions to act, whether taken singularly or collectively, constitute a direct and proximate cause of the injuries and damages of Salvador Del Toro, Jr. for which he seeks recovery.

## VII.
## DAMAGES

As a direct and proximate cause of the negligence of Defendants, Salvador Del Toro, Jr. has suffered injuries, including severe physical and mental pain and anguish and disfigurement, which based upon a reasonable degree of medical probability, he will continue to suffer for many years in the future, if not for the balance of his natural life. Additionally, Mr. Del Toro suffered physical impairment and a loss of enjoyment of life which, based upon a reasonable degree of medical probability, he will continue to suffer in the future. Furthermore, he has sustained a loss of income and/or loss wage earning capacity. As a result of his injuries, Mr. Del Toro has also incurred substantial reasonable medical and other health care expenses for necessary medical and health care and, based upon a reasonable degree of medical probability, he will continue to incur reasonable expenses for necessary medical and health care in the future.

## VIII.
## NOTICE

Plaintiff would further show that on or about June 11, 2013, more than sixty (60) days prior to filing of this cause, he provided written notice of said claim by certified mail return receipt requested to Defendant Carcamo. Plaintiff otherwise fully complied with the notice provisions pursuant to Chapter 74.051(a) of the Texas Civil Practices & Remedies Code. A true and correct

5

copy of said notice is attached hereto marked as Exhibit "A" and is incorporated herein by reference for all purposes.

The statute of limitations prohibited the providing of written notice of said claim to Defendant Botla.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Salvador Del Toro, Jr. respectfully prays that Defendant Botla be cited to appear and answer herein and that, upon final trial, Plaintiff have and recover judgment in his favor against Defendants, jointly and severally, for the following:

1.    actual damages within the jurisdictional limits of this Court;

2.    pre-judgment and post-judgment interest at the maximum rate allowed by law;

3.    costs of suit; and

4.    such other and further relief at law or in equity, general or special, to which Plaintiff may be justly entitled.

Respectfully submitted,

MAUZE LAW FIRM
2632 Broadway, Suite 401S
San Antonio, Texas 78215
Telephone: 210.225.6262
Facsimile: 210.354.3909

By: _____
George W. Mauze, II
TBC #13238800

ATTORNEY FOR PLAINTIFF

6

T:\Cases\Del Toro.1204\Pleadings\Petition-AM1.docx

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2014, a true and correct copy of Plaintiff's First Amended Original Petition has been sent by via fax and regular mail to:

Mr. W. Richard Wagner, Esq.
Wagner Cario, LLP
7718 Broadway, Suite 100
San Antonio, TX 78209

George W. Mauze, II

T:\Cases\Del Toro.1204\Pleadings\Petition-AM1.docx

# MAUZÉ LAW FIRM

GEORGE W. MAUZÉ, II, ATTORNEY

2632 BROADWAY
SUITE 401 South
SAN ANTONIO, TEXAS 78215
TELEPHONE 210.226.8282
FACSIMILE 210.354.3909
EMAIL gmauze@mauzelawfirm.com
WWW.MAUZELAWFIRM.COM

June 11, 2013

PERSONAL & CONFIDENTIAL          CMRRR #7012-3050-0002-3901-1372
Gerardo E. Cárcamo, M.D.
414 Navarro, Suite 810
San Antonio, TX 78205

Re:    Salvador Del Toro, Jr.

Dear Dr. Cárcamo:

Please be advised that our law firm has been retained by Salvador Del Toro, Jr. to represent him in any and all claims he may have against you arising from the facts stated herein.

On or about December 15, 2011, Mr. Del Toro was admitted to Nix Hospital after being evaluated by Dr. James Lackey with the Riverwalk Clinic for increased lower abdominal pain, nausea, and vomiting. After a CT scan obtained by the Riverwalk Clinic showed findings of ". . . , a severely diseased sigmoid colon with underlying diverticular burden and a stricture," he was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Based on Dr. Fiechtner's assessment and CT scan findings, Mr. Del Toro was admitted for further treatment and evaluation and discussed the patient's case with you. On December 16, 2011 Mr. Del Toro was seen in consultation by you. On the evening of December 17, 2011, you ordered and Mr. Del Toro was given GoLYTELY for gastrointestinal prep prior to colonoscopy. Shortly thereafter, he began having worsening abdominal pain throughout the evening with vomiting. On December 18, 2011 at approximately 5:00 o'clock a.m., Mr. Del Toro had worsening and change in the quality of his pain. He was sent emergently for a CT of the abdomen and pelvis which revealed the presence of free air consistent with perforation of a hollow viscus. You were called and Mr. Del Toro was emergently taken to the operating room on December 18, 2011. Due to the perforation of his colon, you immediately performed a right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann pouch and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another surgery by you for washout and wound VAC change. Mr. Del Toro remained hospitalized until December 30, 2011. Since then, Mr. Del Toro has necessitated frequent medical attention, necessitated and undergone two additional corrective surgeries.

The complications associated from the perforation of his colon which you "expected", have caused him severe pain and mental anguish, severe discomfort, disfigurement, and financial hardship. Although, you clearly knew of his partial obstruction in his colon based on the CT findings, you ordered GoLYTELY which is contraindicated in a patient suspected of having gastrointestinal obstruction. You further state in your December 18, 2011, operative report, that "Unfortunately he was unable to have a bm 'as expected' and he perforated.".



EXHIBIT 4

The foregoing acts and omissions to act constitute negligence. As a result of such negligence, Mr. Del Toro has suffered severe medical complications associated with his perforated colon.

In accordance with Chapter 74.051(a) of the Texas Civil Practices & Remedies Code, this letter constitutes your sixty (60) days notice that Salvador Del Toro, Jr. intends to assert health care liability claims against you. If this matter is not resolved within sixty (60) days, then a lawsuit will be filed.

In an effort to settle this claim without the necessity of filing a lawsuit, my client hereby tenders an offer of settlement to you in the amount of Eight Hundred Thousand Dollars ($800,000.00), such consisting of $250,000.00 for noneconomic damages plus economic damages including loss of income, and health care expenses in the amount of $550,000.00.

Attached hereto is a release for medical records in accordance with §74.052 of the Texas Civil Practice & Remedies Code. Additionally, please accept this letter as our request for copies of any and all medical records, diagnostic studies, whether digital, or film. Enclosed herewith is a HIPAA release authorizing you to provide true, correct, and complete copies of same.

The standard professional liability insurance policy requires that the insured promptly give the insurance carrier notice of any claim. If you or your insurance carrier wish to discuss an amicable and expedient resolution of this claim, then please do not hesitate to give me a call.

Very truly yours,

George W. Mauze, II

GWM/ag
enclosures
xc:    Mr. Salvador Del Toro, Jr.



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  *Gerardo E. Abreu*

Street, Apt. No.; or PO Box No.  *M.D.*

City, State, ZIP+4

English          Customer Service          USPS Mobile                                              Register / Sign In

# USPS.COM

Search USPS.com or Track Packages

Quick Tools
Track & Confirm
Enter up to 10 Tracking #/Find
Find USPS Locations
Buy Stamps
Schedule a Pickup
Find a ZIP Code™
Hold Mail
Change of Address

## Track & Confirm

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
|  |  | Processed through USPS Sort Facility | June 15, 2013, 8:34 am | SAN ANTONIO, TX 78284 | Certified Mail™ |
|  |  | Depart USPS Sort Facility | June 14, 2013 | SAN ANTONIO, TX 78284 |  |
|  |  | Processed through USPS Sort Facility | June 14, 2013, 8:40 pm | SAN ANTONIO, TX 78284 |  |

### Check on Another Item

What's your label (or receipt) number?

**LEGAL**
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

**ON USPS.COM**
Government Services
Buy Stamps & Shop
Print a Label with Postage
Customer Service
Delivering Solutions to the Last Mile
Site Index

**ON ABOUT.USPS.COM**
About USPS Home
Newsroom
Mail Service Updates
Forms & Publications
Careers

**OTHER USPS SITES**
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer

Copyright © 2013

Exhibit 'C'

FILED
4/8/2014 2:17:44 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Brenda Carrillo

CAUSE NO: 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 131st JUDICIAL DISTRICT |
| | § | |
| | § | |
| GERARDO E. CÁRCAMO, M.D. AND | § | |
| RAVI BOTLA, M.D. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Salvador Del Toro, Jr. (hereinafter referred to as "Plaintiff") and files this Second Amended Original Petition complaining of Gerardo E. Cárcamo, M.D. (hereinafter referred to as "Defendant Cárcamo") and Ravi Botla, M.D. (hereinafter referred to as "Defendant Botla")(hereinafter collectively referred to as "Defendants") and for cause of action would show unto this Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Tex. R. Civ. P. 190, discovery in this case is intended to be conducted under Level 3.

### II.
### PARTIES

Plaintiff, Salvador Del Toro, Jr., at all times relevant to this lawsuit, has been an individual residing in Del Rio, Val Verde County, Texas.

Defendant, Gerardo E. Cárcamo, M.D., is, and at all times relevant to this lawsuit has been, a physician duly licensed to practice medicine in the State of Texas and resides in Bexar County, Texas. Said Defendant has appeared and answered herein.

1

T:\Cases\Del Toro.1204\Pleadings\Petition-AM2.docx

Defendant, Ravi Botla, M.D., is, and at all times relevant to this lawsuit has been, a physician duly licensed to practice medicine in the State of Texas and resides in Bexar County, Texas. Said Defendant has appeared and answered herein.

## III.
## VENUE AND JURISDICTION

This Court has jurisdiction of this cause because the damages sought are within the jurisdictional limits of this Court. Venue is proper in Bexar County, Texas in that such is the county in which the events giving rise to this claim occurred.

## IV.
## FACTUAL BACKGROUND

This lawsuit is founded upon medical negligence committed by Defendants.

On or about December 15, 2011, Mr. Del Toro presented himself to Dr. James Lackey for increased lower abdominal pain for 3 – 4 days, nausea, and vomiting. He was fatigued and had not been eating or taking many fluids. He had a history of diverticulitis and hospitalizations for acute diverticulitis, the most recent approximately 1 month prior. A CT scan was ordered and performed, such reflecting findings of ". . . a severely diseased sigmoid colon with underlying diverticular burden and a stricture". Mr. Del Toro was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Dr. Fiechtner noted he was in mild distress with pain, his abdomen was distended, and bowel sounds were hypoactive. She reviewed the CT scan and noted the stricture is of particular concern because it appears to be partially obstructing the colon. Based on Dr. Fiechtner's assessment and CT review, Mr. Del Toro was admitted for further treatment and evaluation. On December 16, 2011, Mr. Del Toro was seen in consultation by Defendant Cárcamo who recommended a plan for surgery – either laparoscopic or possible open

2

colon resection with possible colostomy placement. Mr. Del Toro agreed to the surgery but wanted it performed by a surgeon in Austin who had previously performed surgeries on family members. After the hospital inquired with the surgeon in Austin and discovered he would not be available until Monday, Mr. Del Toro requested surgery that day by Defendant Cárcamo. Defendant Cárcamo had left the hospital already and informed the nursing staff that he would see Mr. Del Toro the next morning. The next morning, Defendant Botla, a gastroenterologist, consulted with Mr. Del Toro. He recommended a colonoscopy. Mr. Del Toro refused the colonoscopy and again expressed his decision to proceed with the surgery recommended by Defendant Cárcamo. Defendant Cárcamo spoke to Mr. Del Toro who again expressed his decision to proceed with the recommended surgery, but Defendant Cárcamo changed his plan and now recommended Mr. Del Toro proceed first with a colonoscopy. He explained the "importance of colonoscopy" and persuaded Mr. Del Toro to consent. Defendants consulted each other regarding the plan for a colonoscopy. Defendant Botla ordered, and Mr. Del Toro was administered, GoLYTELY for gastrointestinal prep prior to colonoscopy. He did not have a bowel movement after the GoLYTELY was administered. Shortly thereafter, Mr. Del Toro began complaining of severe pain to his abdomen. Both Defendants were notified. Mr. Del Toro's abdominal pain worsened to a scale of 10 out of 10, he began crying, and was very upset. He suffered severe pain for the next 12 hours. A CT scan was ordered STAT the following morning of December 18, 2011. It revealed the presence of free air, such indicative of a perforated colon. He was emergently taken to the operating room and Defendant Cárcamo performed an exploratory laparotomy. He found a perforation in the right colon, fecal contamination of the peritoneum which had progressed to peritonitis and sepsis, and he performed a right hemicolectomy (necessitated because of the perforated colon from the colon prep), sigmoidectomy

3

(necessitated because of the diverticulitis, stricture, and obstruction), and end-colostomy with Hartmann pouch (necessitated because of the sigmoidectomy) and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another exploratory laparotomy, drainage of an intra-abdominal abscess, colostomy revision, placement of wound VAC, and refill of ONQ pump. Mr. Del Toro remained hospitalized until December 30, 2011. He was re-admitted in February 2012 and on February 17, 2012, Dr. Cárcamo performed laparoscopic adhesiolysis and a cholecystectomy. Mr. Del Toro again was admitted to the hospital in March 2012 and Dr. Cárcamo performed another laparoscopic adhesiolysis, laparoscopic splenic flexure takedown, laparoscopic colostomy reversal, and parastomal hernia repair.

## V.
## NEGLIGENCE OF DEFENDANT CÁRCAMO

Defendant Cárcamo owed a general duty of care to Salvador Del Toro, Jr., to provide health care, attention and/or treatment as a reasonably prudent general surgeon would have under the same or similar circumstances. Such duty required that said Defendant Cárcamo render health care in conformity with the minimum applicable standard of care for a person under the same or similar circumstances as Salvador Del Toro, Jr. Said Defendant breached that duty by engaging in the following acts and/or omissions to act, such constituting negligence:

1. failing to appropriately treat Mr. Del Toro for a severe diseased sigmoid colon with diverticular burden, stricture, and obstruction;

2. recommending a colonoscopy which requires colon preparation when such was contraindicated because of the suspected gastrointestinal obstruction;

3. failing to timely intervene surgically after Mr. Del Toro had a known colon perforation, such delay resulting in severe infection and further injuries; and

4

4. failing to otherwise provide medical attention, care and/or treatment to a patient in the same or similar condition in accordance with the applicable standard of care.

Such acts and/or omissions to act, whether taken singularly or collectively, constitute a direct and proximate cause of the injuries and damages of Salvador Del Toro, Jr. for which he seeks recovery.

## VI.
## NEGLIGENCE OF DEFENDANT BOTLA

Defendant Botla owed a general duty of care to Salvador Del Toro, Jr., to provide health care, attention and/or treatment as a reasonably prudent internal medicine physician/gastroenterologist would have under the same or similar circumstances. Such duty required that said Defendant Botla render health care in conformity with the minimum applicable standard of care for a person under the same or similar circumstances as Salvador Del Toro, Jr. Said Defendant breached that duty by engaging in the following acts and/or omissions to act, such constituting negligence:

1. recommending a colonoscopy, which requires colon preparation, when it was known that Mr. Del Toro had severe sigmoid disease, stricture, and obstruction;

2. ordering GoLYTELY to prepare his colon for a colonoscopy which is contraindicated in a patient suspected of having a gastrointestinal obstruction; and

3. failing to otherwise provide medical attention, care and/or treatment to a patient in the same or similar condition in accordance with the applicable standard of care.

Such acts and/or omissions to act, whether taken singularly or collectively, constitute a direct and proximate cause of the injuries and damages of Salvador Del Toro, Jr. for which he seeks recovery.

5

# VII.
## DAMAGES

As a direct and proximate cause of the negligence of Defendants, Salvador Del Toro, Jr. has suffered injuries, including severe physical and mental pain and anguish which based upon a reasonable degree of medical probability, he will continue to suffer for many years in the future, if not for the balance of his natural life. Additionally, Mr. Del Toro suffered physical impairment and a loss of enjoyment of life which, based upon a reasonable degree of medical probability, he will continue to suffer in the future. Furthermore, he has sustained a loss of income and/or loss wage earning capacity. As a result of his injuries, Mr. Del Toro has also incurred substantial reasonable medical and other health care expenses for necessary medical and health care and, based upon a reasonable degree of medical probability, he will continue to incur reasonable expenses for necessary medical and health care in the future.

# VIII.
## NOTICE

Plaintiff would further show that on or about June 11, 2013, more than sixty (60) days prior to filing of this cause, he provided written notice of said claim by certified mail return receipt requested to Defendant Cárcamo. Plaintiff otherwise fully complied with the notice provisions pursuant to Section 74.051(a) of the Texas Civil Practices & Remedies Code. A true and correct copy of said notice is attached hereto marked as Exhibit "A" and is incorporated herein by reference for all purposes.

The statute of limitations prohibited the providing of written notice of said claim to Defendant Botla.

6

WHEREFORE, PREMISES CONSIDERED, Plaintiff Salvador Del Toro, Jr. respectfully prays that, upon final trial, Plaintiff have and recover judgment in his favor against Defendants, jointly and severally, for the following:

1. actual damages within the jurisdictional limits of this Court;

2. pre-judgment and post-judgment interest at the maximum rate allowed by law;

3. costs of suit; and

4. such other and further relief at law or in equity, general or special, to which Plaintiff may be justly entitled.

Respectfully submitted,

MAUZÉ LAW FIRM
2632 Broadway, Suite 401S
San Antonio, Texas 78215
Telephone: 210.225.6262
Facsimile: 210.354.3909

By: _____
George W. Mauzé, II
TBC #13238800
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2014, a true and correct copy of Plaintiff's Second Amended Original Petition has been sent by via fax and regular mail to:

Mr. W. Richard Wagner, Esq.
Wagner Cario, LLP
7718 Broadway, Suite 100
San Antonio, TX 78209

Mr. Brett B. Rowe, Esq.
Evans, Rowe & Holbrook, P.C.
10101 Reunion Place, Suite 900
San Antonio, TX 78216

_____
George W. Mauzé, II

7

# MAUZÉ LAW FIRM

GEORGE W. MAUZÉ, II, ATTORNEY

2632 BROADWAY
SUITE 401 South
SAN ANTONIO, TEXAS 78215
TELEPHONE 210.225.6262
FACSIMILE 210.354.3909
EMAIL: gmauze@mauzelawfirm.com
WWW.MAUZELAWFIRM.COM

June 11, 2013

**PERSONAL & CONFIDENTIAL**                   CMRRR #7012-3050-0002-3901-1372
Gerardo E. Cárcamo, M.D.
414 Navarro, Suite 810
San Antonio, TX  78205

Re:     Salvador Del Toro, Jr.

Dear Dr. Cárcamo:

Please be advised that our law firm has been retained by Salvador Del Toro, Jr. to represent him in any and all claims he may have against you arising from the facts stated herein.

On or about December 15, 2011, Mr. Del Toro was admitted to Nix Hospital after being evaluated by Dr. James Lackey with the Riverwalk Clinic for increased lower abdominal pain, nausea, and vomiting. After a CT scan obtained by the Riverwalk Clinic showed findings of ". . . a severely diseased sigmoid colon with underlying diverticular burden and a stricture," he was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Based on Dr. Fiechtner's assessment and CT scan findings, Mr. Del Toro was admitted for further treatment and evaluation and discussed the patient's case with you. On December 16, 2011 Mr. Del Toro was seen in consultation by you. On the evening of December 17, 2011, you ordered and Mr. Del Toro was given GoLYTELY for gastrointestinal prep prior to colonoscopy. Shortly thereafter, he began having worsening abdominal pain throughout the evening with vomiting. On December 18, 2011 at approximately 5:00 o'clock a.m., Mr. Del Toro had worsening and change in the quality of his pain. He was sent emergently for a CT of the abdomen and pelvis which revealed the presence of free air consistent with perforation of a hollow viscus. You were called and Mr. Del Toro was emergently taken to the operating room on December 18, 2011. Due to the perforation of his colon, you immediately performed a right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann pouch and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another surgery by you for washout and wound VAC change. Mr. Del Toro remained hospitalized until December 30, 2011. Since then, Mr. Del Toro has necessitated frequent medical attention, necessitated and undergone two additional corrective surgeries.

The complications associated from the perforation of his colon which you "expected", have caused him severe pain and mental anguish, severe discomfort, disfigurement, and financial hardship. Although, you clearly knew of his partial obstruction in his colon based on the CT findings, you ordered GoLYTELY which is contraindicated in a patient suspected of having gastrointestinal obstruction. You further state in your December 18, 2011, operative report, that "Unfortunately he was unable to have a bm 'as expected' and he perforated.".



EXHIBIT
A

The foregoing acts and omissions to act constitute negligence. As a result of such negligence, Mr. Del Toro has suffered severe medical complications associated with his perforated colon.

In accordance with Chapter 74.051(a) of the Texas Civil Practices & Remedies Code, this letter constitutes your sixty (60) days notice that Salvador Del Toro, Jr. intends to assert health care liability claims against you. If this matter is not resolved within sixty (60) days, then a lawsuit will be filed.

In an effort to settle this claim without the necessity of filing a lawsuit, my client hereby tenders an offer of settlement to you in the amount of Eight Hundred Thousand Dollars ($800,000.00), such consisting of $250,000.00 for noneconomic damages plus economic damages including loss of income, and health care expenses in the amount of $550,000.00.

Attached hereto is a release for medical records in accordance with §74.052 of the Texas Civil Practice & Remedies Code. Additionally, please accept this letter as our request for copies of any and all medical records, diagnostic studies, whether digital, or film. Enclosed herewith is a HIPAA release authorizing you to provide true, correct, and complete copies of same.

The standard professional liability insurance policy requires that the insured promptly give the insurance carrier notice of any claim. If you or your insurance carrier wish to discuss an amicable and expedient resolution of this claim, then please do not hesitate to give me a call.

Very truly yours,

George W. Mauzé, II

GWM/ag
enclosures
xc: Mr. Salvador Del Toro, Jr.

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To *Gerardo E. Carcamo M.D.*

Street, Apt. No.; or PO Box No.

City, State, ZIP+4



Search USPS.com or Track Packages

Quick Tools
Track & Confirm
Enter up to 10 Tracking #:Find
Find USPS Locations
Buy Stamps
Schedule a Pickup
Calculate a Price
Find a ZIP Code™
Hold Mail
Change of Address

# Track & Confirm

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| | | Processed through USPS Sort Facility | June 15, 2013, 4:34 am | SAN ANTONIO, TX 78284 | Certified Mail™ |
| | | Depart USPS Sort Facility | June 14, 2013 | SAN ANTONIO, TX 78284 | |
| | | Processed through USPS Sort Facility | June 14, 2013, 9:40 pm | SAN ANTONIO, TX 78284 | |

## Check on Another Item

What's your label (or receipt) number?

LEGAL

Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

ON USPS.COM

Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

ON ABOUT.USPS.COM

About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

OTHER USPS SITES

Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Exhibit 'D'

# MAUZÉ LAW FIRM

GEORGE W. MAUZÉ, II, ATTORNEY

2632 BROADWAY
SUITE 401 South
SAN ANTONIO, TEXAS 78215
TELEPHONE 210.226.8282
FACSIMILE 210.354.3909
EMAIL: gmauze@mauzelawfirm.com
WWW.MAUZELAWFIRM.COM

June 11, 2013

PERSONAL & CONFIDENTIAL            CMRRR #7012-3050-0002-3901-1372
Gerardo E. Cárcamo, M.D.
414 Navarro, Suite 810
San Antonio, TX 78205

Re:     Salvador Del Toro, Jr.

Dear Dr. Cárcamo:

Please be advised that our law firm has been retained by Salvador Del Toro, Jr. to represent him in any and all claims he may have against you arising from the facts stated herein.

On or about December 15, 2011, Mr. Del Toro was admitted to Nix Hospital after being evaluated by Dr. James Lackey with the Riverwalk Clinic for increased lower abdominal pain, nausea, and vomiting. After a CT scan obtained by the Riverwalk Clinic showed findings of ". . . a severely diseased sigmoid colon with underlying diverticular burden and a stricture," he was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Based on Dr. Fiechtner's assessment and CT scan findings, Mr. Del Toro was admitted for further treatment and evaluation and discussed the patient's case with you. On December 16, 2011 Mr. Del Toro was seen in consultation by you. On the evening of December 17, 2011, you ordered and Mr. Del Toro was given GoLYTELY for gastrointestinal prep prior to colonoscopy. Shortly thereafter, he began having worsening abdominal pain throughout the evening with vomiting. On December 18, 2011 at approximately 5:00 o'clock a.m., Mr. Del Toro had worsening and change in the quality of his pain. He was sent emergently for a CT of the abdomen and pelvis which revealed the presence of free air consistent with perforation of a hollow viscus. You were called and Mr. Del Toro was emergently taken to the operating room on December 18, 2011. Due to the perforation of his colon, you immediately performed a right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann pouch and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another surgery by you for washout and wound VAC change. Mr. Del Toro remained hospitalized until December 30, 2011. Since then, Mr. Del Toro has necessitated frequent medical attention, necessitated and undergone two additional corrective surgeries.

The complications associated from the perforation of his colon which you "expected", have caused him severe pain and mental anguish, severe discomfort, disfigurement, and financial hardship. Although you clearly knew of his partial obstruction in his colon based on the CT findings, you ordered GoLYTELY which is contraindicated in a patient suspected of having gastrointestinal obstruction. You further state in your December 18, 2011, operative report, that "Unfortunately he was unable to have a bm 'as expected' and he perforated.".



EXHIBIT
A

The foregoing acts and omissions to act constitute negligence. As a result of such negligence, Mr. Del Toro has suffered severe medical complications associated with his perforated colon.

In accordance with Chapter 74.051(a) of the Texas Civil Practices & Remedies Code, this letter constitutes your sixty (60) days notice that Salvador Del Toro, Jr. intends to assert health care liability claims against you. If this matter is not resolved within sixty (60) days, then a lawsuit will be filed.

In an effort to settle this claim without the necessity of filing a lawsuit, my client hereby tenders an offer of settlement to you in the amount of Eight Hundred Thousand Dollars ($800,000.00), such consisting of $250,000.00 for noneconomic damages plus economic damages including loss of income, and health care expenses in the amount of $550,000.00.

Attached hereto is a release for medical records in accordance with §74.052 of the Texas Civil Practice & Remedies Code. Additionally, please accept this letter as our request for copies of any and all medical records, diagnostic studies, whether digital, or film. Enclosed herewith is a HIPAA release authorizing you to provide true, correct, and complete copies of same.

The standard professional liability insurance policy requires that the insured promptly give the insurance carrier notice of any claim. If you or your insurance carrier wish to discuss an amicable and expedient resolution of this claim, then please do not hesitate to give me a call.

Very truly yours,

George W. Mauze, II

GWM/ag
enclosures
xc: Mr. Salvador Del Toro, Jr.

Exhibit 'E'

## AUTHORIZATION FORM FOR RELEASE OF PROTECTED HEALTH INFORMATION PURSUANT TO TEX. CIV. PRAC. & REM. CODE, CHAPTER 74 § 74.052

A.    I, **Salvador Del Toro, Jr.** (name of patient or authorized representative), hereby authorize **Gerardo E. Cárcamo, M.D.** (name of physician or other health care provider to whom the notice of health care claim is directed) to obtain and disclose (within the parameters set out below) to **Mauzé Law Firm** the protected health information described below for the following specific purposes:

1. To facilitate the investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim; or
2. Defense of any litigation arising out of the claim made the basis of the accompanying Notice of Health Care Claim.

B.    The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

1. The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated Salvador Del Toro, Jr. (patient) in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim:

   Nix Hospital, 414 Navarro, San Antonio, TX 78205
   Gerardo E. Cárcamo, M.D., 414 Navarro, Suite 830, San Antonio, TX 78205

   This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine, or treat Salvador Del Toro, Jr. (patient) for injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim; and

2. The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated Salvador Del Toro, Jr. (patient) during a period commencing five years prior to the incident made the basis of the accompanying Notice of Health Care Claim:

   Riverwalk Clinic, 414 Navarro, Suite 809, San Antonio, TX 78205
   Val Verde Regional Medical Center, 801 Bedell Avenue, Del Rio, TX 78840
   Antonio Cadena, M.D., 2201 North Bedell, Suite A, Del Rio, TX 78840

C.    Excluded Health Information—the following constitutes a list of physicians or health care providers possessing health care information concerning Salvador Del Toro, Jr. (patient) to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or to the physical, mental, or emotional condition of Salvador Del Toro, Jr. (patient) arising out of the claim made the

basis of the accompanying Notice of Health Care Claim: NONE.

D. The persons or class of persons to whom the health information of Salvador Del Toro, Jr. (patient) will be disclosed or who will make use of said information are:

1. Any and all physicians or health care providers providing care or treatment to Salvador Del Toro, Jr. (patient);

2. Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of Salvador Del Toro, Jr. (patient);

3. Any consulting or testifying experts employed by or on behalf of **Gerardo E. Cárcamo, M.D.** (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

4. Any attorneys (including secretarial, clerical, or paralegal staff) employed by or on behalf of **Gerardo E. Cárcamo, M.D.** (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization; and

5. Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of Salvador Del Toro, Jr. (patient).

E. This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the Notice of Health Care Claim accompanying this authorization, whichever occurs sooner.

F. I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and Remedies Code.

G. I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, or eligibility for health plan benefits.

H. I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPAA privacy regulations.

Signature of Patient:

_____
Salvador Del Toro, Jr.

Date: 6/7/13

Patient's Name: Salvador Del Toro, Jr.
Patient's D.O.B.: 12.25.1973
Patient's SSN: 451.77.9676

## AUTHORIZATION FORM RELEASE OF PROTECTED HEALTH INFORMATION

A.  I, Salvador Del Toro, Jr., hereby authorize **Gerardo E. Cárcamo, M.D.** to obtain and disclose to Mauzé Law Firm (within the parameters set out below) the protected health information described below for the following specific purposes:

  1.  To facilitate the investigation and evaluation of my potential claim for damages arising from injuries I have sustained.

B.  The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

  1.  The health information in the custody of the following physicians or health care providers who have examined, evaluated or treated Salvador Del Toro, Jr. in connection with the injuries alleged to have been sustained.

C.  The persons or class of persons to whom the health information of Salvador Del Toro, Jr. will be disclosed or who will make use of said information are:

  1.  Any and all physicians or health care providers providing care or treatment to Salvador Del Toro, Jr.;
  2.  Any liability insurance entity providing liability insurance coverage or defense to any person hereafter named as Defendant;
  3.  Any consulting or testifying experts employed by or on behalf of any person hereafter named as a Defendant;
  4.  Any attorneys (including secretarial, clerical, or paralegal staff) employed by or on behalf of any person hereafter named as a Defendant; and
  5.  Any trier of the law or facts relating to any suit filed seeking damages arising out of the injuries and damages sustained by Salvador Del Toro, Jr..

D.  I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and Remedies Code.

E.  I understand that the signing of this authorization is not a condition for continued Treatment, payment, enrollment, or eligibility for health plan benefits.

F.  I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPAA privacy regulations.

G.  This authorization will expire 12 months from the date of execution by the representative of the patient.

H.  Copies of this Authorization shall be deemed the same as the original. Also, facsimile copies or electronic versions of a signature of any party shall be deemed the same as the original.

Signature of Patient:

Date: __6/7/13__

_____
Salvador Del Toro, Jr.

Name of Patient:    Salvador Del Toro, Jr.
Patient's D.O.B.:   12.25.1973
Patient's SSN:      451.77.9676

Exhibit 'F'

CAUSE NO: 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 131st JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. AND | § | |
| RAVI BOTLA, M.D. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT RAVI BOTLA, M.D.'S FIRST REQUEST FOR PRODUCTION

TO:   Defendant Ravi Botla, M.D.,
by and through his attorney of record,
Mr. Brett B. Rowe, Esq.
Evans, Rowe & Holbrook, P.C.
10101 Reunion Place, Suite 900
San Antonio, Texas 78216

COMES NOW Plaintiff Salvador Del Toro, Jr. ("Plaintiff"), and serves his Objections and

Responses to Defendant Ravi Botla, M.D.'s First Request for Production.

Respectfully submitted,

MAUZÉ LAW FIRM
2632 Broadway, Suite 401S
San Antonio, Texas 78215
Tel: 210.225.6262
Fax: 210.354.3909

By: _____
George W. Mauzé, II
State Bar No. 13238800

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on _the 8th_ day of May, 2014, a true and correct copy of Plaintiff's Objections and Responses to Defendant Ravi Botla, M.D.'s First Request for Production has been sent by certified mail, return receipt requested, to:

Mr. W. Richard Wagner, Esq.  Mr. Brett B. Rowe, Esq.
Wagner Cario, LLP     Evans, Rowe & Holbrook, P.C.
7718 Broadway, Suite 100   10101 Reunion Place, Suite 900
San Antonio, TX 78209    San Antonio, TX 78216


George W. Mauzé, II

Plaintiff objects to the instructions and definitions to the extent that they would purport to alter, vary, or impose different obligations upon Plaintiff than those provided by law.

Plaintiff further objects to the definition of "documents" because such is overly broad and compliance with Defendant's discovery requests would be unduly burdensome.

REQUEST FOR PRODUCTION NO. 1: Please produce a copy of your birth certificate.

RESPONSE:
The following responsive document is attached hereto:
1.    Birth Certificate of Salvador Del Toro, Jr., bate-stamped MLF/Del Toro.0043.

REQUEST FOR PRODUCTION NO. 2: Please produce a copy of your social security card. In lieu of your social security card, you may identify the information that would appear on this card including: your full legal name and your social security number.

RESPONSE:
The following responsive document is attached hereto:
1.    Social Security card of Salvador Del Toro, Jr., bate-stamped MLF/Del Toro.0015.

REQUEST FOR PRODUCTION NO. 3: Please produce a copy of your driver's license.

RESPONSE:
The following responsive document is attached hereto:
1.    Texas Commercial Driver's License of Salvador Del Toro, Jr., bate-stamped MLF/Del Toro.0016.

REQUEST FOR PRODUCTION NO. 4: Please produce copies of any diplomas or documentation reflecting accomplishment of educational programs including any vocational educational training or certifications. In lieu of this information, you may identify the information contained in such documents including: the name of the institution, the degree or certificate obtained, and the date the degree or certificate was obtained.

RESPONSE:
In lieu of producing the responsive documents, Plaintiff would respond:

Obtained GED in 1992 from Eagle Pass High School.
Obtained Commercial Driver's License training in 2006 from Star Career Training.

REQUEST FOR PRODUCTION NO. 5: For any consulting expert whose impressions and opinions have been reviewed by a testifying expert, please provide the following:

1. All documents reflecting the expert's name, address, and phone number;
2. All documents reflecting the subject matter on which the expert opined;
3. All documents reflecting the facts known by the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case in which the discovery is sought, regardless of when and how the factual information was acquired;
4. All documents reflecting the expert's mental impressions and opinions formed or made in connection with the case in which discovery is sought, and any methods used to derive them;
5. All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert;
6. The expert's current resume and bibliography.

RESPONSE:
Plaintiff objects to said discovery request because pursuant to Rule 195.1 T.R.C.P. information regarding designated testifying experts is only available through a request for disclosure pursuant to Rule 194 of the T.R.C.P.

Subject to said objection, and without waiving same, none.

REQUEST FOR PRODUCTION NO. 6: Please produce a copy of each of your marriage licenses and copies of any divorce decrees.

RESPONSE:
The following responsive document is attached hereto:
1. Marriage License of Salvador Del Toro, Jr., bate-stamped MLF/Del Toro.0017 - 0018.

REQUEST FOR PRODUCTION NO. 7: Please produce copies of birth certificates for each of your children, including your natural, adopted, or stepchildren. If adopted, please provide adoption papers.

RESPONSE:
The following responsive documents are attached hereto:
1. Birth Certificate of Jakeb Ryan Del Toro, bate-stamped MLF/Del Toro.0019;
2. Birth Certificate of Kristofer Michael Del Toro, bate-stamped MLF/Del Toro.0020;
3. Birth Certificate of Emily Nycole Del Toro, bate-stamped MLF/Del Toro.0021; and
4. Birth Certificate of Megan Michelle Del Toro, bate-stamped MLF/Del Toro.0022.

REQUEST FOR PRODUCTION NO. 8: If you were not born in the United States, please produce copies of any papers authorizing your residence or work in the United States.

RESPONSE:
    N/A.

REQUEST FOR PRODUCTION NO. 9: If you are claiming past lost wages, future lost wages, diminishment of earning capacity or other employment related benefits, then please produce copies of all federal income tax returns and attached schedules filed by you or on your behalf within the past ten years.

RESPONSE:
    Plaintiff objects to said discovery request as overly broad.

    Plaintiff further object to providing income tax returns filed by Plaintiff as such are not relevant and/or reasonably calculated to lead to the discovery of admissible evidence, is harassing, and such request constitutes an invasion of Plaintiff's personal, privacy, and constitutional rights.

    Subject to said objections, and without waiving same, the following responsive documents are attached hereto:

1.    IRS, Wage and Income Transcript/Form W-2 Wage and Tax Statements for 2009, 2010, 2011, 2012, and 2013, bate-stamped MLF/Del Toro.0044 - 0049.

REQUEST FOR PRODUCTION NO. 10: If you are claiming to have incurred past loss of wages or income, or future loss of wages or income, or diminishment in your current or future earning capacity, then please produce copies of all employment applications made by you or on your behalf within the past ten years. If you do not have copies, you are specifically requested to contact those persons with whom you have made application and ask for a copy of your application. This request includes applications made since the date of the incident which is the subject of this lawsuit.

RESPONSE:
    Plaintiff objects to said discovery request as overly broad and beyond the scope of permissible evidence.

    Plaintiff objects to said discovery request because the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 11: If you are claiming any physical injury, please produce copies of all health, life or disability insurance applications made by you or on your behalf within the past ten years, including those made after the incident which is the subject of this lawsuit.

RESPONSE:
Plaintiff objects to said discovery request because the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and an invasion of his personal and/or property rights.

Subject to said objection, and without waiving same, none.

REQUEST FOR PRODUCTION NO. 12: Please produce copies of all medical expenses, invoices, charges and any other bills or expenses which you claim were incurred as result of the incident which is the subject of this lawsuit or for which you claim this defendant is legally responsible.

RESPONSE:
The following responsive documents have previously been produced:
1.      medical expenses from Nix Hospital for admissions 12.15.11, 2.17.12, 3.15.12, and 3.30.12, bate-stamped MLF/Del Toro/ME - Nix Hosp.0001 - 0039.

REQUEST FOR PRODUCTION NO. 13: Please produce any paper or writing or document which you claim is evidence of any claim you are making for lost income, lost wages, or loss of earning capacity.

RESPONSE:

Plaintiff objects to said discovery request as overly broad. Subject to said objection, and without waiving same:

The following responsive documents have previously been produced:
1.      medical records from Nix Hospital by affidavit, bate-stamped MLF/Del Toro/Nix Hosp.0001 - 0899;
2.      medical records from James Lackey, M.D./Alamo Medical Group by affidavit, bate-stamped (MLF)Lackey/ACMG.001 - 009; and
3.      medical records of Gerardo Cárcamo, M.D., bate-stamped (MLF)Carcamo.001 - 011.

The following responsive documents are contained on the CD attached hereto:
4.      medical records from Val Verde Regional Medical Center by affidavit, bate-stamped (MLF) Val Verde Hosp.0001 - 0243; and
5.      medical records from Antonio Cadena, M.D./Cadena Family Practice by affidavit, bate-stamped (MLF) MR - Cadena. 0001 - 0044.

The following responsive documents are attached hereto:

6.    IRS, Wage and Income Transcript/Form W-2 Wage and Tax Statements for 2009, 2010, 2011, 2012, and 2013, bate-stamped MLF/Del Toro.0044 - 0049.

REQUEST FOR PRODUCTION NO. 14: If you have been a party to any criminal, civil or workers compensation proceedings within the past ten years, then please produce copies of all pleadings or papers filed on your behalf in each proceeding.

RESPONSE:
    N/A.

REQUEST FOR PRODUCTION NO. 15: Please produce each statement made by, adopted by or otherwise attributable to this Defendant. The term "statement" includes tape recordings, writings, video recordings, documents or any recorded material allegedly made by, adopted by or attributable to this Defendant. For a further and additional definition of "statement" you are referred to T.R.C.P. 192.3(h).

RESPONSE:
    None other than those which may be contained in the medical records, pleadings, and deposition transcripts of depositions to be taken.

REQUEST FOR PRODUCTION NO. 16: Please produce all photographs, video tapes, sound recordings, models, drawings, illustrations, mock-ups, or reconstructions which relate to any of your allegations of liability or negligence or which relate to any of your allegations regarding damages. Without limiting the scope of this request, you are specifically requested to produce each photograph of any injury claimed by you, each "day in the life video-tape", each "this was his life before the injury video-tape" and similar materials.

RESPONSE:
    The following responsive photographs are attached hereto:
    1.    Nine (9) photographs of Salvador Del Toro, Jr., bate-stamped MLF/Del Toro.0023 - 0031.

REQUEST FOR PRODUCTION NO. 17: Please produce all writings or documentation which you claim supports your claim for any expense (medical or non-medical) not previously identified by you in your responses to these Requests for Production.

RESPONSE:
    None.

REQUEST FOR PRODUCTION NO. 18: If you submitted any of the medical expenses for which you now seek recovery in this lawsuit to any health, disability, life or other insurer for total or partial payment, then please produce copies of all correspondence between you and each insurer as well as all claim forms, proofs of loss and supporting documentation submitted to each insurer.

RESPONSE:
The following responsive documents are attached hereto:

1. Letter from Mauzé Law Firm to United Healthcare dated 1.20.14, bate-stamped MLF/Del Toro.0032 - 0034;
2. Letter from UMR (United Healthcare Co.) to Mauzé Law Firm dated 3.28.14, bate-stamped MLF/Del Toro.0035 - 0036;
3. Letter from Optum on behalf of United Healthcare to Mauzé Law Firm dated 4.1.14, bate-stamped MLF/Del Toro.0037 - 0038; and
4. Letter from Mauzé Law Firm to WebTPA, Inc. dated 2.4.14, bate-stamped MLF/Del Toro.0039 - 0041.

REQUEST FOR PRODUCTION NO. 19: Please produce all correspondence, claim forms or other documentation relating to any claim by you or on your behalf for Social Security benefits.

RESPONSE:
None.

REQUEST FOR PRODUCTION NO. 20: If you are claiming any physical injury or loss of wages or earning capacity, past or future, then please sign the attached medical authorization form; Form 4506-Request for Copy of Tax Return (Internal Revenue Service records); SSA 3288-Consent for Release of Information (Social Security Administration records); Authorization for Release of Employment Records, and produce the original of each.

RESPONSE:
Plaintiff objects to signing Defendant's medical authorization form because it is impermissibly overly broad and thereby constitutes an absolute waiver of Plaintiff's physician/patient privilege.

Plaintiff further objects to providing income tax returns filed by Plaintiff as such are not relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and such request constitutes an invasion of Plaintiff's personal, privacy, and constitutional rights.

Plaintiff further objects to signing Defendant's Social Security release of information because it is impermissibly overly broad and not relevant and/or reasonably calculated to lead to the discovery of admissible evidence.

Subject to said objections, and without waiving same, the following responsive documents are attached hereto:

1. Executed Chapter 74 Authorization to Release Health Information; and
2. Executed Authorization for Employer to Release Information.

**REQUEST FOR PRODUCTION NO. 21:** If you claim to have sustained any physical or mental injury, then please produce all medical, hospital or similar records reflecting any care, service, exam or consultation received by you from any health care provider SINCE the incident which forms the basis of your complaint against this defendant.

**RESPONSE:**

The following responsive documents have previously been produced:
1. medical records from Nix Hospital by affidavit, bate-stamped MLF/Del Toro/Nix Hosp.0001 - 0899;
2. medical records of Gerardo Cárcamo, M.D., bate-stamped (MLF)Carcamo.001 - 011;
3. medical expenses from Nix Hospital for admissions 12.15.11, 2.17.12, 3.15.12, and 3.30.12, bate-stamped MLF/Del Toro/ME - Nix Hosp.0001 - 0039.

The following responsive documents are contained on the CD attached hereto:
4. medical records from Val Verde Regional Medical Center by affidavit, bate-stamped (MLF) Val Verde Hosp.0001 - 0243; and
5. medical records from Antonio Cadena, M.D./Cadena Family Practice by affidavit, bate-stamped (MLF) MR - Cadena. 0001 - 0044.

**REQUEST FOR PRODUCTION NO. 22:** If you claim to have sustained any physical or mental injury, then please produce all medical, hospital or similar records reflecting any care, service, exam or consultation received by you from any health care provider within ten years BEFORE the incident which forms the basis of your complaint against this defendant.

**RESPONSE:**

Plaintiff objects to such discovery request insofar as it seeks medical information unrelated to the condition complained about and, thus, is overly broad, seeks irrelevant information, seeks information not reasonably calculated to lead to the discovery of admissible evidence, and seeks information which is privileged pursuant to T.R.E. 509.

Without waiving the foregoing objections, and subject to same, the following responsive documents have previously been produced:
1. medical records from James Lackey, M.D./Alamo Medical Group by affidavit, bate-stamped (MLF)Lackey/ACMG.001 - 009.

REQUEST FOR PRODUCTION NO. 23: Please produce all notice of claim letters or similar documents sent by you, or on your behalf to any person or organization including any doctor, hospital or health care provider. A notice of claim letter includes any letter or document purporting to place a person or organization on notice of a possible claim.
This request is not limited to letters to health care providers but also includes

- letters to drug companies,
- insurance companies

RESPONSE:
 The following responsive document has previously been produced insofar as it is attached as Exhibit A to Plaintiff's Second Amended Original Petition and all prior petitions:
 1. Notice letter dated 6.11.13 to Gerardo Cárcamo, M.D.

REQUEST FOR PRODUCTION NO. 24: Please produce all letters or documents relating to any communication by you (or on your behalf) to or from any person or organization (or the representative of any such person or organization including the insurer, attorney or any representative of any such person or organization) which you have ever contended could be responsible for any injury claimed by you.

Without limiting the scope of this request, it would include all letters, demands, negotiations, allegations or settlement related communications with potential or actual defendants or their insurers, or attorneys. It specifically includes all communications with persons or entities or their insurance company representatives who received Chapter 74 notice letters. It specifically includes any communications related to agreements, commitments, or understandings between the communicants during discovery or at trial.

RESPONSE:
 The following responsive document has previously been produced insofar as it is attached as Exhibit A to Plaintiff's Second Amended Original Petition and all prior petitions:
 1. Notice letter dated 6.11.13 to Gerardo Cárcamo, M.D.

 The following responsive document is attached hereto:
 2. Letter from American Physicians Insurance to George W. Mauze, II dated 6.18.13, bate-stamped MLF/Del Toro.0042.

REQUEST FOR PRODUCTION NO. 25: Please produce all medical literature, articles, journals, learned treatises, policies, procedures, books or other writings or documents (as that term is defined herein) which your experts will use or refer to at trial or your attorney will use to cross examine any of the witnesses.

RESPONSE:
 Plaintiff objects to producing documents in regards to experts not retained by Plaintiff including treating health care providers and Defendant's experts because the discovery

responsive from nonretained treating health care providers and Defendant's retained experts is not known to Plaintiff and/or is equally available to Defendant.

Plaintiff further objects to said discovery request because the information sought constitutes or contains attorney work product which is exempt from discovery pursuant to T.R.C.P. 192.5.

Plaintiff further objects to said discovery request because pursuant to Rule 195.1 T.R.C.P. information regarding designated testifying experts is only available through a request for disclosure pursuant to Rule 194 of the T.R.C.P.

REQUEST FOR PRODUCTION NO. 26: Please produce any diary, log or similar document made or kept by Plaintiff in connection with the incident which is the subject of this lawsuit or any of the events following the incident through to the present day.

RESPONSE:
None.

REQUEST FOR PRODUCTION NO. 27: Please produce all writings, recordings or other things which reflect or relate to any agreement with any party or former party to this case. This includes settlements, partial settlements, Mary Carter agreements, hi-low agreements, guaranty agreements, agreements regarding the use of witnesses, arguments or positions to be taken at trial, selection of the jury, withdrawal of witnesses, election for settlement credits, or any other understanding or deal.

RESPONSE:
None.

REQUEST FOR PRODUCTION NO. 28: Please produce all documents or things which you contend or suspect have been altered, modified, obliterated, destroyed or tampered with by any party or former party to this case of any physician, hospital or health care provider.

RESPONSE:
None.

REQUEST FOR PRODUCTION NO. 29: Please produce any communication with Medicare, Medicaid, or any other governmental agency or entity responsible for collection of these debts. This request specifically includes any documentation that would indicate what liens the government has on any settlement plaintiff(s) may receive in this case. Please sign the enclosed release for Medicare records. Please also provide a separate authorization for release of Medicaid records. (Please be advised that plaintiff should immediately contact Medicare and Medicaid to determine the amounts of any such liens. Settlement or a judgment cannot be funded unless and until plaintiff provides written proof that all governmental liens have been satisfied. Mediation will also be unsuccessful until plaintiff can prove the amounts of these government liens.)

RESPONSE:

Plaintiff objects to signing Defendant's release for Medicare records because Plaintiff is not a Medicare recipient.

Plaintiff further objects to signing an authorization for release for Medicaid records because Plaintiff is not a Medicaid recipient.

Subject to said objections, and without waiving same, the following responsive documents are attached hereto:

1. Letter from Mauzé Law Firm to United Healthcare dated 1.20.14, bate-stamped MLF/Del Toro.0032 - 0034;
2. Letter from UMR (United Healthcare Co.) to Mauzé Law Firm dated 3.28.14, bate-stamped MLF/Del Toro.0035 - 0036;
3. Letter from Optum on behalf of United Healthcare to Mauzé Law Firm dated 4.1.14, bate-stamped MLF/Del Toro.0037 - 0038; and
4. Letter from Mauzé Law Firm to WebTPA, Inc. dated 2.4.14, bate-stamped MLF/Del Toro.0039 - 0041.

REQUEST FOR PRODUCTION NO. 30: Please produce copies of all statements of any witness or person identified as having knowledge of relevant facts OR who may be called to testify at trial.

RESPONSE:

None other than those which may be contained in the medical records, pleadings, and deposition transcripts of depositions to be taken.

REQUEST FOR PRODUCTION NO. 31: Please produce all trial exhibits which may be offered into evidence or used at trial.

RESPONSE:

Plaintiff objects to said discovery request because the information sought is not within the scope of permissible discovery because there has not been a pretrial conference pursuant to Rule 166 T.R.C.P. or discovery control order pursuant to Rule 190.4 T.R.C.P. requiring disclosure of this information.

Plaintiff further objects to said discovery request because the information sought constitutes or contains attorney work product which is exempt from discovery pursuant to T.R.C.P. 192.5.

Plaintiff further objects to said discovery request because Defendant may not use same to require Plaintiff to marshal all of Plaintiff's available proof or the proof Plaintiff intends to offer at trial.

REQUEST FOR PRODUCTION NO. 32: Please produce a copy of the conditional payment letter from CMS.

RESPONSE:
None.

REQUEST FOR PRODUCTION NO. 33: In the event any plaintiff was attending school or any form of training or educational program at any time within 5 years of the incident made the basis of this lawsuit, then please produce copies of all documents reflecting the performance of each plaintiff in each school or program over the past 10 years. This includes all report or grade cards or evaluations of any plaintiff.

RESPONSE:
N/A.

REQUEST FOR PRODUCTION NO. 34: Pursuant to Rule 609(f), of the Texas Rules of Civil Evidence, please produce all evidence of a criminal conviction for this defendant or anyone plaintiff claims was an employee or agent of this defendant, which you will use as evidence in any examination of any witness.

RESPONSE:
None.

REQUEST FOR PRODUCTION NO. 35: Please produce a copy of any agreement, promise, contract or warranty of cure provided by this defendant related to the incident made the basis of this case.

RESPONSE:
None.

REQUEST FOR PRODUCTION NO. 36: Please timely produce a copy of any settlement demand or "Stower's Demand" made to any defendant. Please produce said documents at the time they are transmitted.

RESPONSE:
None.

REQUEST FOR PRODUCTION NO. 37: Please produce a copy of any Chapter 74 notice letters and the certified mail return receipt card (green card) for any notice letters sent within two years after the date of this incident.

RESPONSE:
The following responsive document has previously been produced insofar as it is attached as Exhibit A to Plaintiff's Second Amended Original Petition and all prior petitions:
1. Notice letter dated 6.11.13 to Gerardo Cárcamo, M.D. and Track and Confirm (proof of receipt) from USPS website. Green card was never returned to Plaintiff's counsel.

REQUEST FOR PRODUCTION NO. 38: Correspondence with witnesses or those who have knowledge of relevant facts: All letters, correspondence and any other documents from Plaintiff's counsel to an individual listed as a witness or person with knowledge of relevant facts about this case, and all letters, correspondence and any other document from any such person to Plaintiff's counsel.

RESPONSE:
Plaintiff objects to said discovery request because documents from Plaintiff's counsel to any person constitutes or contains attorney work product which is exempt from discovery pursuant to T.R.C.P. 192.5.

Subject to said objection, and without waiving same, none.

REQUEST FOR PRODUCTION NO. 39: Please produce a copy of a picture of the patient at or near the time of the incident. If there is no picture available at or near the time of the incident, then please produce a copy of a most recent picture of the patient.

RESPONSE:
The following responsive photographs are attached hereto:
1. Nine (9) photographs of Salvador Del Toro, Jr., bate-stamped MLF/Del Toro.0023 - 0031.

REQUEST FOR PRODUCTION NO. 40: If you received Medicare or Medicaid benefits, please produce a copy of your notification to the Texas Department of Human Services regarding this unsettled tort claim pursuant to Section 32.033 of the Texas Human Resources Code.

RESPONSE:
N/A.

REQUEST FOR PRODUCTION NO. 41: If you are or become a Medicare recipient, please complete the CMS form, pages 1 and 2, regarding your basic information.

RESPONSE:
　　None.

REQUEST FOR PRODUCTION NO. 42: Please produce an actual copy of the Medicare Health Insurance Claim Number (HICN) card. Submission of the number alone is not sufficient; a copy of the HICN card is required even if the claimant is deceased.

RESPONSE:
　　None.

Exhibit 'G'

FILED
12/16/2013 9:19:28 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

CAUSE NO. 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | § | JUDICIAL DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 131ST JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CARCAMO, M.D. | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## ORIGINAL ANSWER AND JURY DEMAND OF DEFENDANT, GERARDO CARCAMO, M.D. WITH REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, GERARDO CARCAMO, M.D., and files this his Original Answer to the Plaintiff's Petition, and in response thereto would respectfully show unto the Court the following:

I.

## GENERAL DENIAL

This Defendant denies generally the material allegations contained in Plaintiff's Petition saying that inasmuch as they are allegations of fact, Plaintiff should be required to prove them by a preponderance of the evidence to the jury, if the Plaintiff can do so.

## TO THE COURT ONLY

II.

## HEALTH CARE LIABILITY CLAIM GOVERNED BY CHAPTER 74 OF TCP&RC

Defendant affirmatively pleads that this lawsuit is a health care liability claim governed by Chapter 74 of the Texas Civil Practice & Remedies Code.

K:\WP\WRW\DelToroCarcamo\Pleadings\Defendant\Original Ans & JD of Def Carcamo.doc          1

III.

## INADEQUATE NOTICE

Defendant denies that Plaintiff provided appropriate notice pursuant to Chapter 74.051(a) of the Texas Civil Practices & Remedies Code in that Plaintiff's medical authorization only allows for the disclosure of pertinent medical records to the "Mauze Law Firm" not Defendant or his counsel. Therefore, Defendant pleads for abatement of this matter.

IV.

## LIMITATION OF CIVIL LIABILITY

Defendant continues to deny that he was in any way negligent in his care and treatment of Salvador Del Toro, Jr. or that the Plaintiff should recover damages from him; however, alternatively pleads the limitation on civil liability set forth in Tex. Civ. Prac. & Rem. Code §§ 74.301 - 74.303, as applicable.

V.

## MEDICAL BILLS PAID VERSUS INCURRED

Defendant continues to deny that he was in any way negligent in his care and treatment of Salvador Del Toro, Jr. or that the Plaintiff should recover damages from him; however, alternatively asserts that any medical or healthcare expenses sought by the Plaintiff as damages herein are limited pursuant to Chapter CPRC §41.0105 to the amount actually paid by or on behalf of Salvador Del Toro, Jr.

VI.

## PERIODIC PAYMENT PROVISION

Defendant affirmatively pleads the applicability of CPRC §74.503 (periodic payments) in the unlikely event of an adverse Judgment against him.

## VII.

### FINANCE CODE

Defendant affirmatively pleads the provisions of §304.101 of the Finance Code pertaining to pre-judgment interest.

## VIII.

### DISCOVERY CONTROL PLAN

Defendant contends discovery in this case should be conducted under Level 3, TRCP 190.4 *et seq.* and hereby requests the deposition of the Plaintiff at a reasonable time following Plaintiff's compliance with CPRC §74.351, the exchange of preliminary written discovery, and the procurement by Defendant of all pertinent medical records.

## IX.

### JURY DEMAND

In accordance with Texas Rule of Civil Procedure 216, this Defendant demands a trial by jury, for which the jury fee is being submitted.

## X.

### REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within thirty (30) days of service of this Request, the information or material described in Rule 194.2(a) through 194.2(l).

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, GERARDO CARCAMO, M.D., prays that upon final trial and hearing hereof, Plaintiff takes nothing by way of this lawsuit, that Defendant goes hence, without day, and recover costs in his behalf expended, and

any other and further relief, at law or in equity, to which this Defendant may show himself justly entitled.

Respectfully submitted,

**WAGNER CARIO, LLP**
7718 Broadway
San Antonio, Texas 78209
(210) 979-7555 (TELEPHONE)
(210) 979-9141 (TELECOPIER)

BY: _____
W. Richard Wagner
TEXAS BAR NO. 2066130

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to counsel of record on this the **16th day of December, 2013**, as follows:

**VIA FAX AND**
**CMRRR# 7013 0600 0002 0735 1520**
George Mauze
Mauze Law Firm, PLLC
2632 Broadway, Suite 401S
San Antonio, Texas 78215

_____
W. Richard Wagner

# APPENDIX TAB "G"

CAUSE NO: 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 131st JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. AND | § | |
| RAVI BOTLA, M.D. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S OPPOSITION TO DEFENDANT RAVI BOTLA, M.D.'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Salvador Del Toro, Jr. (hereinafter referred to as "Plaintiff"), in the above-entitled and numbered cause and files his Opposition to the Motion for Summary Judgment of Defendant Ravi Botla, M.D. (hereinafter referred to as "Defendant") and in opposition to said motion, Plaintiff would respectfully show unto the Court the following:

### I.
### NATURE OF CLAIM

This lawsuit is founded upon the negligence of Defendant in his medical attention, care, and treatment of Plaintiff during the hospitalization at Nix Hospital from December 15, 2011 through December 30, 2011 (Exhibit 1). Defendant ordered a colonoscopy prep on December 17, 2011 for a colonoscopy on December 18, 2011. Plaintiff's colon perforated, such not diagnosed and treated until December 18, 2011. He developed several complications including peritonitis and sepsis.

### II.
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to TEX. R. CIV. P. 166a Defendant filed a traditional motion for summary judgment based upon his affirmative defense of the statute of limitations.

- 1 -

## III.
## SUMMARY JUDGMENT STANDARD

### A. Purpose of a Summary Judgment

A summary judgment is a harsh remedy and must be strictly construed. Querner v. Rindfuss, 966 S.W.2d 661, 670 (Tex. App. – San Antonio 1998, pet. denied).

### B. Standard of Review

When considering the summary judgment evidence, the trial court shall make every reasonable inference and resolve all doubts in favor of the non-movants. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Gandara v. Slade, 832 S.W.2d 164, 166 (Tex. App. – Austin 1992, no writ).

### C. Motion for Summary Judgment Based Upon An Affirmative Defense

Defendant has the burden of proof to establish his statute of limitations affirmative defense as a matter of law. Hellman v. Mateo, 772 S.W.2d 64, 66 (Tex. 1989).

## IV.
## FACTS RELIED UPON WHICH PRECLUDE SUMMARY JUDGMENT

Plaintiff, in opposition to Defendant's Motion for Summary Judgment relies upon the evidence in the following exhibits attached hereto, and fully incorporated herein:

| | |
|---|---|
| Exhibit 1: | Plaintiff's Third Amended Original Petition |
| Exhibit 2: | Excerpts from medical records of Nix Hospital |
| Exhibit 3: | Chapter 74 Notice letter to Gerardo Carcamo, M.D. |
| Exhibit 4: | Excerpts of medical records and bill of Defendant |
| Exhibit 5: | Email, cover letter, and revised Chapter 74 authorization |
| Exhibit 6: | Email, cover letter, and Chapter 74 authorization including additional providers |
| Exhibit 7: | 2011 – 2014 Calendars |

- 2 -

The foregoing exhibits establish the following facts:

1. December 15, 2011 – Plaintiff was admitted to Nix Hospital (Exhibit 2)
2. December 17, 2011 – Defendant ordered a colon prep for a planned colonoscopy on December 18, 2011 (Exhibits 2 & 4)
3. December 18 – Date of diagnosis and first treatment of perforated colon (Exhibits 2 & 4)
4. June 11, 2013 - Chapter 74 notice letter with medical authorization sent to Gerardo Carcamo, M.D. (Exhibit 3)
5. November 20, 2013 – Plaintiff's Original Petition against Gerardo Carcamo, M.D. filed
6. March 2, 2014 – Sunday (2 years, 75 days from December 17, 2011) (Exhibit 7)
7. March 3, 2014 – Monday, Plaintiff's First Amended Original Petition which named Defendant filed
8. March 3, 2014 – 2 years, 75 days from December 18, 2011 (Exhibit 7)

## V.
## ARGUMENT AND AUTHORITIES

### A. The Statute Of Limitations Is Two Years From The Date The Cause Of Action Accrues.

The applicable statute of limitations is two (2) years from the date the cause of action accrued. Tex. Civ. Prac. & Rem. Code, Section 74.251(a). The cause of action accrues on the date of the negligence. Shah v. Moss, 67 S.W.3d 836, 841 (Tex. 2001). The dates of negligence of Defendant are December 17, 2011 (Exhibit 2 – MLF/Del Toro/Nix Hosp.0255 - Nix Hospital records: Defendant's order for the colon prep) and December 18, 2011 (Exhibit 2 – MLF/Del Toro/Nix Hosp.0304 – Nix Hospital medical records: first date of diagnosis of perforated colon). The statute of limitations, before tolling, expired on December 18, 2013 (Exhibit 7).

### B. The Statute Of Limitations Is Tolled For Seventy-Five Days If Notice Is Provided To Any Person.

The statute of limitations in a health care liability claim is tolled for seventy-five (75) days if a notice is provided to any person. Tex. Civ. Prac. & Rem. Code, Section 74.051(c); Phillips v. Sharpstown Gen. Hosp., 664 S.W.2d 162, 165-66 (Tex. App. – Houston [1st Dist.] 1982, no writ). Notice to one person tolls the statute of limitations as to all persons. DeCheca v.

- 3 -

<u>Diagnostic Center Hosp., Inc.</u>, 852 S.W.2d 935, 937 (Tex. 1993). Plaintiff provided a Chapter 74 notice to Gerardo Carcamo, M.D. on June 11, 2013, well within the 2 year statute of limitations (Exhibit 3) and, thus, the statute of limitations was tolled as to all persons on such date. After the seventy-five (75) day tolling period (August 25, 2013), the 2 year statute resumed running for the remaining 190 days, such being March 3, 2014 (Exhibit 7). <u>Rowntree v. Hunsucker</u>, 833 S.W.2d 103, 104-05, n. 2 (Tex. 1992); <u>Phillips</u> at 165-66.

**C. If A Notice Or Medical Authorization (Although Defective) Is Sent Well Within The Statute Of Limitations Or Substantially Complies With The Statute, Then The Tolling Provision Applies.**

Plaintiff provided a Chapter 74 notice to Gerardo Carcamo, M.D. with a medical authorization (Exhibit 3). The purpose of the notice and authorization is to provide the health care provider, to whom notice is sent, an opportunity to investigate and to encourage negotiations and settlement of disputes prior to suit, thereby reducing litigation costs. <u>Garcia v. Gomez</u>, 319 S.W.3d 638, 643 (Tex. 2010). Defendant herein did not receive notice and could not have obtained any health care records of Plaintiff with the authorization, whether sufficient or not, with the authorization provided to Gerardo Carcamo, M.D. Thus, Defendant herein does not have standing to claim the authorization provided to Gerardo Carcamo, M.D. is insufficient because he would not have been able to obtain any health care records with an authorization allowing Gerardo Carcamo, M.D. to obtain health care records. However, assuming for purposes of argument only, that the medical authorization provided to Gerardo Carcamo, M.D. is insufficient, the only remedy is a 60 day abatement, not a waiver of the tolling provision, since the notice and authorization were provided well within the statute of limitations. <u>Carreras v. Marroquin</u>, 339 S.W.3d 68, 73-74 (Tex. 2013)(no medical authorization was provided and notice was not given well within the statute of limitations – notice was sent only 2 days before the

- 4 -

statute of limitations expired); Mitchell v. Methodist Hospital, 376 S.W.3d 833, 839 (Tex. App. — Houston [1st Dist.] 2012, pet. denied)(medical authorization which did not authorize health care provider who received notice to obtain records, did not identify any other health care providers during the previous five years, and not given well within the statute of limitations to allow abatement prior to expiration of statute of limitations did not toll the statute of limitations). In this case, notice was provided June 11, 2013 (Exhibit 3), approximately 190 days before the statute of limitations expired, included a medical authorization, and identified other health care providers during the five previous years.

Defendant claims the medical authorization is defective because it fails to track the exact language of Chapter 74 and failed to list all other health care providers of Plaintiff in the previous five (5) years. Although the authorization does not track the exact language of the statute, it fulfilled the purpose of the statute because it did not prohibit the obtaining of health care records or the opportunity for pre-suit settlement. When Defendant Gerardo Carcamo, M.D. requested a revised medical authorization, it was provided (Exhibit 5). Further, when Defendant Gerardo Carcamo, M.D. requested another authorization with inclusion of additional health care providers, it was provided (Exhibit 6). Substantial compliance with mandatory provisions of a statute suffices if the noncompliance satisfies the purpose of the statute. Butler v. Taylor, 981 S.W.2d 742-43 (Tex. App. – Houston [1st Dist.] 1998, no pet.)(service of notice by express mail rather than certified mail, return receipt requested, was substantial compliance because the purpose of the notice statute was satisfied); Rabatin v. Kidd, 281 S.W.3d 558, 562 (Tex. App. – El Paso 2008, no pet.)(improperly filled out medical authorization which excluded other health care providers during previous five years was sufficient to toll statute of limitations); Nicholson v. Shinn, 2009 WL 3152111 (Tex. App. – Houston [1st Dist.] October 1, 2009, no pet.)(no

- 5 -

medical authorization was provided and thus, no substantial compliance); Mock v. Presbyterian Hospital of Plano, 379 S.W.3d 391, 395 (Tex. App. – Dallas 2012, pet. denied)(one of the blanks in the medical authorization was incorrectly completed but sufficient to toll the statute of limitations); Mitchell v. Methodist Hospital, 376 S.W.3d 833, 837-38 (Tex. App. – Houston [1st Dist.] 2012, pet. denied)(medical authorization which did not identify health care provider as authorized to obtain records, did not identify any other health care providers during previous five years, and not given well within the statute of limitations was insufficient to toll statute of limitations); Cantu v. Mission Regional Medical Center, 2014 WL 1879292 (Tex. App. - Corpus Christi May 8, 2014, no pet.)(HIPAA medical authorization which did not authorize any defendant to obtain medical records was insufficient to toll statute of limitations).

**D. The Statute Of Limitations Provision Which Provides "Notwithstanding By Any Other Law" Does Not Foreclose Procedural Rules.**

Section 10.01 provides for a strict two year statute of limitations "notwithstanding by any other law". However, Texas Courts have held that such language does not foreclose rules which are procedural in nature. Chilkwitz v. Hyson, 22 S.W.3d 825 (Tex. 1999)(Rule 28 – Suits in Assumed Name is procedural and is not foreclosed by such language); Forrest v. Danielson, 77 S.W.3d 842 (Tex. App. – Tyler 2002, no writ)(Rule 5 Enlargement of Time is procedural and is not foreclosed by such language). Rule 4 Tex. R. Civ. P. is a procedural rule and provides as follows:

> In computing any period of time prescribed or allowed by these rules, by order of the court, *or by any applicable statute*, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday (emphasis added).

- 6 -

Consistent with Rule 4, Tex. R. Civ. P., Tex. Civ. Prac. & Rem. Code Ann. Section 16.072 (Vernon's 1986) provides:

> If the last day of a limitations period under any *statute of limitations* falls on a Saturday, Sunday, or holiday, the period for filing suit is extended to include the next day that the county offices are open for business (emphasis added).

Therefore, if the statute of limitations expired on Sunday, March 2, 2014 as to any portion of Plaintiff's claims, then the deadline was extended to the following Monday, March 3, 2014 (Exhibit 7).

## VI.
## CONCLUSION

Plaintiff provided a Chapter 74 notice letter and medical authorization, which substantially complied with the purpose of the statute, well within the two (2) year statute of limitations. Even if the medical authorization did not substantially comply, the seventy-five (75) day tolling applies. The statute of limitations, after tolling, expired on March 3, 2014 and if found to have expired on Sunday, March 2, 2014, then such deadline was extended, by rule and statute, to Monday, March 3, 2014. Plaintiff's suit filed on Monday, March 3, 2014 is not barred by the statute of limitations and, thus, Defendant's motion for summary judgment based upon his affirmative defense of the statute of limitations should be denied.

WHEREFORE PREMISES CONSIDERED, Plaintiff Salvador Del Toro, Jr. respectfully prays that Defendant Ravi Botla, M.D.'s Motion for Summary Judgment be denied and that this Court order such other and further relief to which he is justly entitled.

- 7 -

Respectfully submitted,

MAUZÉ LAW FIRM
2632 Broadway, Suite 401 South
San Antonio, Texas 78215
Telephone:     (210) 225-6262
Telecopier:    (210) 354-3909

By: _____
George W. Mauzé, II
State Bar No. 13238800

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2014, a true and correct copy of Plaintiff's Opposition to Defendant Ravi Botla, M.D.'s Motion for Summary Judgment and for Severance of Defendant Ravi Botla, M.D. has been sent by certified mail, return receipt requested to:

Mr. W. Richard Wagner, Esq.
Wagner Cario, LLP
7718 Broadway, Suite 100
San Antonio, TX 78209

Mr. Brett B. Rowe, Esq.
Evans, Rowe & Holbrook, P.C.
10101 Reunion Place, Suite 900
San Antonio, Texas 78216

_____
George W. Mauzé, II

- 8 -

CAUSE NO:  2013-CI-19135

| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 131st JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. AND | § | |
| RAVI BOTLA, M.D. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Salvador Del Toro, Jr. (hereinafter referred to as "Plaintiff") and files this Third Amended Original Petition complaining of Gerardo E. Cárcamo, M.D. (hereinafter referred to as "Defendant Cárcamo") and Ravi Botla, M.D. (hereinafter referred to as "Defendant Botla")(hereinafter collectively referred to as "Defendants") and for cause of action would show unto this Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Tex. R. Civ. P. 190, discovery in this case is intended to be conducted under Level 3.

### II.
### PARTIES

Plaintiff, Salvador Del Toro, Jr., at all times relevant to this lawsuit, has been an individual residing in Del Rio, Val Verde County, Texas.

Defendant, Gerardo E. Cárcamo, M.D., is, and at all times relevant to this lawsuit has been, a physician duly licensed to practice medicine in the State of Texas and resides in Bexar County, Texas.  Said Defendant has appeared and answered herein.

1

T:\Cases\Del Toro.1204\Pleadings\Petition-AM3.docx

PLAINTIFF'S
EXHIBIT
1

Defendant, Ravi Botla, M.D., is, and at all times relevant to this lawsuit has been, a physician duly licensed to practice medicine in the State of Texas and resides in Bexar County, Texas. Said Defendant has appeared and answered herein.

## III.
## VENUE AND JURISDICTION

This Court has jurisdiction of this cause because the damages sought are within the jurisdictional limits of this Court. Venue is proper in Bexar County, Texas in that such is the county in which the events giving rise to this claim occurred.

## IV.
## FACTUAL BACKGROUND

This lawsuit is founded upon medical negligence committed by Defendants.

On or about December 15, 2011, Mr. Del Toro presented himself to Dr. James Lackey for increased lower abdominal pain for 3 – 4 days, nausea, and vomiting. He was fatigued and had not been eating or taking many fluids. He had a history of diverticulitis and hospitalizations for acute diverticulitis, the most recent approximately 1 month prior. A CT scan was ordered and performed, such reflecting findings of ". . . a severely diseased sigmoid colon with underlying diverticular burden and a stricture". Mr. Del Toro was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Dr. Fiechtner noted he was in mild distress with pain, his abdomen was distended, and bowel sounds were hypoactive. She reviewed the CT scan and noted the stricture is of particular concern because it appears to be partially obstructing the colon. Based on Dr. Fiechtner's assessment and CT review, Mr. Del Toro was admitted for further treatment and evaluation. On December 16, 2011, Mr. Del Toro was seen in consultation by Defendant Cárcamo who recommended a plan for surgery – either laparoscopic or possible open

2

T:\Cases\Del Toro.1204\Pleadings\Petition-AM3.docx

colon resection with possible colostomy placement. Mr. Del Toro agreed to the surgery but wanted it performed by a surgeon in Austin who had previously performed surgeries on family members. After the hospital inquired with the surgeon in Austin and discovered he would not be available until Monday, Mr. Del Toro requested surgery that day by Defendant Cárcamo. Defendant Cárcamo had left the hospital already and informed the nursing staff that he would see Mr. Del Toro the next morning. The next morning, Defendant Botla, a gastroenterologist, consulted with Mr. Del Toro. He recommended a colonoscopy. Mr. Del Toro refused the colonoscopy and again expressed his decision to proceed with the surgery recommended by Defendant Cárcamo. Defendant Cárcamo spoke to Mr. Del Toro who again expressed his decision to proceed with the recommended surgery, but Defendant Cárcamo changed his plan and now recommended Mr. Del Toro proceed first with a colonoscopy. He explained the "importance of colonoscopy" and persuaded Mr. Del Toro to consent. On December 17, 2011, Defendant Botla ordered, and Mr. Del Toro was administered, GoLYTELY for gastrointestinal prep prior to colonoscopy. He did not have a bowel movement after the GoLYTELY was administered. Shortly thereafter, Mr. Del Toro began complaining of severe pain to his abdomen. Both Defendants were notified. Mr. Del Toro's abdominal pain worsened to a scale of 10 out of 10, he began crying, and was very upset. He suffered severe pain for the next 12 hours. A CT scan was ordered STAT on the morning of December 18, 2014. It revealed the presence of free air, such indicative of a perforated colon. He was emergently taken to the operating room and Defendant Cárcamo performed an exploratory laparotomy. He found a perforation in the right colon, fecal contamination of the peritoneum which had progressed to peritonitis and sepsis, and he performed a right hemicolectomy (necessitated because of the perforated colon from the colon prep), sigmoidectomy (necessitated because of the diverticulitis, stricture, and obstruction), and end-

3

T:\Cases\Del Toro.1204\Pleadings\Petition-AM3.docx

colostomy with Hartmann pouch (necessitated because of the sigmoidectomy) and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another exploratory laparotomy, drainage of an intra-abdominal abscess, colostomy revision, placement of wound VAC, and refill of ONQ pump. Mr. Del Toro remained hospitalized until December 30, 2011. He was re-admitted in February 2012 and on February 17, 2012, Defendant Cárcamo performed laparoscopic adhesiolysis and a cholecystectomy. Mr. Del Toro again was admitted to the hospital in March 2012 and Defendant Cárcamo performed another laparoscopic adhesiolysis, laparoscopic splenic flexure takedown, laparoscopic colostomy reversal, and parastomal hernia repair.

## V.
## NEGLIGENCE OF DEFENDANT CÁRCAMO

Defendant Cárcamo owed a general duty of care to Salvador Del Toro, Jr., to provide health care, attention and/or treatment as a reasonably prudent general surgeon would have under the same or similar circumstances. Such duty required that said Defendant Cárcamo render health care in conformity with the minimum applicable standard of care for a person under the same or similar circumstances as Salvador Del Toro, Jr. Said Defendant breached that duty by engaging in the following acts and/or omissions to act, such constituting negligence:

1. failing to appropriately treat Mr. Del Toro for a severe diseased sigmoid colon with diverticular burden, stricture, and obstruction;

2. recommending a colonoscopy which requires colon preparation when such was contraindicated because of the suspected gastrointestinal obstruction;

3. failing to timely diagnose and treat the colon perforation; and

4. failing to otherwise provide medical attention, care and/or treatment to a patient in the same or similar condition in accordance with the applicable standard of care.

4

Such acts and/or omissions to act, whether taken singularly or collectively, constitute a direct and proximate cause of the injuries and damages of Salvador Del Toro, Jr. for which he seeks recovery.

## VI.
## NEGLIGENCE OF DEFENDANT BOTLA

Defendant Botla owed a general duty of care to Salvador Del Toro, Jr., to provide health care, attention and/or treatment as a reasonably prudent internal medicine physician/gastroenterologist would have under the same or similar circumstances. Such duty required that said Defendant Botla render health care in conformity with the minimum applicable standard of care for a person under the same or similar circumstances as Salvador Del Toro, Jr. Said Defendant breached that duty by engaging in the following acts and/or omissions to act, such constituting negligence:

1. recommending a colonoscopy, which requires colon preparation, when it was known that Mr. Del Toro had severe sigmoid disease, stricture, and obstruction;

2. ordering GoLYTELY to prepare his colon for a colonoscopy which is contraindicated in a patient suspected of having a gastrointestinal obstruction;

3. failing to timely diagnose and treat the colon perforation; and

4. failing to otherwise provide medical attention, care and/or treatment to a patient in the same or similar condition in accordance with the applicable standard of care.

Such acts and/or omissions to act, whether taken singularly or collectively, constitute a direct and proximate cause of the injuries and damages of Salvador Del Toro, Jr. for which he seeks recovery.

## VII.
## DAMAGES

As a direct and proximate cause of the negligence of Defendants, Salvador Del Toro, Jr. has suffered injuries, including severe physical and mental pain and anguish which based upon a reasonable degree of medical probability, he will continue to suffer for many years in the future, if not for the balance of his natural life. Additionally, Mr. Del Toro suffered physical impairment and a loss of enjoyment of life which, based upon a reasonable degree of medical probability, he will continue to suffer in the future. Furthermore, he has sustained a loss of income and/or loss wage earning capacity. As a result of his injuries, Mr. Del Toro has also incurred substantial reasonable medical and other health care expenses for necessary medical and health care and, based upon a reasonable degree of medical probability, he will continue to incur reasonable expenses for necessary medical and health care in the future.

## VIII.
## NOTICE

Plaintiff would further show that on or about June 11, 2013, more than sixty (60) days prior to filing of this cause, he provided written notice of said claim by certified mail return receipt requested to Defendant Cárcamo. Plaintiff otherwise fully complied with the notice provisions pursuant to Section 74.051(a) of the Texas Civil Practices & Remedies Code. A true and correct copy of said notice is attached hereto marked as Exhibit "A" and is incorporated herein by reference for all purposes.

The statute of limitations prohibited the providing of written notice of said claim to Defendant Botla.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Salvador Del Toro, Jr. respectfully prays that, upon final trial, Plaintiff have and recover judgment in his favor against Defendants, jointly and severally, for the following:

1.    actual damages within the jurisdictional limits of this Court;

2.    pre-judgment and post-judgment interest at the maximum rate allowed by law;

3.    costs of suit; and

4.    such other and further relief at law or in equity, general or special, to which Plaintiff may be justly entitled.

Respectfully submitted,

MAUZÉ LAW FIRM
2632 Broadway, Suite 401S
San Antonio, Texas 78215
Telephone: 210.225.6262
Facsimile: 210.354.3909

By: _____
George W. Mauzé, II
TBC #13238800
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2014, a true and correct copy of Plaintiff's Third Amended Original Petition has been sent by via fax and regular mail to:

Mr. W. Richard Wagner, Esq.          Mr. Brett B. Rowe, Esq.
Wagner Cario, LLP                    Evans, Rowe & Holbrook, P.C.
7718 Broadway, Suite 100             10101 Reunion Place, Suite 900
San Antonio, TX 78209                San Antonio, TX 78216

_____
George W. Mauzé, II

7

# MAUZÉ LAW FIRM

GEORGE W. MAUZÉ, II, ATTORNEY

2632 BROADWAY
SUITE 401 South
SAN ANTONIO, TEXAS 78215
TELEPHONE 210.225.6262
FACSIMILE 210.354.3909
EMAIL: gmauze@mauzelawfirm.com
WWW.MAUZELAWFIRM.COM

June 11, 2013

PERSONAL & CONFIDENTIAL        CMRRR #7012-3050-0002-3901-1372

Gerardo E. Cárcamo, M.D.
414 Navarro, Suite 810
San Antonio, TX 78205

       Re:    Salvador Del Toro, Jr.

Dear Dr. Cárcamo:

      Please be advised that our law firm has been retained by Salvador Del Toro, Jr. to represent him in any and all claims he may have against you arising from the facts stated herein.

      On or about December 15, 2011, Mr. Del Toro was admitted to Nix Hospital after being evaluated by Dr. James Lackey with the Riverwalk Clinic for increased lower abdominal pain, nausea, and vomiting. After a CT scan obtained by the Riverwalk Clinic showed findings of ". . . a severely diseased sigmoid colon with underlying diverticular burden and a stricture," he was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Based on Dr. Fiechtner's assessment and CT scan findings, Mr. Del Toro was admitted for further treatment and evaluation and discussed the patient's case with you. On December 16, 2011 Mr. Del Toro was seen in consultation by you. On the evening of December 17, 2011, you ordered and Mr. Del Toro was given GoLYTELY for gastrointestinal prep prior to colonoscopy. Shortly thereafter, he began having worsening abdominal pain throughout the evening with vomiting. On December 18, 2011 at approximately 5:00 o'clock a.m., Mr. Del Toro had worsening and change in the quality of his pain. He was sent emergently for a CT of the abdomen and pelvis which revealed the presence of free air consistent with perforation of a hollow viscus. You were called and Mr. Del Toro was emergently taken to the operating room on December 18, 2011. Due to the perforation of his colon, you immediately performed a right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann pouch and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another surgery by you for washout and wound VAC change. Mr. Del Toro remained hospitalized until December 30, 2011. Since then, Mr. Del Toro has necessitated frequent medical attention, necessitated and undergone two additional corrective surgeries.

      The complications associated from the perforation of his colon which you "expected", have caused him severe pain and mental anguish, severe discomfort, disfigurement, and financial hardship. Although, you clearly knew of his partial obstruction in his colon based on the CT findings, you ordered GoLYTELY which is contraindicated in a patient suspected of having gastrointestinal obstruction. You further state in your December 18, 2011, operative report, that "Unfortunately he was unable to have a bm 'as expected' and he perforated.".



EXHIBIT
A
Blumberg No. 5118

The foregoing acts and omissions to act constitute negligence. As a result of such negligence, Mr. Del Toro has suffered severe medical complications associated with his perforated colon.

In accordance with Chapter 74.051(a) of the Texas Civil Practices & Remedies Code, this letter constitutes your sixty (60) days notice that Salvador Del Toro, Jr. intends to assert health care liability claims against you. If this matter is not resolved within sixty (60) days, then a lawsuit will be filed.

In an effort to settle this claim without the necessity of filing a lawsuit, my client hereby tenders an offer of settlement to you in the amount of Eight Hundred Thousand Dollars ($800,000.00), such consisting of $250,000.00 for noneconomic damages plus economic damages including loss of income, and health care expenses in the amount of $550,000.00.

Attached hereto is a release for medical records in accordance with §74.052 of the Texas Civil Practice & Remedies Code. Additionally, please accept this letter as our request for copies of any and all medical records, diagnostic studies, whether digital, or film. Enclosed herewith is a HIPAA release authorizing you to provide true, correct, and complete copies of same.

The standard professional liability insurance policy requires that the insured promptly give the insurance carrier notice of any claim. If you or your insurance carrier wish to discuss an amicable and expedient resolution of this claim, then please do not hesitate to give me a call.

Very truly yours,

George W. Mauzé, II

GWM/ag
enclosures
xc:    Mr. Salvador Del Toro, Jr.

## AUTHORIZATION FORM FOR RELEASE OF PROTECTED HEALTH INFORMATION PURSUANT TO TEX. CIV. PRAC. & REM. CODE, CHAPTER 74 § 74.052

A.    I, **Salvador Del Toro, Jr.** (name of patient or authorized representative), hereby authorize **Gerardo E. Cárcamo, M.D.** (name of physician or other health care provider to whom the notice of health care claim is directed) to obtain and disclose (within the parameters set out below) to **Mauzé Law Firm** the protected health information described below for the following specific purposes:

   1.    To facilitate the investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim; or
   2.    Defense of any litigation arising out of the claim made the basis of the accompanying Notice of Health Care Claim.

B.    The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

   1.    The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated Salvador Del Toro, Jr. (patient) in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim:

         Nix Hospital, 414 Navarro, San Antonio, TX 78205
         Gerardo E. Cárcamo, M.D., 414 Navarro, Suite 830, San Antonio, TX 78205

         This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine, or treat Salvador Del Toro, Jr. (patient) for injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim; and

   2.    The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated Salvador Del Toro, Jr. (patient) during a period commencing five years prior to the incident made the basis of the accompanying Notice of Health Care Claim:

         Riverwalk Clinic, 414 Navarro, Suite 809, San Antonio, TX 78205
         Val Verde Regional Medical Center, 801 Bedell Avenue, Del Rio, TX 78840
         Antonio Cadena, M.D., 2201 North Bedell, Suite A, Del Rio, TX 78840

C.    Excluded Health Information—the following constitutes a list of physicians or health care providers possessing health care information concerning Salvador Del Toro, Jr. (patient) to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or to the physical, mental, or emotional condition of Salvador Del Toro, Jr. (patient) arising out of the claim made the

basis of the accompanying Notice of Health Care Claim:     NONE.

D.   The persons or class of persons to whom the health information of Salvador Del Toro, Jr. (patient) will be disclosed or who will make use of said information are:

1.   Any and all physicians or health care providers providing care or treatment to Salvador Del Toro, Jr. (patient);

2.   Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of Salvador Del Toro, Jr. (patient);

3.   Any consulting or testifying experts employed by or on behalf of **Gerardo E. Cárcamo, M.D.** (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

4.   Any attorneys (including secretarial, clerical, or paralegal staff) employed by or on behalf of **Gerardo E. Cárcamo, M.D.** (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization; and

5.   Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of Salvador Del Toro, Jr. (patient).

E.   This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the Notice of Health Care Claim accompanying this authorization, whichever occurs sooner.

F.   I understand that, without exception, I have the right to revoke this authorization in writing.  I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and Remedies Code.

G.   I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, or eligibility for health plan benefits.

H.   I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPAA privacy regulations.

Signature of Patient:

Date:  6/7/13

Salvador Del Toro, Jr.

Patient's Name:     Salvador Del Toro, Jr.
Patient's D.O.B.:    12.25.1973
Patient's SSN:      451.77.9676

## AUTHORIZATION FORM RELEASE OF PROTECTED HEALTH INFORMATION

A.   I, Salvador Del Toro, Jr., hereby authorize **Gerardo E. Cárcamo, M.D.** to obtain and disclose to Mauzé Law Firm (within the parameters set out below) the protected health information described below for the following specific purposes:

     1.   To facilitate the investigation and evaluation of my potential claim for damages arising from injuries I have sustained.

B.   The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

     1.   The health information in the custody of the following physicians or health care providers who have examined, evaluated or treated Salvador Del Toro, Jr. in connection with the injuries alleged to have been sustained.

C.   The persons or class of persons to whom the health information of Salvador Del Toro, Jr. will be disclosed or who will make use of said information are:

     1.   Any and all physicians or health care providers providing care or treatment to Salvador Del Toro, Jr.;

     2.   Any liability insurance entity providing liability insurance coverage or defense to any person hereafter named as Defendant;

     3.   Any consulting or testifying experts employed by or on behalf of any person hereafter named as a Defendant;

     4.   Any attorneys (including secretarial, clerical, or paralegal staff) employed by or on behalf of any person hereafter named as a Defendant; and

     5.   Any trier of the law or facts relating to any suit filed seeking damages arising out of the injuries and damages sustained by Salvador Del Toro, Jr..

D.   I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and Remedies Code.

E.   I understand that the signing of this authorization is not a condition for continued Treatment, payment, enrollment, or eligibility for health plan benefits.

F.   I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPAA privacy regulations.

G.   This authorization will expire 12 months from the date of execution by the representative of the patient.

H. Copies of this Authorization shall be deemed the same as the original. Also, facsimile copies or electronic versions of a signature of any party shall be deemed the same as the original.

Signature of Patient:

_____
Salvador Del Toro, Jr.

Date: 6/7/13

Name of Patient:   Salvador Del Toro, Jr.
Patient's D.O.B.:   12.25.1973
Patient's SSN:   451.77.9676



English        Customer Service      USPS Mobile                                                                    Register / Sign In

### USPS.com

Search USPS.com or Track Packages

Quick Tools
Track & Confirm
Enter up to 10 Tracking #'s Find
Find USPS Locations
Buy Stamps
Schedule a Pickup
Calculate a Price
Find a ZIP Code™
Hold Mail
Change My Address

## Track & Confirm

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| | | Processed through USPS Sort Facility | June 15, 2013, 4:34 am | SAN ANTONIO, TX 78284 | Certified Mail™ |
| | | Depart USPS Sort Facility | June 14, 2013 | SAN ANTONIO, TX 78284 | |
| | | Processed through USPS Sort Facility | June 14, 2013, 9:40 pm | SAN ANTONIO, TX 78284 | |

### Check on Another Item

What's your label (or receipt) number?

| LEGAL | ON USPS.COM | ON ABOUT.USPS.COM | OTHER USPS SITES |
|---|---|---|---|
| Privacy Policy › | Government Services › | About USPS Home › | Business Customer Gateway › |
| Terms of Use › | Buy Stamps & Shop › | Newsroom › | Postal Inspectors › |
| FOIA › | Print a Label with Postage › | Mail Service Updates › | Inspector General › |
| No FEAR Act EEO Data › | Customer Service › | Forms & Publications › | Postal Explorer › |
| | Delivering Solutions to the Last Mile › | Careers › | |
| | Site Index › | | |



7012 3050 0002 3901 1372

DELTORO, SALVADOR



## PROGRESS RECORD

Record No.: _____
Room: _____
Date: _____

Name: _____ Age: _____ Service of Doctor: _____

| TIME | DATE | M.D. -Frequent Periodical Notations Should Be Made Concerning Progress of Case, Complications, Etc. |
|------|------|---|
| 12/17/11 | 7³⁰ A | GI |
| | | Dr. S kindly asked me to evaluate Mr. Deltoro for abd pain, & diverticulitis. Patient is seen & chart reviewed |
| | | labs: 16.6 ⟨14.2/41.2⟩ 24.6 |
| | | AT 12.1 INR 1.1 |
| | | 138 / 102 / 12 ⟩ 9.6  3.4 / 26 / 0.8 |
| | | (EtQ → M) AMy & Lip → N |
| | | RUQ Sonogram: Gallstones Fatty liver |
| #326 KKS | | CT of abd & pelvis: Severe sigmoid colon diverticulosis & mild diverticulitis. Sigmoid colon stricture. ∅ Abscess |
| | | Impression: 37 yr old morbidly obese WM ē h/o HTN, diverticulitis presented ē recurrent diverticulitis: |
| | | 3 episodes of diverticulitis in the last 4 yrs. Mild tenderness LLQ & RLQ of the abd. Evidence of stricture at the sigmoid colon by imaging studies most likely 2° recurrent diverticulitis & fibrosis. Need to R/O malignancy. Apparently patient did not have colonoscopy in the past |
| | | ATO |

PLAINTIFF'S
EXHIBIT
2

Form# NSG-1116
CD4333B4EDBB78E17FE8.DELTORO.308

MLF/Del Toro/Nix Hosp.0300

CD4333B4EDBB78E17FEB DELTORO.309



## PROGRESS RECORD

DELTORO, SALVADOR
ADM FIECHTNER, BRIDGET
ATN FIECHTNER, BRIDGET

Record No.:_____
Room:_____
Date:_____

Name:_____ Age:_____ Service of Doctor:_____

| TIME | DATE | M.D. -Frequent Periodical Notations Should Be Made Concerning Progress of Case, Complications, Etc. |
|------|------|------|
| | | ( UC - cont- ) |
| | | Plan: clear liquids |
| | | colon prep today |
| | | colonoscopy in A.M. |
| | | Procedure, benefits, alternatives & complications |
| | | including bleeding, perforation |
| | | aspiration & respiratory difficulties |
| | | explained to the patient & his |
| | | family members at bedside. |
| | | He is skeptical about colonoscopy & by |
| | | I will schedule colonoscopy for |
| | | tomorrow if he consents for |
| | | the procedure. |
| | | Thank you |
| | | R. BOTCAM |
| | | (RAVI BOTCA) |
| 12/17/11 | 9a | Surgery. |
| | | Mr. Nice c/o |
| | | man wants surgery, refused yet |
| | | but refused c/o biology |
| | | airway |
| | | Abd Exam - no tenderness at bedside |
| | | vital ↓ 143 |
| | | 1) Diverticulitis c suspect stricture |
| | | 2) explained importance of |
| | | colonoscopy. He agreed to |
| | | proceed. |

Form# NSG-1116

MLF/Del Toro/Nix Hosp.0301

12/16/10 1305 Consent for Laparoscopic versus possible open colon resection c̄ possible colostomy placement TORB Dr. Carcamo / allorney RN

Stated allorney RN 12/16/11 @ 1310

12/16/11 @ 1930 12° chart ✓ allorney RN / & 11 aums RN

12/16/11 (?) 1105 CL Diet #23
CBC #25
BMP #26
PT/INR #27
PTT #28
NPO @ MN #24
Golytely, 1 gal start Now finish in 3-4 hours
Consent for Colonoscopy indication diverticulitis
TORB Dr. Botla / & 11 aums RN
Noted 12/17/11  R. Botla MD

12/16/11 1845 ☉ patient continues to have pain, N/V, place NGT. Call & notify Dr. Botla ☑ done
Ativan 1mg IV X 1 dose now ☑
TOR: M. Fichtner / S  B Fichtner

12/16/11 1850 Place NGT to LWIS ☑ done
Please notify M. Carcamo ☑ done
TOR: M. Botla

R. Botla  B Fichtner

Noted 12/17/11 1900

nix HEALTH
Physician Order
Page 1 of 1

DEL TORO, SALVADOR  B Fichtner
FICHTNER, BRIDGET K
FICHTNER, BRIDGET K
371 DC104300330

CONSULTANT: Ravi Botla, M.D.        DATE OF CONSULT: 12/17/2011

PRIMARY CARE PHYSICIAN: Dr. S. Somasundaravelayudha

PRIMARY REASON FOR CONSULTATION: Left lower quadrant abdominal pain and diverticulitis.

HISTORY: Dr. S. Somasundaravelayudha kindly asked me to evaluate Mr. DelToro, who is a 37-year-old morbidly obese Latin-American male, who was admitted on 12/15/11 for diverticulitis. History of left lower quadrant abdominal pain for three days duration without any characteristic radiation associated nausea, vomiting. No history of constipation, diarrhea, stool bleeding or melena. History of similar episode two to three weeks ago, three months ago and three to four months ago. He apparently seen at the ER in Austin for a prior evaluation. No history of fever. No history of weight loss.

PAST MEDICAL HISTORY: Significant for hypertension, morbid obesity.

PAST SURGICAL HISTORY: None.

SOCIAL HISTORY: The patient works as an officer at a correction facility. Ten pack history of smoking. No history of drinking. No history of substance abuse.

FAMILY HISTORY: Nil particular for gastrointestinal malignancies or liver diseases.

MEDICATIONS: Before coming to the hospital he was on Bentyl.
In the hospital, he is on -
1. Lisinopril.
2. Metronidazole.
3. Zosyn.
4. Docusate sodium.

ALLERGIES: None.

REVIEW OF SYSTEMS: Denies any history of chest pain, history of abdominal pain present, history of nausea or vomiting presently. No history of constipation, diarrhea, rectal bleeding or melena.

EXAMINATION: The patient is alert, well oriented, morbidly obese Latin-American male not in any acute distress.
VITAL SIGNS: Pulse 88/minute, respiratory rate 20/minute, blood pressure 133/86, afebrile.
HENT: No jaundice. Bilateral significant parotid enlargement. A short thin neck is seen.
HEART: S1 present, S2 present, S3 zero, no murmurs.

| PATIENT: | DELTORO, SALVADOR | MEDICAL RECORD #: | 76-31-01 |
|---|---|---|---|
| DATE OF BIRTH: | 12/25/1973    AGE: 37 | PATIENT #: | 00104300330 |
| SEX: | M | HOSPITAL SERVICE: | MED |
| ADMISSION DATE: | 12/15/2011 | PATIENT LOCATION: | 18TH181701 |

CD4333B4EDBB78E17FE8.DELTORO.252

MLF/Del Toro/Nix Hosp.0244

LUNGS: Clear bilaterally with good air entry.

ABDOMEN: Morbidly obese abdomen. Tenderness present in the right side of the abdomen in the left lower quadrant region without any guarding or rebound. Bowel sounds are good. No palpable hepatosplenomegaly, no palpable mass lesions in the abdomen.

EXTREMITIES: Lower extremities, no pedal edema.

NEUROLOGICAL: Alert, well oriented, no gross motor deficits.

LABS: White count 16.6000, hemoglobin 14.2, hematocrit 41.3, platelet count 348,000, prothrombin time of 12.1 seconds with an INR of 1.1. CHEM panel is normal except for potassium of 3.4. Liver function tests were normal. Amylase and lipase were normal.

Right upper quadrant sonogram showed gallstones and fatty liver.

CT of the abdomen and pelvis showed severe sigmoid colon diverticulosis and mild diverticulitis, sigmoid colon stricture, no abscess.

IMPRESSION: Thirty-seven-year-old morbidly obese Latin-American male, with history of hypertension, diverticulitis presented with recurrent diverticulitis. The patient has three episodes of diverticulitis in the last four years duration, mild tenderness in the left lower quadrant and right side of the abdomen. The patient has evidence of sigmoid colon stricture by imaging studies, this is most likely secondary to recurrent diverticulitis and fibrosis. I need to rule out malignancy. Apparently, the patient never had a colonoscopy after previous episodes of diverticulitis. The current episode of diverticulitis seems to be mild.

PLAN: Clear liquid diet. Continue empiric antibiotics. Colon prep today and I recommend a colonoscopy for further evaluation. The procedure, benefits, alternatives and complications including bleeding, perforation and aspiration and respiratory difficulties from his morbid obesity were explained to the patient and his family members at the bedside. He is very skeptical about colonoscopy and biopsies at this time. He has not decided about proceeding with the colonoscopy study. I will schedule the colonoscopy in one or two days time if the patient consents for the procedure.

Thank you very much for allowing me to evaluate Mr. DelToro.

Ravi Botla, M.D.

| PATIENT:<br>DATE OF BIRTH:<br>SEX:<br>ADMISSION DATE: | DELTORO, SALVADOR<br>12/25/1973          AGE: 37<br>M<br>12/15/2011 | MEDICAL RECORD #:<br>PATIENT #:<br>HOSPITAL SERVICE:<br>PATIENT LOCATION: | 76-31-01<br>00104300330<br>MED<br>18TH181701 |
|---|---|---|---|
| Page 2 of 3 | | | |
| CONSULTATION REPORT | | | |

MLF/Del Toro/Nix Hosp.0245

CD4333B4EDBB78E17FE8.DELTORO.253

RB/nbn
DD: 12/17/2011  7:52 A
DT: 12/17/2011  8:54 A
000326885

cc:    Ravi Botla, M.D.
       Gerardo Carcamo, M.D.
       Bridget K. Fiechtner, M.D.
       Armando Quinones, M.D.
       S. Somasundaravelayudha, M.D.

| PATIENT: | DELTORO, SALVADOR | | MEDICAL RECORD #: | 76-31-01 |
|---|---|---|---|---|
| DATE OF BIRTH: | 12/25/1973 | AGE: 37 | PATIENT #: | 00104300330 |
| SEX: | M | | HOSPITAL SERVICE: | MED |
| ADMISSION DATE: | 12/15/2011 | | PATIENT LOCATION: | 18TH181701 |

CONSULTATION REPORT

CD4333B4EDBB78E17FE8.DELTORO.254

MLF/Del Toro/Nix Hosp.0246


Record No.:_____
Room:_____
Date:_____

Name:_____ Age:_____ Service of Doctor:_____

| TIME | DATE | M.D. -Frequent Periodical Notations Should Be Made Concerning Progress of Case, Complications, Etc. |
|------|------|------|
| 12/18/11 | 6³⁰ A | GF |
| | | C/O abd pain |
| | | NG to intermittent suction. |
| | | Abd: |
| | | Distended. |
| | | Tenderness ® abd & LLQ. |
| | | No rebound |
| | | BS ⊖ |
| | | CT abd: prelim → perforation. |
| | | Impression: Sigmoid colon diverticulosy diverti- |
| | | culitis c̄ stricture. |
| | | versus perforation. |
| | | Plan: NPO   NG to intermittent suction |
| | | continue empirical antibiotics, |
| | | cancel colonoscopy |
| | | proceed c̄ surgery. |
| | | D/W patient & his family members |
| | | at bedside. |
| | | R. BOTE (MD) |
| | | (RAVI BOTE) |

| DATE | TIME | DISPENSING OF FORMULARY EQUIVALENT DRUGS IS AUTHORIZED. UNLESS CHECKED IN THIS COLUMN BY THE PRESCRIBER, NEXT TO EACH DRUG ORDER. → | ☑ |
|------|------|---|---|
| 12-18-11 | 0545 | Stat KUB #33 | ☐ |
| | | ) TORB Dr Fiechtner / CS₀₊₍ LW | ☐ |
| | | — Noted 12-18-11 CS₊₊₍₍ | ☐ |
| | | | ☐ |
| | | B Fiechtner | ☐ |
| | | #34 | ☐ |
| 12/18/11 | 0550. | Stat CT Abd pelvis. s̄ contrast — diverticulitis c̄ | ☐ |
| | | obstruction — ↑ abd. pain.   #36   #35   #38 | ☐ |
| | | Stat Renal Panel, Magnesium, CBC, LFTs now. | ☐ |
| | | #37 | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | B Fiechtner | ☐ |
| | | | ☐ |
| | | | ☐ |
| 12/18/11 | 0610 | Stat Read on CT please | ☐ |
| | | RB 12/18/2011 | ☐ |
| | | B Fiechtner | ☐ |
| | | — Noted 12-18-11 CS ₊₊₍ 0635 — | ☐ |
| | | | ☐ |
| 12/18/11 | 645ᴬ | ① cancel colonoscopy | ☐ |
| | | ② NPO | ☐ |
| | | ③ NG to intermittent suction | ☐ |
| | | | ☐ |
| | | R.BOT (MD) | ☐ |
| | | ( RAVI BOT GT ) | ☐ |
| 12-18-11 | 0200 | Dilaudid 1mg IV x1 now | ☐ |

DO NOT USE ABBREVIATIONS   TORB Dr Fiechtner / CS LW

| MS | MS04 | MGS04 | QD | QOD | U | IU | Zero after the decimal point | Lack of leading zero before decimal point |
|----|------|-------|----|----|---|----|------------------------------|-------------------------------------------|

Noted 12-18-11 CS₊₊₍ 0205

DEL TORO, SALVADOR
ADM FIECHTNER, BRIDGET R
ATT FIECHTNER, BRIDGET R
10-31-67

# nix
**HEALTH**

Physician Order
Page 1 of 1

Form Number NSG-1042 rev 1/11

CD4333B4EDBB78E17FE8 DELTORO 265

MLF/Del Toro/Nix Hosp.0257

# MAUZÉ LAW FIRM

GEORGE W. MAUZÉ, II, ATTORNEY

2632 BROADWAY
SUITE 401 South
SAN ANTONIO, TEXAS 78215
TELEPHONE 210.225.6262
FACSIMILE 210.354.3909
EMAIL: gmauze@mauzelawfirm.com
WWW.MAUZELAWFIRM.COM

June 11, 2013

**PERSONAL & CONFIDENTIAL**                    **CMRRR #7012-3050-0002-3901-1372**
Gerardo E. Cárcamo, M.D.
414 Navarro, Suite 810
San Antonio, TX 78205

Re:     Salvador Del Toro, Jr.

Dear Dr. Cárcamo:

Please be advised that our law firm has been retained by Salvador Del Toro, Jr. to represent him in any and all claims he may have against you arising from the facts stated herein.

On or about December 15, 2011, Mr. Del Toro was admitted to Nix Hospital after being evaluated by Dr. James Lackey with the Riverwalk Clinic for increased lower abdominal pain, nausea, and vomiting. After a CT scan obtained by the Riverwalk Clinic showed findings of ". . . a severely diseased sigmoid colon with underlying diverticular burden and a stricture," he was referred to Nix Hospital where he was further evaluated and assessed by Bridget K. Fiechtner, M.D. Based on Dr. Fiechtner's assessment and CT scan findings, Mr. Del Toro was admitted for further treatment and evaluation and discussed the patient's case with you. On December 16, 2011 Mr. Del Toro was seen in consultation by you. On the evening of December 17, 2011, you ordered and Mr. Del Toro was given GoLYTELY for gastrointestinal prep prior to colonoscopy. Shortly thereafter, he began having worsening abdominal pain throughout the evening with vomiting. On December 18, 2011 at approximately 5:00 o'clock a.m., Mr. Del Toro had worsening and change in the quality of his pain. He was sent emergently for a CT of the abdomen and pelvis which revealed the presence of free air consistent with perforation of a hollow viscus. You were called and Mr. Del Toro was emergently taken to the operating room on December 18, 2011. Due to the perforation of his colon, you immediately performed a right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann pouch and wound VAC placement. On December 21, 2011, Mr. Del Toro underwent another surgery by you for washout and wound VAC change. Mr. Del Toro remained hospitalized until December 30, 2011. Since then, Mr. Del Toro has necessitated frequent medical attention, necessitated and undergone two additional corrective surgeries.

The complications associated from the perforation of his colon which you "expected", have caused him severe pain and mental anguish, severe discomfort, disfigurement, and financial hardship. Although, you clearly knew of his partial obstruction in his colon based on the CT findings, you ordered GoLYTELY which is contraindicated in a patient suspected of having gastrointestinal obstruction. You further state in your December 18, 2011, operative report, that "Unfortunately he was unable to have a bm 'as expected' and he perforated.".



PLAINTIFF'S
EXHIBIT
3

The foregoing acts and omissions to act constitute negligence. As a result of such negligence, Mr. Del Toro has suffered severe medical complications associated with his perforated colon.

In accordance with Chapter 74.051(a) of the Texas Civil Practices & Remedies Code, this letter constitutes your sixty (60) days notice that Salvador Del Toro, Jr. intends to assert health care liability claims against you. If this matter is not resolved within sixty (60) days, then a lawsuit will be filed.

In an effort to settle this claim without the necessity of filing a lawsuit, my client hereby tenders an offer of settlement to you in the amount of Eight Hundred Thousand Dollars ($800,000.00), such consisting of $250,000.00 for noneconomic damages plus economic damages including loss of income, and health care expenses in the amount of $550,000.00.

Attached hereto is a release for medical records in accordance with §74.052 of the Texas Civil Practice & Remedies Code. Additionally, please accept this letter as our request for copies of any and all medical records, diagnostic studies, whether digital, or film. Enclosed herewith is a HIPAA release authorizing you to provide true, correct, and complete copies of same.

The standard professional liability insurance policy requires that the insured promptly give the insurance carrier notice of any claim. If you or your insurance carrier wish to discuss an amicable and expedient resolution of this claim, then please do not hesitate to give me a call.

Very truly yours,

George W. Mauzé II

GWM/ag
enclosures
xc:     Mr. Salvador Del Toro, Jr.

## AUTHORIZATION FORM FOR RELEASE OF PROTECTED HEALTH INFORMATION PURSUANT TO TEX. CIV. PRAC. & REM. CODE, CHAPTER 74 § 74.052

A.   I, **Salvador Del Toro, Jr.** (name of patient or authorized representative), hereby authorize **Gerardo E. Cárcamo, M.D.** (name of physician or other health care provider to whom the notice of health care claim is directed) to obtain and disclose (within the parameters set out below) to **Mauzé Law Firm** the protected health information described below for the following specific purposes:

1.   To facilitate the investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim; or
2.   Defense of any litigation arising out of the claim made the basis of the accompanying Notice of Health Care Claim.

B.   The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

1.   The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated Salvador Del Toro, Jr. (patient) in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim:

Nix Hospital, 414 Navarro, San Antonio, TX 78205
Gerardo E. Cárcamo, M.D., 414 Navarro, Suite 830, San Antonio, TX 78205

This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine, or treat Salvador Del Toro, Jr. (patient) for injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim; and

2.   The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated Salvador Del Toro, Jr. (patient) during a period commencing five years prior to the incident made the basis of the accompanying Notice of Health Care Claim:

Riverwalk Clinic, 414 Navarro, Suite 809, San Antonio, TX 78205
Val Verde Regional Medical Center, 801 Bedell Avenue, Del Rio, TX 78840
Antonio Cadena, M.D., 2201 North Bedell, Suite A, Del Rio, TX 78840

C.   Excluded Health Information—the following constitutes a list of physicians or health care providers possessing health care information concerning Salvador Del Toro, Jr. (patient) to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or to the physical, mental, or emotional condition of Salvador Del Toro, Jr. (patient) arising out of the claim made the

basis of the accompanying Notice of Health Care Claim:     NONE.

D.    The persons or class of persons to whom the health information of Salvador Del Toro, Jr. (patient) will be disclosed or who will make use of said information are:

1.    Any and all physicians or health care providers providing care or treatment to Salvador Del Toro, Jr. (patient);

2.    Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of Salvador Del Toro, Jr. (patient);

3.    Any consulting or testifying experts employed by or on behalf of **Gerardo E. Cárcamo, M.D.** (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

4.    Any attorneys (including secretarial, clerical, or paralegal staff) employed by or on behalf of **Gerardo E. Cárcamo, M.D.** (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization; and

5.    Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of Salvador Del Toro, Jr. (patient).

E.    This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the Notice of Health Care Claim accompanying this authorization, whichever occurs sooner.

F.    I understand that, without exception, I have the right to revoke this authorization in writing.   I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and Remedies Code.

G.    I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, or eligibility for health plan benefits.

H.    I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPAA privacy regulations.

Signature of Patient:

_____                    Date:  6/7/13
Salvador Del Toro, Jr.

Patient's Name:     Salvador Del Toro, Jr.
Patient's D.O.B.:    12.25.1973
Patient's SSN:      451.77.9676

## AUTHORIZATION FORM RELEASE OF PROTECTED HEALTH INFORMATION

A.  I, Salvador Del Toro, Jr., hereby authorize **Gerardo E. Cárcamo, M.D.** to obtain and disclose to Mauzé Law Firm (within the parameters set out below) the protected health information described below for the following specific purposes:

    1.  To facilitate the investigation and evaluation of my potential claim for damages arising from injuries I have sustained.

B.  The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

    1.  The health information in the custody of the following physicians or health care providers who have examined, evaluated or treated Salvador Del Toro, Jr. in connection with the injuries alleged to have been sustained.

C.  The persons or class of persons to whom the health information of Salvador Del Toro, Jr. will be disclosed or who will make use of said information are:

    1.  Any and all physicians or health care providers providing care or treatment to Salvador Del Toro, Jr.;
    2.  Any liability insurance entity providing liability insurance coverage or defense to any person hereafter named as Defendant;
    3.  Any consulting or testifying experts employed by or on behalf of any person hereafter named as a Defendant;
    4.  Any attorneys (including secretarial, clerical, or paralegal staff) employed by or on behalf of any person hereafter named as a Defendant; and
    5.  Any trier of the law or facts relating to any suit filed seeking damages arising out of the injuries and damages sustained by Salvador Del Toro, Jr..

D.  I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and Remedies Code.

E.  I understand that the signing of this authorization is not a condition for continued Treatment, payment, enrollment, or eligibility for health plan benefits.

F.  I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPAA privacy regulations.

G.  This authorization will expire 12 months from the date of execution by the representative of the patient.

H.    Copies of this Authorization shall be deemed the same as the original.  Also, facsimile copies or electronic versions of a signature of any party shall be deemed the same as the original.

Signature of Patient:

_____                    Date: _____6/7/13_____
Salvador Del Toro, Jr.

Name of Patient:      Salvador Del Toro, Jr.
Patient's D.O.B.:      12.25.1973
Patient's SSN:        451.77.9676

 USPS.com

Search USPS.com or Track Packages

Quick Tools
Track & Confirm
Enter up to 10 Tracking #:Find
Find USPS Locations
Buy Stamps
Schedule a Pickup
Calculate a Price
Find a ZIP Code™
Hold Mail
Change My Address

# Track & Confirm

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| | | Processed through USPS Sort Facility | June 15, 2013, 4:34 am | SAN ANTONIO, TX 78284 | Certified Mail™ |
| | | Depart USPS Sort Facility | June 14, 2013 | SAN ANTONIO, TX 78284 | |
| | | Processed through USPS Sort Facility | June 14, 2013, 9:40 pm | SAN ANTONIO, TX 78284 | |

## Check on Another Item

What's your label (or receipt) number?

**LEGAL**

Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**

Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

**ON ABOUT.USPS.COM**

About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**

Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›



NIX HEALTH CARE SYSTEM
DISCHARGE SUMMARY

*√ 906003Botla*

**DATE OF ADMISSION:** 12/16/2011          **DATE OF DISCHARGE:** 12/30/2011

**PRINCIPLE DIAGNOSIS AT ADMISSION:** Abdominal pain secondary to diverticulitis with stricture.

**PRINCIPLE DIAGNOSIS AT DISCHARGE:** Diverticulitis with stricture status post colonic perforation requiring right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann's pouch and wound vacuum-assisted closure device (VAC) placement.

**ADDITIONAL DIAGNOSES EVALUATED AND TREATED DURING ADMISSION:**
1. Leukocytosis.
2. Obstructive sleep apnea.
3. Obesity.
4. Hypertension.
5. Left lower quadrant abscess.

**CONSULTANTS:** Dr. Carcamo and Dr. Ravi Botla.

**PROCEDURES:**
1. The patient underwent a CT of the abdomen and pelvis which was obtained by the Riverwalk Clinic prior to admission that showed a severely diseased sigmoid colon with underlying diverticular burden and stricture. There was questionable evidence for mild acute sigmoid diverticulitis. More likely, there was chronic diverticulitis present. The stricture was of particular concern and appeared to be partially obstructing the colon.
2. Patient also had an ultrasound of his abdomen and he was having right upper quadrant pain upon arrival. Right upper quadrant showed a fatty infiltrated liver with no cholelithiasis or cholecystitis.
3. On December 18th, a repeat CT of the abdomen and pelvis was obtained as patient had increased abdominal pain and distress. There was no new onset of a prominent amount of free air and air in the wall of the proximal colon. There was still possible narrowing in the sigmoid colon without definite mass seen.
4. On December 18th, the patient was taken emergently to the operating room for management of his perforated viscus. He underwent a right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann pouch and wound VAC placement by Dr. Carcamo.
5. Finally, another CT was obtained on December 27, 2011 for a persistently elevated white blood cell count. There was a suspected postoperative fluid collection of 7 x 3 cm just above the bladder anteriorly.
6. Subsequently, on December 28th, the patient had CT-guided drainage by Dr. Williams and drain placement. He was able to aspirate approximately 50 cc of brownish serous liquid.
7. The patient had wound VAC changes throughout his hospitalization, last wound VAC change was on Thursday, December 29, 2011.

| PATIENT: | DELTORO, SALVADOR | | MEDICAL RECORD #: | 76-31-01 |
|---|---|---|---|---|
| DATE OF BIRTH: | 12/25/1973 | AGE: 38 | PATIENT #: | 00104300330 |
| SEX: | M | | HOSPITAL SERVICE: | TEL |
| ADMISSION DATE: | 12/16/2011 | | PATIENT LOCATION: | 19TH192101 |

Page 1 of 4
DISCHARGE SUMMARY

Ravi Botla, M.D.



**Botla 0003**

## NIX HEALTH CARE SYSTEM
## DISCHARGE SUMMARY

**HOSPITAL COURSE:**  Mr. Del Toro is a 38-year-old gentleman who presented to the Riverwalk Clinic with a prior history of diverticulitis, presenting with increased abdominal pain and nausea. A CT was obtained that showed the presence of diverticulitis with a stricture. He was subsequently admitted to the 18th floor for further treatment and evaluation. The patient was seen in consultation by Dr. Carcamo on December 16, 2011. Surgery was deferred initially and Dr. Botla of gastroenterology was consulted for possible colonoscopy. On the evening of December 17, 2011, the patient was given GoLYTELY for gastrointestinal prep prior to colonoscopy. He took the prep initially without difficulty but began having worsening abdominal pain throughout the evening with vomiting. A nasogastric tube was placed for decompression, but the patient continued to have significant pain. At approximately 5 a.m. on the morning of December 18, 2011, patient had significant worsening and change in the quality of his pain. He was sent emergently for a CT of the abdomen and pelvis which revealed the presence of free air consistent with perforation of a hollow viscus. Dr. Carcamo was called and patient was emergently taken to the operating room on December 18, 2011. The patient, at that time, became febrile and had a significant increase in his white blood cell count.

The patient had a right hemicolectomy, sigmoidectomy, and end-colostomy with Hartmann's pouch and wound VAC placement and was subsequently kept intubated and transferred to the MICU after his surgery. He was kept intubated as he was to return to the operating room the following Tuesday. The patient did well, but had hypotension, increased white blood cell count and fever, consistent with severe sepsis. He was continued on Zosyn and Flagyl, which had been initiated at the time of admission. The patient had mild acute renal failure throughout this time as well with a maximum creatinine of 1.54. The patient returned to the operating room on Wednesday, December 21st, for washout and wound VAC change. He tolerated this without any significant complications. He was extubated approximately 24 hours after this procedure and did well. He was kept on BIPAP for a short time and was transitioned to nasal cannula. He was continued on BIPAP at night throughout his hospitalization as patient likely has undiagnosed obstructive sleep apnea.

The patient was continued on broad spectrum antibiotics. He was given nebulizer treatments. His diet was advanced and he had no difficulty with nausea, vomiting, or worsening pain. He was advanced to a regular diet on Monday, December 26th. He tolerated this without any difficulty. However, he was noted to have a persistently elevated white blood cell count, so he was sent for a repeat CT on the evening of December 27th. CT revealed the aforementioned left lower quadrant fluid collection. This was thought to be possible abscess, so he was sent to interventional radiology on December 28, 2011 for percutaneous drainage. Drainage was performed as mentioned above with a small amount of brownish fluid removed and a drain placed. The patient was continued on p.o. Flagyl and IV Zosyn the following day. He had an improvement of his white blood cell count from 17 down to 14.7. The following day, the day of discharge, his white blood cell count continued to improve and was down to 13. He was transitioned to p.o. Augmentin and continued on p.o. Flagyl. He is to continue these for one more week. His left lower quadrant drain was putting out very little serosanguineous fluid and was discontinued prior to his discharge.

| PATIENT: | DELTORO, SALVADOR | | MEDICAL RECORD #: | 76-31-04 |
|---|---|---|---|---|
| DATE OF BIRTH: | 12/25/1973 | AGE: 38 | PATIENT #: | 00104300330 |
| SEX: | M | | HOSPITAL SERVICE: | TEL |
| ADMISSION DATE: | 12/15/2011 | | PATIENT LOCATION: | 19TH192101 |

Page 2 of 4
DISCHARGE SUMMARY

Ravi Botla, M.D.

Botla 0004

## NIX HEALTH CARE SYSTEM
## DISCHARGE SUMMARY

The patient continues to have a wound VAC in place. He will have wound VAC changes every three days down at Valverde Regional Medical Center. He will followup with Dr. Carcamo and Dr. Dunn in approximately two weeks.

**PHYSICAL EXAMINATION:**
VITAL SIGNS: Temperature was 97.7, respirations 20, pulse 90, blood pressure 133/84, O2 saturation was 93% on room air.
GENERAL: He was well nourished and well developed. He was in no acute distress.
HEENT: Unremarkable.
NECK: Supple without bruits.
CARDIOVASCULAR: Regular rate and rhythm. Normal S1, S2. No S3 or S4.
LUNGS: Lungs were clear to auscultation bilaterally.
ABDOMEN: His abdomen is obese. He has a midline incision that is closed with a wound VAC. The edges appear to be granulating. There is no surrounding erythema. He has a left-sided colostomy that is putting out brown stool and air. His abdomen is soft, nontender, and nondistended.
LOWER EXTREMITIES: There was no clubbing, cyanosis, or edema.
NEUROLOGIC: Nonfocal.

**MEDICATIONS AT DISCHARGE:**
1. Tylenol 500 mg every six hours as needed for pain.
2. Augmentin 875 mg twice daily for seven more days.
3. Bentyl one tablet twice a day for cramping.
4. Lortab 10/500 one tablet every four hours as needed for pain.
5. Flagyl 500 mg every eight hours for seven more days.
6. Protonix 40 mg once daily.
7. Tramadol 50 mg one tablet every six hours as needed for pain.

**DISCHARGE PLAN:** The patient will be discharged back to home in the care of his family. He will be obtaining wound care followup and wound VAC changes at Valverde Regional Medical Center. He is to followup with him on Monday, January 2, 2012. He will return to San Antonio to see Dr. Carcamo and Dr. Dunn in approximately two weeks. He can resume a regular diet. He is to increase his activities per his postoperative instructions.

**ISSUES TO BE ADDRESSED AT FOLLOWUP:**
1. Routine postoperative care by Dr. Carcamo, as well as wound VAC care by Dr. Dunn.
2. For his primary-care physician, patient will need followup of likely obstructive sleep apnea in outpatient sleep study.
3. Patient should also have further evaluation of his hypertension to ensure that it continues to be adequately controlled. The patient will need followup labs in two weeks when he has completed his antibiotics to ensure that his leukocytosis has resolved. He has a slight

| PATIENT: | DELTORO, SALVADOR | | MEDICAL RECORD #: | 76-31-01 |
|---|---|---|---|---|
| DATE OF BIRTH: | 12/25/1973 | AGE: 38 | PATIENT #: | 00104300330 |
| SEX: | M | | HOSPITAL SERVICE: | TEL |
| ADMISSION DATE: | 12/15/2011 | | PATIENT LOCATION: | 19TH192101 |

Page 3 of 4
DISCHARGE SUMMARY

Ravi Botla, M.D.

Botla 0005

## NIX HEALTH CARE SYSTEM
## DISCHARGE SUMMARY

thrombocytosis, but this is likely reactive and is bone marrow recovery from his recent acute illness.

TIME SPENT ON DISCHARGE: Greater than 30 minutes.

_____
Bridget K. Fiechtner, M.D.

BKF/mp
DD: 12/30/2011  1:39 P
DT: 01/01/2012  4:05 P
000328381

cc:     Ravi Botla, M.D.
        Antonio Cadena, M.D.
        Gerardo Carbanto, M.D.
        Robert N. Dunn, M.D.
        Bridget K. Fiechtner, M.D.
        Armando Quinones, M.D.

| PATIENT:<br>DATE OF BIRTH:<br>SEX:<br>ADMISSION DATE: | DELTORO, SALVADOR<br>12/25/1973          AGE: 38<br>M<br>12/15/2011 | MEDICAL RECORD #:<br>PATIENT #:<br>HOSPITAL SERVICE:<br>PATIENT LOCATION: | 76-31-01<br>00104300330<br>TEL.<br>19TH192101 |
|---|---|---|---|
| | Page 4 of 4<br>DISCHARGE SUMMARY | | |

Ravi Botla, M.D.

Botla 0006

NIX HEALTH CARE SYSTEM
CONSULTATION REPORT

CONSULTANT: Ravi Botla, M.D.                DATE OF CONSULT: 12/17/2011

PRIMARY CARE PHYSICIAN: Dr. S. Somasundaravelayudha

PRIMARY REASON FOR CONSULTATION: Left lower quadrant abdominal pain and diverticulitis.

HISTORY: Dr. S. Somasundaravelayudha kindly asked me to evaluate Mr. DelToro, who is a 37-year-old morbidly obese Latin-American male, who was admitted on 12/15/11 for diverticulitis. History of left lower quadrant abdominal pain for three days duration without any characteristic radiation associated nausea, vomiting. No history of constipation, diarrhea, stool bleeding or melena. History of similar episode two to three weeks ago, three months ago and three to four months ago. He apparently seen at the ER in Austin for a prior evaluation. No history of fever. No history of weight loss.

PAST MEDICAL HISTORY: Significant for hypertension, morbid obesity.

PAST SURGICAL HISTORY: None.

SOCIAL HISTORY: The patient works as an officer at a correction facility. Ten pack history of smoking. No history of drinking. No history of substance abuse.

FAMILY HISTORY: Nil particular for gastrointestinal malignancies or liver diseases.

MEDICATIONS: Before coming to the hospital he was on Bentyl.
In the hospital, he is on -
    1. Lisinopril.
    2. Metronidazole.
    3. Zosyn.
    4. Docusate sodium.

ALLERGIES: None.

REVIEW OF SYSTEMS: Denies any history of chest pain, history of abdominal pain present, history of nausea or vomiting presently. No history of constipation, diarrhea, rectal bleeding or melena.

EXAMINATION: The patient is alert, well oriented, morbidly obese Latin-American male not in any acute distress.
VITAL SIGNS: Pulse 88/minute, respiratory rate 20/minute, blood pressure 133/86, afebrile.
HENT: No jaundice. Bilateral significant parotid enlargement. A short thin neck is seen.
HEART: S1 present, S2 present, S3 zero, no murmurs.

| PATIENT: | DELTORO, SALVADOR | | MEDICAL RECORD #: | 76-31-01 |
|---|---|---|---|---|
| DATE OF BIRTH: | 12/25/1973 | AGE: 37 | PATIENT #: | 00104300330 |
| SEX: | M | | HOSPITAL SERVICE: | MED |
| ADMISSION DATE: | 12/15/2011 | | PATIENT LOCATION: | 18TH181701 |

Page 1 of 3
CONSULTATION REPORT

Ravi Botla, M.D.

Botla 0007

## NIX HEALTH CARE SYSTEM
## CONSULTATION REPORT

**LUNGS:** Clear bilaterally with good air entry.

**ABDOMEN:** Morbidly obese abdomen. Tenderness present in the right side of the abdomen in the left lower quadrant region without any guarding or rebound. Bowel sounds are good. No palpable hepatosplenomegaly, no palpable mass lesions in the abdomen.

**EXTREMITIES:** Lower extremities, no pedal edema.

**NEUROLOGICAL:** Alert, well oriented, no gross motor deficits.

**LABS:** White count 16,6000, hemoglobin 14.2, hematocrit 41.3; platelet count 348,000, prothrombin time of 12.1 seconds with an INR of 1.1. CHEM panel is normal except for potassium of 3.4. Liver function tests were normal. Amylase and lipase were normal.

Right upper quadrant sonogram showed gallstones and fatty liver.

CT of the abdomen and pelvis showed severe sigmoid colon diverticulosis and mild diverticulitis, sigmoid colon stricture, no abscess.

**IMPRESSION:** Thirty-seven-year-old morbidly obese Latin-American male, with history of hypertension, diverticulitis presented with recurrent diverticulitis. The patient has three episodes of diverticulitis in the last four years duration, mild tenderness in the left lower quadrant and right side of the abdomen. The patient has evidence of sigmoid colon stricture by imaging studies, this is most likely secondary to recurrent diverticulitis and fibrosis. I need to rule out malignancy. Apparently, the patient never had a colonoscopy after previous episodes of diverticulitis. The current episode of diverticulitis seems to be mild.

**PLAN:** Clear liquid diet. Continue empiric antibiotics. Colon prep today and I recommend a colonoscopy for further evaluation. The procedure, benefits, alternatives and complications including bleeding, perforation and aspiration and respiratory difficulties from his morbid obesity were explained to the patient and his family members at the bedside. He is very skeptical about colonoscopy and biopsies at this time. He has not decided about proceeding with the colonoscopy study. I will schedule the colonoscopy in one or two days time if the patient consents for the procedure.

Thank you very much for allowing me to evaluate Mr. DelToro.


Ravi Botla, M.D.

| PATIENT: | DELTORO, SALVADOR | MEDICAL RECORD #: | 76-31-01 |
|---|---|---|---|
| DATE OF BIRTH: | 12/25/1973      AGE: 37 | PATIENT #: | 00104300330 |
| SEX: | M | HOSPITAL SERVICE: | MED |
| ADMISSION DATE: | 12/15/2011 | PATIENT LOCATION: | 18TH181701 |

Page 2 of 3

CONSULTATION REPORT

Ravi Botla, M.D.

**Botla 0008**

## NIX HEALTH CARE SYSTEM
## CONSULTATION REPORT

RB/nbn
DD: 12/17/2011  7:52 A
DT: 12/17/2011  8:54 A
000326885

cc:    Ravi Botla, M.D.
       Gerardo Carcamo, M.D.
       Bridget K. Flechtner, M.D.
       Armando Quinones, M.D.
       S. Somasundaravelayudha, M.D.

| PATIENT: | DELTORO, SALVADOR | | MEDICAL RECORD #: | 76-31-01 |
|---|---|---|---|---|
| DATE OF BIRTH: | 12/26/1973 | AGE: 37 | PATIENT #: | 00104300330 |
| SEX: | M | | HOSPITAL SERVICE: | MED |
| ADMISSION DATE: | 12/15/2011 | | PATIENT LOCATION: | 18TH181701 |

Page 3 of 3
CONSULTATION REPORT

Ravi Botla, M.D.

Botla 0009

# Observation Detail Report

## NIX HEALTH CARE SYSTEM

414 NAVARRO SUITE 1720
SAN ANTONIO, TX 782052522

**DELTORO, SALVADOR**

MRN: 76-31-01
Account: 104300330
Att Phys: FIECHTNER, BRIDGET
Admit Dt: 12/15/2011
Disch Dt: 12/30/2011

Service: TEL
DOB: 12/25/1973
Age: 38 Y
Sex: M
LOS: 15 days

Observation: CT ABDOMEN/PELVIS +CON

Result:

*** Final Radiology Report ***

CT ABD/PEL W/CONTRAST DATE OF EXAM: Dec 27 2011

HISTORY: Severe sepsis

RESULT:
TECHNIQUE: Multiple transaxial images obtained from the lung bases
through the level of the pubic symphysis after the administration of IV
contrast.

COMPARISON: Direct comparison is made with the previous enhanced CT scan
of the abdomen and pelvis dated 12/18/2011.

FINDINGS: The lung bases again demonstrate moderately extensive
bibasilar atelectasis with small effusions.

There is normal enhancement of the liver, spleen, pancreas, and kidneys.
Small subcentimeter benign left adrenal nodule is identified. The
gallbladder is unremarkable.

Interval postoperative changes are noted with colostomy in the left lower
quadrant. There is a small amount of fluid seen just about the tip of
the liver, as well as a small amount of fluid interspersed between bowel
loops and just above the bladder (axial image 262).

Images through the remainder of the pelvis are largely unremarkable.
Overall the study is limited secondary to lack of oral contrast. There
are a group of suspected unopacified loops of bowel in the mid pelvis

centrally (image 232). There are adjacent suspected unopacified bowel
loops with overall the study being limited secondary to a lack of oral
contrast.

No subcutaneous abscess or fluid collection.

IMPRESSION:
1. Extensive postoperative changes with colostomy in the right lower
quadrant.
2. Suspected postoperative fluid collection 7 x 3 cm, just above the
bladder anteriorly. This likely represents postoperative fluid however
infection cannot be excluded.

Botla 0018

Digestive Disease Center
PO Box 17650
San Antonio, TX  78217-0650
(210) 253-3423

*Patient Receipt*
Monday, March 24, 2014

| Amount Due | Amount Paid |
|---|---|
| $0.00 | $0.00 |

Salvador DelToro
108 King Charles
Del Rio, TX  78840

| Date | Description | Check # | Fee | Units | Insurance | Patient |
|---|---|---|---|---|---|---|
| | Salvador DelToro(90603)/Ravi Botla MD/075056 | | | | | |
| 12/17/2011 | Initial inpatient consultation for a new or established patient, level #4 | | $322.00 | 1.0 | $322.00 | $0.00 |
| 12/18/2011 | Subsequent hospital care, per day, level #1 | | $86.00 | 1.0 | $86.00 | $0.00 |
| 01/20/2012 | Payment from UMR | | | | $0.00 | $0.00 |
| 02/23/2012 | Contractual Adjustment from UMR | 00003756 | | | -$156.50 | $0.00 |
| 02/23/2012 | Payment from UMR | 00003756 | | | -$251.50 | $0.00 |
| | Balance: | | | | $0.00 | $0.00 |
| | Salvador DelToro(90603)/Ravi Ganeshappa MD/075202 | | | | | |
| 12/19/2011 | Subsequent hospital care, per day, level #1 | | $86.00 | 1.0 | $86.00 | $0.00 |
| 12/20/2011 | Subsequent hospital care, per day, level #1 | | $86.00 | 1.0 | $86.00 | $0.00 |
| 02/13/2012 | Payment from UMR | | | | $0.00 | $0.00 |
| 02/13/2012 | Payment from UMR | | | | $0.00 | $0.00 |
| 02/13/2012 | Transfer from Insurance | | | | -$172.00 | $172.00 |
| 02/23/2012 | Contractual Adjustment from UMR | 00003756 | | | -$74.08 | $0.00 |
| 02/23/2012 | Payment from UMR | 00003756 | | | -$97.92 | $0.00 |
| 02/23/2012 | Transfer from Insurance | 00003756 | | | $172.00 | -$172.00 |
| | Balance: | | | | $0.00 | $0.00 |
| | Salvador DelToro(90603)/Ravi Ganeshappa MD/075279 | | | | | |
| 12/26/2011 | Subsequent hospital care, per day, level #1 | | $86.00 | 1.0 | $86.00 | $0.00 |
| 06/13/2012 | Contractual Adjustment from UMR | 00003920 | | | -$37.04 | $0.00 |
| 06/13/2012 | Payment from UMR | 00003920 | | | -$48.96 | $0.00 |
| | Balance: | | | | $0.00 | $0.00 |
| | Salvador DelToro(90603)/Ravi Ganeshappa MD/075292 | | | | | |
| 12/22/2011 | Subsequent hospital care, per day, level #1 | | $86.00 | 1.0 | $86.00 | $0.00 |
| 12/23/2011 | Subsequent hospital care, per day, level #1 | | $86.00 | 1.0 | $86.00 | $0.00 |
| 12/25/2011 | Subsequent hospital care, per day, level #1 | | $86.00 | 1.0 | $86.00 | $0.00 |
| 06/13/2012 | Contractual Adjustment from UMR | 00003920 | | | -$111.12 | $0.00 |
| 06/13/2012 | Payment from UMR | 00003920 | | | -$146.88 | $0.00 |
| | Balance: | | | | $0.00 | $0.00 |

| Deposit | 0-30 | 31-60 | 61-90 | 91-120 | Over 120 | Total Balance | Ins. Balance | Pat. Balance |
|---|---|---|---|---|---|---|---|---|
| ).00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**Angie Guerrero**

| | |
|---|---|
| **From:** | Angie Guerrero <aguerrero@mauzelawfirm.com> |
| **Sent:** | January 08, 2014 3:09 PM |
| **To:** | 'Richard Wagner' |
| **Cc:** | 'Nicole Walls' |
| **Subject:** | Del Toro v. Carcamo |
| **Attachments:** | Rule 11.pdf |

Dear Mr. Wagner,

Please see attached proposed Rule 11. Please note that instead of faxing the attachment as reflected, I will place the original mail so that you may have the original authorization.

Sincerely,
Angie Guerrero, Paralegal
Mauzé Law Firm
2632 Broadway, Suite 401S
San Antonio, Texas 78215
Tel: 210.225.6262
Fax: 210.354.3909
aguerrero@mauzelawfirm.com

\*\* CONFIDENTIALITY NOTICE \*\*
The information contained in this E-Mail is privileged and confidential and is intended only for the use of the addressee. The term "privileged and confidential" includes, without limitation, attorney-client privileged communications, attorney work product, trade secrets, and any other proprietary information. Nothing in this message is intended by the attorney of the client to constitute a waiver of the confidentiality of this message. If the reader of this message is not the intended recipient, or employee/agent of the intended recipient, you are hereby notified that any duplication or distribution of this communication is unauthorized. If you have received this message in error, please notify us immediately.



PLAINTIFF'S
EXHIBIT
5

# MAUZÉ LAW FIRM

GEORGE W. MAUZÉ, II, ATTORNEY

2632 BROADWAY, SUITE 401 SOUTH
SAN ANTONIO, TEXAS 78215
TELEPHONE 210.225.6262
FACSIMILE 210.354.3909
EMAIL: gmauze@mauzelawfirm.com

January 8, 2014

*VIA EMAIL & FAX*
Mr. W. Richard Wagner, Esq.
Wagner Cario, LLP
7718 Broadway, Suite 100
San Antonio, TX 78209

Re:  Del Toro v. Cárcamo; Cause No. 2013-CI-19135

Dear Richard:

In response to your Defendant's answer filed on December 16, 2013, enclosed herewith please find an executed authorization in accordance with Ch. 74.351 of the Tex. Civ. Prac. & Rem. Code allowing the disclosure of medical records to Defendant.

With regards to your request for an abatement, I would suggest that in accordance with Ch. 74.351(s) all discovery including depositions be stayed until after Plaintiff serves his expert's report and curriculum vitae in accordance with Tex. Civ. Prac. & Rem. Code, § 74.351.

Therefore, Plaintiff's deadline to respond to Defendant's request for disclosure will be on or before April 21, 2014 (April 19th falls on a Saturday), which is 30 days from the date Plaintiff is required to serve his expert's report and curriculum vitae (March 20, 2014).

Please sign below if you agree to the above and we will file this letter as our Rule 11 agreement.

Of course, if you have any questions or wish to discuss this matter, then give me a call.

Sincerely,

George W. Mauzé, II

GWM/ag
enclosure

Agreed: _____     Date: _____
    W. Richard Wagner

## AUTHORIZATION FORM FOR RELEASE OF PROTECTED HEALTH INFORMATION
## PURSUANT TO TEX. CIV. PRAC. & REM. CODE, CHAPTER 74 § 74.052

A.   I, Salvador Del Toro, Jr. (name of patient or authorized representative), hereby authorize
_____Gerardo E. Cárcamo, M.D._____ (name of physician or other health care
provider to whom the notice of health care claim is directed) to obtain and disclose
(within the parameters set out below) the protected health information described below
for the following specific purposes:

    1.   To facilitate the investigation and evaluation of the health care claim described in
the accompanying Notice of Health Care Claim; or

    2.   Defense of any litigation arising out of the claim made the basis of the
accompanying Notice of Health Care Claim.

B.   The health information to be obtained, used, or disclosed extends to and includes the
verbal as well as the written and is specifically described as follows:

    1.   The health information in the custody of the following physicians or health care
providers who have examined, evaluated, or treated Salvador Del Toro, Jr.
(patient) in connection with the injuries alleged to have been sustained in
connection with the claim asserted in the accompanying Notice of Health Care
Claim:

    Nix Hospital, 414 Navarro, San Antonio, TX 78205

    Gerardo E. Cárcamo, M.D., 414 Navarro, Suite 830, San Antonio, TX 78205

    This authorization shall extend to any additional physicians or health care
providers that may in the future evaluate, examine, or treat Salvador Del Toro, Jr.
(patient) for injuries alleged in connection with the claim made the basis of the
attached Notice of Health Care Claim; and

    2.   The health information in the custody of the following physicians or health care
providers who have examined, evaluated, or treated Salvador Del Toro, Jr.
(patient) during a period commencing five years prior to the incident made the
basis of the accompanying Notice of Health Care Claim:

    Riverwalk Clinic, 414 Navarro, Suite 809, San Antonio, TX 78205

    Val Verde Regional Medical Center, 801 Bedell Avenue, Del Rio, TX 78840

    Antonio Cadena, M.D., 2201 North Bedell, Suite A, Del Rio, TX 78840

C.	Excluded Health Information—the following constitutes a list of physicians or health care providers possessing health care information concerning Salvador Del Toro, Jr. (patient) to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or to the physical, mental, or emotional condition of Salvador Del Toro, Jr. (patient) arising out of the claim made the basis of the accompanying Notice of Health Care Claim:	NONE.

D.	The persons or class of persons to whom the health information of Salvador Del Toro, Jr. (patient) will be disclosed or who will make use of said information are:

1.	Any and all physicians or health care providers providing care or treatment to Salvador Del Toro, Jr. (patient);

2.	Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of Salvador Del Toro, Jr. (patient);

3.	Any consulting or testifying experts employed by or on behalf of Gerardo E. Cárcamo, M.D. (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

4.	Any attorneys (including secretarial, clerical, or paralegal staff) employed by or on behalf of Gerardo E. Cárcamo, M.D. (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization; and

5.	Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of Salvador Del Toro, Jr. (patient).

E.	This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the Notice of Health Care Claim accompanying this authorization, whichever occurs sooner.

F.	I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and Remedies Code.

G.	I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, or eligibility for health plan benefits.

H.	I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPAA privacy regulations.

Signature of Patient:

_____    Date: _12/30/13_
Salvador Del Toro, Jr.

Patient's Name:  Salvador Del Toro, Jr.

Patient's D.O.B.:  12.25.1973

Patient's SSN:  451.77.9676

## Angie Guerrero

| | |
|---|---|
| **From:** | Angie Guerrero <aguerrero@mauzelawfirm.com> |
| **Sent:** | January 24, 2014 2:09 PM |
| **To:** | 'Lynn Laursen' |
| **Cc:** | 'Richard Wagner' |
| **Subject:** | Del Toro v. Carcamo |
| **Attachments:** | Ltr enc Ch. 74 auth.pdf |

Lynn,

Attached is a copy of the Ch. 74 authorization. We will put the original in the mail today.

Sincerely,
Angie Guerrero, Paralegal
Mauzé Law Firm
2632 Broadway, Suite 401S
San Antonio, Texas 78215
Tel: 210.225.6262
Fax: 210.354.3909
aguerrero@mauzelawfirm.com

\*\* CONFIDENTIALITY NOTICE \*\*
The information contained in this E-Mail is privileged and confidential and is intended only for the use of the addressee. The term "privileged and confidential" includes, without limitation, attorney-client privileged communications, attorney work product, trade secrets, and any other proprietary information. Nothing in this message is intended by the attorney of the client to constitute a waiver of the confidentiality of this message. If the reader of this message is not the intended recipient, or employee/agent of the intended recipient, you are hereby notified that any duplication or distribution of this communication is unauthorized. If you have received this message in error, please notify us immediately.



**PLAINTIFF'S
EXHIBIT
6**

# MAUZÉ LAW FIRM

GEORGE W. MAUZÉ, II, ATTORNEY

2632 BROADWAY, SUITE 401 SOUTH
SAN ANTONIO, TEXAS 78215
TELEPHONE 210.225.6262
FACSIMILE 210.354.3909
EMAIL: gmauze@mauzelawfirm.com

January 23, 2014

*VIA EMAIL & REGULAR MAIL*
Mr. W. Richard Wagner, Esq.
Wagner Cario, LLP
7718 Broadway, Suite 100
San Antonio, TX 78209

      Re:    <u>Del Toro v. Cárcamo</u>; Cause No. 2013-CI-19135

Dear Richard:

    Enclosed herewith please find an updated executed authorization in accordance with Ch. 74 with regard to the above-referenced matter.

    If you have any questions or wish to discuss this matter, then give me a call.

        Sincerely,

        George W. Mauzé, II

GWM/ag
enclosure

## AUTHORIZATION FORM FOR RELEASE OF PROTECTED HEALTH INFORMATION
## PURSUANT TO TEX. CIV. PRAC. & REM. CODE, CHAPTER 74 § 74.052

A.    I, **Salvador Del Toro, Jr.** (name of patient or authorized representative), hereby authorize **Gerardo E. Cárcamo, M.D.** (name of physician or other health care provider to whom the notice of health care claim is directed) to obtain and disclose (within the parameters set out below) the protected health information described below for the following specific purposes:

   1.   To facilitate the investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim; or
   2.   Defense of any litigation arising out of the claim made the basis of the accompanying Notice of Health Care Claim.

B.    The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

   1.   The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated Salvador Del Toro, Jr. (patient) in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim:

   Nix Hospital, 414 Navarro, San Antonio, TX 78205
   Gerardo E. Cárcamo, M.D., 414 Navarro, Suite 830, San Antonio, TX 78205
   Metropolitan Methodist, 1310 McCullough Avenue, San Antonio, TX 78212
   Ravi Botla, M.D., FACG, Digestive Diseases Center of South Texas, P.L.L.C., 621 Camden Street, Suite #202, San Antonio, Texas 78215

   This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine, or treat Salvador Del Toro, Jr. (patient) for injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim; and

   2.   The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated Salvador Del Toro, Jr. (patient) during a period commencing five years prior to the incident made the basis of the accompanying Notice of Health Care Claim:

   Riverwalk Clinic, 414 Navarro, Suite 809, San Antonio, TX 78205
   Val Verde Regional Medical Center, 801 Bedell Avenue, Del Rio, TX 78840
   Antonio Cadena, M.D., 2201 North Bedell, Suite A, Del Rio, TX 78840

C.  Excluded Health Information—the following constitutes a list of physicians or health care providers possessing health care information concerning Salvador Del Toro, Jr. (patient) to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or to the physical, mental, or emotional condition of Salvador Del Toro, Jr. (patient) arising out of the claim made the basis of the accompanying Notice of Health Care Claim:     NONE.

D.  The persons or class of persons to whom the health information of Salvador Del Toro, Jr. (patient) will be disclosed or who will make use of said information are:

1.  Any and all physicians or health care providers providing care or treatment to Salvador Del Toro, Jr. (patient);
2.  Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of Salvador Del Toro, Jr. (patient);
3.  Any consulting or testifying experts employed by or on behalf of **Gerardo E. Cárcamo, M.D.** (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;
4.  Any attorneys (including secretarial, clerical, or paralegal staff) employed by or on behalf of **Gerardo E. Cárcamo, M.D.** (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization; and
5.  Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of Salvador Del Toro, Jr. (patient).

E.  This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the Notice of Health Care Claim accompanying this authorization, whichever occurs sooner.

F.  I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and Remedies Code.

G.  I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, or eligibility for health plan benefits.

H.  I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPAA privacy regulations.

Signature of Patient:

Salvador Del Toro, Jr.

Date: 1/20/14

Patient's Name:     Salvador Del Toro, Jr.
Patient's D.O.B.:   12.25.1973
Patient's SSN:      451.77.9676

# 2011

## January
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 |   |   |   |   |   |

## February
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 |   |   |   |   |   |

## March
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 |   |   |

## April
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

## May
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 |   |   |   |   |

## June
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 |   |   |

## July
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 |   |   |   |   |   |   |

## August
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 |   |   |   |

## September
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 |   |

## October
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 |   |   |   |   |   |

## November
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 |   |   |   |

## December
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

PLAINTIFF'S
EXHIBIT
7

# 2012

## January

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

## February

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | | | |

## March

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

## April

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | | | | | |

## May

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 | | |

## June

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

## July

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

## August

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 | |

## September

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | | | | | | |

## October

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 | | | |

## November

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | |

## December

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |

# 2013

## January

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 |   |   |

## February

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 |   |   |

## March

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 |   |   |   |   |   |   |

## April

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 |   |   |   |   |

## May

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 |   |

## June

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 |   |   |   |   |   |   |

## July

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 |   |   |   |

## August

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

## September

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 |   |   |   |   |   |

## October

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 |   |   |

## November

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

## December

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 |   |   |   |   |

# 2014

## January
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 |   |

## February
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 |   |

## March
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 |   |   |   |   |   |

## April
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 |   |   |   |

## May
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

## June
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 |   |   |   |   |   |

## July
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 |   |   |

## August
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 |   |   |   |   |   |   |

## September
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 |   |   |   |   |

## October
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 |   |

## November
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 |   |   |   |   |   |   |

## December
| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 |   |   |   |

# APPENDIX TAB "H"

FILED
9/11/2014 5:34:00 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Monica Hernandez

CAUSE NO. 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 131ST JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. AND | § | |
| RAVI BOTLA, M.D. | § | BEXAR COUNTY, TEXAS |

**REPLY
TO PLAINTIFF'S OPPOSITION TO
RAVI BOTLA, M.D.'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Ravi Botla, M.D. ("Dr. Botla"), respectfully files this his Reply to Plaintiff's Opposition to his Motion for Summary Judgment, which was based on the ground that Plaintiff's claims against him are barred by the applicable two year statute of limitations. In further support of his motion and in reply to Plaintiff's Opposition, Dr. Botla respectfully shows the Court the following:

I.
FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff has sued Dr. Botla alleging claims of negligence arising out of medical care and treatment Dr. Botla provided to Plaintiff on December 17, 2011. Specifically, as stated in Plaintiff's Third Amended Original Petition, the allegations arise out of Dr. Botla's recommendation for colonoscopy and order for GoLYTELY for gastrointestinal prep on the theory that the colon prep contributed to the bowel perforation. These events occurred on December 17, 2011.

Plaintiff filed his Original Petition on November 20, 2013, naming only co-defendant Dr. Carcamo as a defendant. Prior to filing suit against Dr. Carcamo, on June 11, 2013, Plaintiff served Dr. Carcamo with a notice letter as required by Chapter 74.

However, he failed to include with that notice letter a *compliant* authorization as required by Chapter 74. As a result, Dr. Carcamo moved to abate the proceedings for 60 days as allowed under Chapter 74 when Plaintiff does not comply with the notice and authorization requirements. Since suit was filed against Dr. Carcamo within the two year statute of limitations, abatement was his only recourse. In response to Dr. Carcamo's plea in abatement, on January 8, 2014, Plaintiff sent Dr. Carcamo's counsel a revised authorization "in accordance with Ch. 74.351 of the Tex. Civ. Prac. & Rem. Code allowing the disclosure of medical records to Defendant." A few weeks later, Plaintiff provided Dr. Carcamo with another revised authorization listing two additional providers.

It was not until March 3, 2013, 2 years and 76 days after Dr. Botla provided the care at issue, that Plaintiff amended his Petition to include Dr. Botla as a defendant. However, Plaintiff's claims against Dr. Botla are barred by the 2 year statute of limitations in Chapter 74. Plaintiff does not get the benefit of the 75 day tolling period found in Chapter 74 since he failed to serve a statutory *sufficient* authorization on any health care provider within two years of the at-issue care and treatment provided by Dr. Botla. Even had Plaintiff timely served one of the health care providers with a *sufficient* authorization, which would have tolled the statute by 75 days, since the lawsuit was filed 2 years and 76 days after the care at issue was provided, Plaintiff's lawsuit against Dr. Botla was still filed after the expiration of the *absolute* 2 year statute of limitations.

In light of the above, on August 14, 2014, Dr. Botla filed his Traditional Motion for Summary Judgment. Plaintiff filed his response to that motion on September 4, 2014. Although Plaintiff has offered this Court additional summary judgment evidence to consider, that evidence does not change the fact that Plaintiff's lawsuit was filed after the

2

passing of the statute of limitations. If anything, the evidence provided by Plaintiff further solidifies that Plaintiff's pre-suit authorization was ineffective to toll the statute of limitations.

## II.
## SUMMARY JUDGMENT EVIDENCE

In addition to the summary judgment evidence offered in Dr. Botla's Motion for Summary Judgment, Dr. Botla additionally relies on the summary judgment evidence offered by Plaintiff and hereby incorporates by reference Exhibits 1-7 of Plaintiff's Opposition to Defendant Ravi Botla, M.D.'s Motion for Summary Judgment.

## III.
## ARGUMENTS & AUTHORITIES

Plaintiff's amended pleadings and summary judgment evidence notwithstanding, since Plaintiff did not file his suit against Dr. Botla until 2 years and 76 days after the care at issue was provided, his lawsuit against Dr. Botla was filed 76 days late and is time barred. Plaintiff's cause of action accrued on December 17, 2011, such that the two year statute of limitations expired on December 17, 2013; he was not entitled to the 75 day tolling provision found in Chapter 74 because he did not provide any healthcare provider with a compliant authorization for release of medical records prior to the passing of the two-year statute. Even had Plaintiff complied with the requirements of Chapter 74 and provided a statutory sufficient authorization within the limitations period, so as to toll the statute for 75 days, Plaintiff's lawsuit would have still been untimely filed by 1 day.

3

## A. The Accrual Date was December 17, 2011 despite Plaintiff's amended pleadings.

Chapter 74 measures the limitations period for medical negligence claims from one of three dates: (1) the occurrence of the breach or tort, (2) the last date of the relevant course of treatment, or (3) the last date of the relevant hospitalization. TEX. CIV. PRAC. & REM. CODE §74.251(a); *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001)(applying almost identical language of predecessor statute). However, a plaintiff may not choose the most favorable date that falls within those three categories. *Id.* Rather, if the date the alleged tort occurred is ascertainable, limitations must begin on that date without further inquiry. *Id.* If a defendant committed an alleged tort on an ascertainable date, whether plaintiff can establish a course of treatment is immaterial because limitations begin to run on the ascertainable date, regardless of the dates of the subsequent treatment. *Id.*

Plaintiff's allegations against Dr. Botla relate to his recommendation for colonoscopy and his order for GoLYTELY, both of which undeniably occurred on December 17, 2011. See Plaintiff's Third Amended Original Petition. Although Plaintiff has added an allegation for "failing to timely diagnose and treat the colon perforation," Dr. Botla did not provide any medical care to the patient after 6:50 p.m. on December 17, 2011 when he gave a telephone order. See Exhibit 2 to Plaintiff's Opposition. Dr. Botla did not see, treat, or even receive any information about the patient again until after the perforation had already been diagnosed; there are no allegations of negligence related to any of Dr. Botla's treatment of the patient after the diagnosis had been made. Therefore, no actionable negligence occurred after December 17, 2011 and that is the date of accrual. *See Gormley v. Stover*, 907 S.W.2d 448, 449-450 (Tex. 1995). Since Plaintiff's lawsuit was filed more than 2 years after that date it is barred by the statute of limitations.

4

## B. Statute of Limitation was not tolled because the authorization that was provided within limitations was defective.

Since Plaintiff did not serve any health care provider with a statutorily *sufficient* authorization within the limitations period, Plaintiff is unable to take advantage of the tolling provision in Chapter 74. Contrary to Plaintiff's statement in his Opposition response, the 75 day tolling period is not absolute when a notice letter is provided during the limitations period. *Carreras v. Marroquin*, 339 S.W.3d 68, 74 (Tex. 2011). If that notice letter is not accompanied by a sufficient authorization form, the 75 day tolling period is inapplicable. *Id.* Put simply, a defective notice, even if served "well within the 2 year statute of limitations" is still defective and does not operate to toll the statute of limitations. *Mitchell v. Methodist Hospital*, 376 S.W.3d 833, 838 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *Nicholson v. Shinn*, No. 01-07-00973-CV, 2009 WL 3152111, at *4 (Tex. App.–Houston [1st Dist.] Oct. 1, 2009, no pet.).

In *Carreras*, a case dealing with a notice letter that contained no authorization, the Texas Supreme Court held that the provision of an authorization form was a mandatory condition precedent. 339 S.W.3d at 72. Following *Carreras*, the First Court of Appeals considered the question at issue here: whether a timely filed notice letter containing a *defective* authorization operates to toll the statute of limitations. *Mitchell*, 376 S.W.3d at 838. In *Mitchell*, as is Plaintiff's authorization in this case, the authorization was defective in two ways: (1) it did not disclose the plaintiff's treating physicians for the previous five years; and (2) it did no authorize the defendant to obtain and disclose protected health information. *Id.* at 838. The plaintiff's argument was essentially the same as that advanced by Plaintiff here: that the authorization provided with the notice letter "substantially complied" with the notice requirement and was therefore sufficient to toll the limitations period. *Id.* at 834. However,

5

the First Court of Appeals rejected that argument finding that the deficiencies basically rendered the pre-suit authorization of no use, "because such an omission discouraged defendants from undertaking an investigation to evaluate [the] claim." *Id.* at 838. The court explained that the defective authorization was meaningless because the purpose of the requirement for disclosure of past physicians is to allow the potential defendant to evaluate and possibly settle claims pre-suit. *Id.* Without information regarding the plaintiff's relevant past medical care, it is impossible for a defendant to "evaluate the strength of the claimant's claim with the legislative goal of encouraging settlement." *Id.*

As stated in Dr. Botla's Motion, he was never provided with any pre-suit authorization, which itself undermines the purpose of the tolling period: he was never given a pre-suit opportunity to investigate the claims or negotiate a potential settlement. Frankly, application of the 75 day tolling period to Dr. Botla, even had an effective authorization been provided to Dr. Carcamo, would have unjustifiably extended the limitations period against Dr. Botla: if he was given no opportunity to investigate the claims or consider resolving the case prior to litigation, there is no justification to giving Plaintiff 75 additional days to file a lawsuit. Therefore, since he did even receive a pre-suit notice at all, the authorization requirement should be strictly construed and only applied if the plaintiff was fully compliant with the statute.

The only authorization that was provided to any defendant in this matter prior to the expiration of the two-year statute of limitations was the authorization that accompanied Plaintiff's pre-suit notice letter to co-defendant, Dr. Carcamo. Thus, although subsequent authorizations were provided after the expiration of the statute, which at least to some extent resolve the deficiencies in the authorization, it is only that first authorization, the "June, 2013

6

authorization" found at Exhibit "E" to Defendant's Motion for Summary Judgment, that can be considered. An authorization provided after the expiration of the statute does plaintiff no good from a tolling perspective because there is no limitations period left to toll.

That June, 2013 authorization was insufficient to toll the statute because it (1) did not allow any physician to obtain the medical records stated therein and (2) failed to include several of Plaintiff's treators from the preceding five years. As further evidence that the June, 2013 authorization was insufficient in failing to allow any defendant to obtain the Plaintiff's medical records, in addition to the fact that Dr. Carcamo moved to abate the proceedings for that very reason, in response to that plea in abatement, on January 8, 2014, Plaintiff sent Dr. Carcamo's counsel a new authorization form. This authorization revised the first paragraph to allow Dr. Carcamo to obtain the records of the providers listed, whereas, previously, the June, 2013 authorization only allowed him to produce records to Plaintiff's counsel. See Exhibit "5" to Plaintiff's Opposition. Apparently acknowledging the deficiency in the first authorization, the letter forwarding the revised authorization indicated that this new authorization "allow[ed] the disclosure of medical records to Defendant." Likewise, Plaintiff later sent another revised authorization listing additional providers, again providing further evidence that the June, 2013 authorization was insufficient. See Exhibit "6" to Plaintiff's Opposition. However, even that authorization was still defective in that it failed to include several of Plaintiff's medical providers in the preceding five years, including providers that treated Plaintiff for the same symptoms as those complained of during the healthcare at issue. Therefore, Plaintiff's noncompliance with the mandatory provisions of Chapter 74 did not satisfy the purpose of the statute: no physician was able to obtain Plaintiff's relevant medical records in order to investigate Plaintiff's claims.

7

The authorization was *defective* and did not trigger the 75 day tolling period. Thus, Plaintiff's lawsuit against Dr. Botla is barred by the statute of limitations since it was filed more than 2 years after the date of accrual, September 17, 2011.

**C. Two Year Statute of Limitations is *Absolute* despite any rule of procedure that might toll, postpone, or interrupt the passing of the limitations period.**

Even if the 75 day tolling period applied, Plaintiff's case would still be time-barred since he filed 2 years and 7<u>6</u> days after Dr. Botla treated Plaintiff (the 2 years and 75 days fell on Sunday, March 2, 2014). Not only does Section 74.251 provide that the two year statute of limitations applies *notwithstanding any other law*, but Section 74.002 further provides that in the event that any *rule of procedure* conflicts with the two year statute of limitations, the absolute two year statute of limitations prevails. TEX. CIV. PRAC. & REM. CODE §§ 74.251(a), 74.002(a). Thus, read together, it is clear that two years means two years and no more.

Significantly, the cases Plaintiff cites for the proposition that the "notwithstanding any other law" language does not apply to rules that are procedural in nature were decided before the enactment of Section 74.002. That section specifically provides that, in the event of a conflict, Chapter 74 prevails over any other law, "including a rule of procedure." TEX. CIV. PRAC. & REM. CODE § 74.002(a). Section 74.251 imposes an *absolute* 2 year statute of limitations. *See Diaz v. Westphal*, 941 S.W.2d 96, 99 (Tex. 1997). <u>Thus, any rule of procedure, i.e., Rule 4, that would alter, interrupt, toll or postpone the running of the statute at exactly two years is in direct conflict with Section 74.251 and Section 74.251 therefore controls</u>. TEX. CIV. PRAC. & REM. CODE § 74.002(a). Unlike Section 74.351, which does not address how to compute the 120 day time period for filing expert reports, Section 74.251 provides very clear instructions on how to compute the two year statute of limitations:

8

notwithstanding any other law, two years is exactly two years. *See Molinet v. Kimbrell*, 356 S.W.3d 407 (Tex. 2011)(Section 74.251 provides an absolute two-year statute of limitations); *Carpinteyro v. Gomez*, 403 S.W.3d 508 (Tex. App—San Antonio 2013)(Rule 4 is not in conflict with Section 74.351).

Therefore, even if a sufficient authorization had been served, the limitations period expired on March 2, 2014, 1 day before Plaintiff first filed suit against Dr. Botla. Plaintiff's cause of action against Dr. Botla is therefore time-barred and should be dismissed with prejudice.

IV.
<u>CONCLUSION & PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Dr. Botla respectfully prays that this Court grant his Motion for Summary Judgment as to all claims and causes of action against him brought by Plaintiff, enter summary judgment that Plaintiff take nothing by this suit, and sever Plaintiff's cause(s) of action against Dr. Botla so that the judgment will be final. Dr. Botla further prays for such other and further relief to which he may be justly entitled.

Respectfully submitted,

*/s/ Nicki K. Elgie*
BRETT B. ROWE
State Bar No. 17331750
NICKI K. ELGIE
State Bar No. 24069670
EVANS, ROWE & HOLBROOK, P.C.
10101 Reunion Place, Suite 900
San Antonio, Texas 78216
Direct Line:  (210) 384-3271
Facsimile:  (210) 340-6664
Email:  bbrowe@evans-rowe.com
Email:  nelgie@evans-rowe.com

**ATTORNEYS FOR DEFENDANT,**
**RAVI BOTLA, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been sent, in accordance with the Texas Rules of Civil Procedure on this 11th day of September, 2014:

by facsimile and eService to:

George W. Mauze, II
Mauze Law Firm
2632 Broadway, Suite 401S
San Antonio, Texas 78215
Telecopier:    (210) 354-3909
Email: gmauze@mauzelawfirm.com

W. Richard Wagner
Wagner Cario, LLP
7718 Broadway
San Antonio, Texas 78209
Telecopier:    (210) 979-9141
Email: rwagner@wagnercario.com

/s/ Nicki K. Elgie
BRETT B. ROWE / NICKI K. ELGIE

# APPENDIX TAB "I"

# MAUZÉ LAW FIRM

GEORGE W. MAUZÉ, II, ATTORNEY

2632 BROADWAY, SUITE 401 SOUTH
SAN ANTONIO, TEXAS 78215
TELEPHONE 210.225.6262
FACSIMILE 210.354.3909
EMAIL: gmauze@mauzelawfirm.com

September 29, 2014

Honorable Peter Sakai,
Judge, 225th District Court
Bexar County Courthouse
100 Dolorosa
San Antonio, Texas 78205         Via:    Hand-Delivered

                                       Re:    Cause No. 2013-CI-19135
                                            Del Toro v. Cárcamo, et al;

Dear Judge Sakai:

During our hearing upon Defendant Ravi Botla's motion for summary judgment on September 16, 2014, you invited us to file any additional evidence and/or case law for your consideration. This is a further response to three arguments of opposing counsel.

Chapter 74 Notice – Substantial Compliance
As reflected in the case law submitted with Plaintiff's Opposition, the cases in which the Chapter 74 notice was held to be insufficient as a matter of law [Carreras v. Marroquin, 339 S.W.3d 68, 73-74 (Tex. 2013); Mitchell v. Methodist Hospital, 376 S.W.3d 833, 839 (Tex. App. – Houston [1st Dist.] 2012, pet. denied); Nicholson v. Shinn, 2009 WL 3152111 (Tex. App. – Houston [1st Dist.] October 1, 2009, no pet.); Cantu v. Mission Regional Medical Center, 2014 WL 1879292 (Tex. App. - Corpus Christi May 8, 2014, no pet.)], the plaintiff failed to provide any Chapter 74 authorization or did not provide a Chapter 74 authorization which specified that the health care provider who received the notice was authorized to obtain Plaintiffs' health care records. In the cases in which the Court held, as a matter of law, that the Chapter 74 notice substantially complied with the statute [Rabatin v. Kidd, 281 S.W.3d 558, 562 (Tex. App. – El Paso 2008, no pet.); Mock v. Presbyterian Hospital of Plano, 379 S.W.3d 391, 395 (Tex. App. – Dallas 2012, pet. denied)], the plaintiff provided a Chapter 74 notice, but it had some errors. Plaintiff provided a Chapter 74 authorization and it specified that Dr. Carcamo was authorized to obtain Plaintiff's health care records. Although Defendant Botla argued that Dr. Carcamo was unable to obtain Plaintiff's health care records with the authorization provided, there is no evidence presented that Dr. Carcamo (the physician who received the notice) was unable to obtain Plaintiff's health care records. In fact, as reflected in the attached Exhibit "A", Dr. Carcamo requested and received Plaintiff's health care records from Nix Hospital with the very authorization (dated 6/7/13) Defendant Botla argues was insufficient as a matter of law because it did not enable Dr. Carcamo to obtain records.

Honorable Peter Sakai
September 29, 2014
Page two

Defendant Botla's Last Day of Treatment of Plaintiff
Defendant Botla argued that the only day he participated in Plaintiff's treatment was December 17, 2011. As reflected in Exhibit 2 – page 7 and Exhibit 4 – pages 1, 2, & 9 to Plaintiff's Opposition, Defendant Botla participated in Plaintiff's treatment on December 18, 2011 in addition to several other days thereafter. Defendant Botla is alleged to have been negligent in his failure to diagnose and appropriately treat the colon obstruction and the subsequent perforation of the colon on December 17, 2014 and December 18, 2014. Thus, the statute of limitations expired Monday, March 3, 2014, not Sunday, March 2, 2014.

Electronic Filing On A Saturday or Sunday
Defendant Botla argued that a petition can be electronically filed on a Saturday or Sunday, and thus, the statute of limitations is not extended to the following Monday. As stated in Plaintiff's Opposition, such is contrary to Rule 4 T.R.C.P. and Section 16.072, Tex. Civ. Prac. & Rem. Code. Furthermore, in response to the Court's inquiry, as to when a pleading is considered "filed" when electronically submitted on a Saturday or Sunday, attached hereto marked as Exhibit "B" is the Pro Doc informational page which reflects that pleadings filed on a Saturday or Sunday are considered filed on the following Monday.

Enclosed herewith is an Order Granting Leave of Court to supplement Plaintiff's Opposition and another Order Denying Defendant Botla's motion for summary judgment.

Thank you for your consideration of this information.

Very truly yours,

George W. Mauze, II

GWM/ag
Xc: Mr. Brett Rowe, Esquire
    w/enclosures

**Angie Guerrero**

| | |
|---|---|
| From: | Lynn Laursen <llaursen@wagnercario.com> |
| Sent: | September 29, 2014 9:21 AM |
| To: | Angie Guerrero |
| Subject: | FW: Salvador Del Toro, Jr. - New Request |
| Attachments: | Medical Auth (6-7-13).pdf |

Importance:                    High

Please see the email below.

*Lynn Laursen, B.S.N., R.N.*
*Nurse Legal Consultant*

From: Lynn Laursen
Sent: Tuesday, January 07, 2014 11:49 AM
To: Monica Galvan (mgalvan@republic-services.com)
Cc: Casey Sikora Bove (cbove@republic-services.com)
Subject: Salvador Del Toro, Jr. - New Request
Importance: High

Dear Monica:

We would like to retain your services to obtain records in a new lawsuit assigned to Richard Wagner. The style of the case is: Cause # 2013-CI-19135; *Salvador Del Toro, Jr. v. Gerardo E. Carcamo, M.D.*; filed in the 131st District Court, Bexar County, TX.

Plaintiff is represented by George W. Mauze, II. Plaintiff's DOB is 12/25/1973 & his SS# is XXX-XX-9676. We have a very limited authorization which I have attached, although I doubt it will be accepted by any healthcare provider. Please request records from the following via DWQ in admissible form:

Nix Hospital – medical
Nix Hospital – radiology
Dr. James Lackey – medical & radiology
Riverwalk Clinic – medical & radiology
Val Verde Regional Medical Center – medical
Val Verde Regional Medical Center – radiology
Antonio Cadena, M.D. (Del Rio) – medical & radiology
Digestive Disease Centers of South TX, including Ravi Botla, M.D. – medical & radiology

If any of the clinics listed above require a separate request for radiology, please let me know. I may hold off until we review the medical records to avoid incurring unnecessary costs. Additionally, we will want a list of available radiology studies to limit the films obtained to those pertinent to this case.

The insurance company is ProAssurance, the adjustor is Kayci Mechler and the claim No. is 187454.

Please let me know if you have any questions and confirm receipt of this new request.



PLAINTIFF'S
EXHIBIT
*A*

Sincerely,
Lynn Laursen, B.S.N., R.N.
Nurse Legal Consultant


7718 Broadway, Suite 100
San Antonio, TX 78209
llaursen@wagnercario.com
(o): 210.979.7555
(m): 210.275.9847
(f): 210.979.9141

## CONFIDENTIALITY NOTICE

This is a transmission from Wagner Cario, L.L.P. This transmission is intended only for the personal and confidential use by addressee(s) named above. This message may contain information which is confidential and/or proprietary. If you are not the addressee or intended recipient of this message, you are hereby notified that you have received this transmission in error and that any review, dissemination, disclosure, copying or distribution or use of the contents of this message is strictly prohibited. If you have received this transmission in error, please delete the original message and notify the Wagner Cario, L.L.P. Office Administrator immediately at 1-210-979-7555. Internet and e-mail communications are Wagner Cario, L.L.P. property and Wagner Cario, L.L.P. reserves the right to review any message that is a product of its network.

## AUTHORIZATION FORM FOR RELEASE OF PROTECTED HEALTH INFORMATION
## PURSUANT TO TEX. CIV. PRAC. & REM. CODE, CHAPTER 74 § 74.052

A.  I, Salvador Del Toro, Jr. (name of patient or authorized representative), hereby authorize Gerardo E. Cárcamo, M.D. (name of physician or other health care provider to whom the notice of health care claim is directed) to obtain and disclose (within the parameters set out below) to Mauzé Law Firm the protected health information described below for the following specific purposes:

   1.  To facilitate the investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim; or

   2.  Defense of any litigation arising out of the claim made the basis of the accompanying Notice of Health Care Claim.

B.  The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

   1.  The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated Salvador Del Toro, Jr. (patient) in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim:

       Nix Hospital, 414 Navarro, San Antonio, TX 78205
       Gerardo E. Cárcamo, M.D., 414 Navarro, Suite 830, San Antonio, TX 78205

       This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine, or treat Salvador Del Toro, Jr. (patient) for injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim; and

   2.  The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated Salvador Del Toro, Jr. (patient) during a period commencing five years prior to the incident made the basis of the accompanying Notice of Health Care Claim:

       Riverwalk Clinic, 414 Navarro, Suite 809, San Antonio, TX 78205
       Val Verde Regional Medical Center, 801 Bedell Avenue, Del Rio, TX 78840
       Antonio Cadena, M.D., 2201 North Bedell, Suite A, Del Rio, TX 78840

C.  Excluded Health Information—the following constitutes a list of physicians or health care providers possessing health care information concerning Salvador Del Toro, Jr. (patient) to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or to the physical, mental, or emotional condition of Salvador Del Toro, Jr. (patient) arising out of the claim made the

basis of the accompanying Notice of Health Care Claim:      NONE.

D.   The persons or class of persons to whom the health information of Salvador Del Toro, Jr. (patient) will be disclosed or who will make use of said information are:

1.   Any and all physicians or health care providers providing care or treatment to Salvador Del Toro, Jr. (patient);

2.   Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of Salvador Del Toro, Jr. (patient);

3.   Any consulting or testifying experts employed by or on behalf of Gerardo E. Cárcamo, M.D. (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

4.   Any attorneys (including secretarial, clerical, or paralegal staff) employed by or on behalf of Gerardo E. Cárcamo, M.D. (name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization; and

5.   Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of Salvador Del Toro, Jr. (patient).

E.   This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the Notice of Health Care Claim accompanying this authorization, whichever occurs sooner.

F.   I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and Remedies Code.

G.   I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, or eligibility for health plan benefits.

H.   I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPAA privacy regulations.

Signature of Patient:

Date: 6/7/13

Salvador Del Toro, Jr.

Patient's Name:     Salvador Del Toro, Jr.
Patient's D.O.B.:    12.25.1973
Patient's SSN:      451.77.9676

STYLE OF
CASE:   SALVADOR DEL TORO, JR.

VS.

GERARDO E. CARCAMO, MD

CASE NO.:   2013-CI-19135

PERTAIN TO:   Salvador Del Toro, Jr.

FROM:   NIX HEALTHCARE SYSTEM
Medical

DELIVER TO:   Brett B. Rowe
Evans & Rowe, P.C.
10101 Reunion Place, Suite 900
San Antonio, TX  78216

IN THE DISTRICT COURT OF

BEXAR COUNTY, TEXAS

131ST JUDICIAL DISTRICT

Order No. 67437.001

## DEPOSITION SUBPOENA TO TESTIFY OR PRODUCE DOCUMENTS OR THINGS

**THE STATE OF TEXAS**
To any Sheriff or Constable of the State of Texas or other person authorized to serve subpoenas under RULE 176 OF TEXAS RULES OF CIVIL PROCEDURE. - GREETINGS -

You are hereby commanded to subpoena and summon the following witness(es):
Custodian of Records for:

NIX HEALTHCARE SYSTEM
414 NAVARRO, SUITE 919
SAN ANTONIO, TX 78205   210-271-1800
to be and appear before a Notary Public of my designation for
Republic Services San Antonio   210-298-6300
6391 DeZavala Road, Suite 300, San Antonio, TX 78249
or its designated agent, on the forthwith day of Instanter at the office of the custodian and there under oath to make answers of certain written questions to be propounded to the witness and to bring and produce for inspection and photocopying
ANY AND ALL MEDICAL RECORDS INCLUDING BUT NOT LIMITED TO THE FOLLOWING: patient intake and/or history forms, admission records, hospital records, mental health records, prescription records, physical therapy records, office notes, reports and correspondence, any and all medical reports or records, diagnostic studies, clinical abstracts, histories, discharge notes, chronological summaries, consultant reports, raw data, any patient records not located in the medical record library (such as emergency room records) and any correspondence, including any handwritten or typed notes to or from any nurse, doctor, physician, surgeon, or any other person, and any other information, documents and opinions relevant to past, present and future physical condition, treatment, care or hospitalization (IF RECORDS ARE MAINTAINED DIGITALLY AND/OR ELECTRONICALLY, PLEASE PRODUCE ON CD).

and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to: Salvador Del Toro, Jr. ,Social Security Number: 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  Date of Birth: 12/25/1973 at any and all times whatsoever, then and there to give evidence at the instance of the **Defendant**, **Gerardo E. Carcamo, MD.**, represented by **Richard Wagner**, Attorney of Record, in that Certain Cause No. **2013-CI-19135**, pending on the docket of the **District Court of the 131st Judicial District of Bexar County**, Texas.
This Subpoena is issued under and by virtue of Rule 200 and Notice of Deposition Upon Written Questions on file with the above named court, styled

**SALVADOR DEL TORO, JR.**


VS.


**GERARDO E. CARCAMO, MD**
and there remain from day to day and time to time until discharged according to law.

WITNESS MY HAND, on this 14th, day of January, 2014.

_____
NOTARY PUBLIC

CASEY SIKORA
Notary Public, State of Texas
My Commission Expires
March 24, 2015

176.8 Enforcement of Subpoena. (a) *Contempt*. Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.


**OFFICER'S RETURN**

Came to hand this __20__ day of __Jan.__, 20_14_, and executed this the __20__ day of __Jan__, 20_14_, in the following manner: By delivering to the witness __Daniel Rubio__, a true copy hereof.

Returned this __20__ day of __Jan.__, 20_14_.

_Pamela K. McMullan_
PROCESS SERVER

Order No. 67437.001

No. 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | : | IN THE DISTRICT COURT OF |
| | : | |
| VS. | : | BEXAR COUNTY, TEXAS |
| | : | |
| GERARDO E. CARCAMO, MD | : | 131ST JUDICIAL DISTRICT |

## WAIVER OF NOTICE

Our client, Richard Wagner, has commissioned Republic Services San Antonio to obtain records on Salvador Del Toro, Jr. from the following custodian for use in the above referenced case.

IF COPIES ARE DESIRED, PLEASE INDICATE BELOW BY MARKING Y OR N. Original records will be held in house for 30 days. Copies may not be available after that time.

1   NIX HEALTHCARE SYSTEM (Medical)
2   NIX HEALTHCARE SYSTEM (Radiology)
3   VAL VERDE REGIONAL MEDICAL CENTER (Medical)
4   VAL VERDE REGIONAL MEDICAL CENTER (Radiology)
5   RIVERWALK URGENT CARE CLINIC (Medical and Radiology)
6   DR. ANTONIO CADENA (Medical and Radiology)
7   DIGESTIVE DISEASES CENTER OF SOUTH TEXAS (Medical and Radiology)

I agree that I and/or my firm will be responsible for payment of the copies of records ordered on this waiver. I acknowledge that invoices are due and payable within 30 days of receipt and that actions for collection of services are performable and payable in Bexar County, Texas.

_____ I DO AGREE TO WAIVE THE NOTICE PERIOD.
_____ I DO NOT AGREE TO WAIVE THE NOTICE PERIOD.

Dated: January 14, 2014

Signed

George W. Mauze II
Law Offices of George W. Mauze, II
111 Soledad, Suite 1220
San Antonio, TX 78205
512-225-6262   Fax
Attorney for Plaintiff
SBA #

Please Return To:   Republic Services San Antonio
6391 DeZavala Road, Suite 300
San Antonio, TX 78249
210-298-6300   Fax 210-298-6303

NOTE:   RETURN OF THIS FORM IS REQUIRED WITHIN TWENTY (20) DAYS TO PROCESS YOUR REQUEST. ANY CANCELLATION OF THE ABOVE MUST BE IN WRITING. IF THE RECORDS HAVE ALREADY BEEN COPIED AND FEES INCURRED, THEN BILLING WILL BE PRORATED ACCORDINGLY.

67437

No. 2013-CI-19135

SALVADOR DEL TORO, JR.                    :        IN THE DISTRICT COURT OF

                                          :
VS.                                       :        BEXAR COUNTY, TEXAS

                                          :
GERARDO E. CARCAMO, MD                    :        131ST JUDICIAL DISTRICT

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Plaintiff by and through their attorney(s) of record: George W. Mauze II (Law Offices of George W. Mauze, II)

You will please take notice that twenty (20) days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of Custodian of Records for:

NIX HEALTHCARE SYSTEM (Medical)
414 NAVARRO, SUITE 919, SAN ANTONIO, TX 78205

NIX HEALTHCARE SYSTEM (Radiology)
414 NAVARRO, SUITE 919, SAN ANTONIO, TX 78205

VAL VERDE REGIONAL MEDICAL CENTER (Medical)
801 NORTH BEDELL AVENUE, DEL RIO, TX 78840

VAL VERDE REGIONAL MEDICAL CENTER (Radiology)
801 NORTH BEDELL AVENUE, DEL RIO, TX 78840

RIVERWALK URGENT CARE CLINIC (Medical and Radiology)
414 NAVARRO, STE. 809, SAN ANTONIO, TX 78205

DR. ANTONIO CADENA (Medical and Radiology)
2201 NORTH BEDELL AVENUE, STE. A, DEL RIO, TX 78840

DIGESTIVE DISEASES CENTER OF SOUTH TEXAS (Medical and Radiology)
621 CAMDEN STREET, SUITE 202, SAN ANTONIO, TX 78215

before a Notary Public for Republic Services San Antonio, 6391 DeZavala Road, Suite 300, San Antonio, TX 78249, 210-298-6300   Fax 210-298-6303, or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 200, Texas Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to  Salvador Del Toro, Jr.  and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

*Richard Wagner/ong*
Richard Wagner
Wagner Cario, LLP
7718 Broadway
San Antonio, TX 78209
210-979-7555   Fax 210-979-9141
Attorney for Defendant
SBA # 20661130

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand delivery, FAX, and/or certified mail, return receipt requested, on this day.

Dated: January 14, 2014                    by *Monica Galvan*

Order No. 67437

No. 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | : | IN THE DISTRICT COURT OF |
| | : | |
| VS. | : | BEXAR COUNTY, TEXAS |
| | : | |
| GERARDO E. CARCAMO, MD | : | 131ST JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **NIX HEALTHCARE SYSTEM**

Records Pertaining To: Salvador Del Toro, Jr.

Type of Records: **ANY AND ALL MEDICAL RECORDS INCLUDING BUT NOT LIMITED TO THE FOLLOWING:** patient intake and/or history forms, admission records, hospital records, mental health records, prescription records, physical therapy records, office notes, reports and correspondence, any and all medical reports or records, diagnostic studies, clinical abstracts, histories, discharge notes, chronological summaries, consultant reports, raw data, any patient records not located in the medical record library (such as emergency room records) and any correspondence, including any handwritten or typed notes to or from any nurse, doctor, physician, surgeon, or any other person, and any other information, documents and opinions relevant to past, present and future physical condition, treatment, care or hospitalization (**IF RECORDS ARE MAINTAINED DIGITALLY AND/OR ELECTRONICALLY, PLEASE PRODUCE ON CD**).

1. Please state your full name, address and occupation.

   Answer: _Magdalena M. Garcia, 414 Navarro, San Antonio, TX 78205_
   _Director of Health Information Management_

2. Did you receive a subpoena to produce records pertaining to the above-named individual and/or companies?

   Answer: _Yes_

3. Are you able to identify these records as the originals or true copies and correct copies of the originals?

   Answer: _Yes_

4. Were these records made and kept in the regular course of your business?

   Answer: _Yes_

5. In the regular course of your business, did the person who signed or otherwise prepared these records either have personal knowledge of the entries on these records or obtain the information to make such records from sources who have such personal knowledge?

   Answer: _Yes_

6. Are these records under your care, supervision, direction, custody or control?

   Answer: _Yes_

67437.001

7.  Are these records made at a time closely related to or simultaneous with the occurrence recorded on these records?

Answer: To my Knowledge

8.  Were these records kept as described in the previous question?

Answer: Yes

9.  Please gather all such records together and deliver same to the officer taking your deposition for inspection and photocopying. Have you done as requested? If not, why not?

Answer: Yes

10. Do you understand that the subpoena you have received requires you to release any and all records pertaining to Salvador Del Toro, Jr. including notes from other facilities? If you have not done so, either do so now or explain why you are withholding such records.

Answer: Yes, I have released all records that I am custodian of.


WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _Magdalena M. Garcia_ known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _21_ day of _January_, 20_14_.

DANIEL RUBIO JR
Notary Public
STATE OF TEXAS
My Comm. Exp. November 4, 2017

NOTARY PUBLIC

My Commission Expires: _11-04-2017_

67437.001

No. 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | : | IN THE DISTRICT COURT OF |
| | : | |
| VS. | : | BEXAR COUNTY, TEXAS |
| | : | |
| GERARDO E. CARCAMO, MD | : | 131ST JUDICIAL DISTRICT |

## NOTICE OF DELIVERY

RE: NIX HEALTHCARE SYSTEM (Medical)

I, Monica Galvan, Notary Public in and for the State of Texas, hereby certify pursuant to the Rule 206, Texas Rules of Civil Procedure,

1. That this Deposition by Written Questions of Magdalena Garcia, the Custodian of Records for the above named is a true and exact duplicate of the records pertaining to Salvador Del Toro, Jr.;

2. That the transcript is a true record of the testimony given by the witness;

3. That $ 1,247.17 is the charge for the preparation of the completed Deposition by Written Questions and any copies of exhibits, charged to Attorney for Defendant, Richard Wagner, TBA # 20661130;

4. That the deposition transcript was submitted on the 01/21/2014 9:00AM to the witness for examination, signature and return to the officer by a specified date;

5. That changes, if any made by the witness, in the transcript and otherwise are attached thereto or incorporated therein;

6. That the witness returned the transcript;

7. That the original deposition by Written Questions and a copy thereof, together with copies of all exhibits was delivered to the attorney or party who Noticed the first questions for safekeeping and use at trial;

8. That pursuant to information made a part of the records at the time said testimony was taken, the following includes all parties of record:

George W. Mauze II (Law Offices of George W. Mauze, II)
Richard Wagner (Wagner Carlo, LLP)

and
9. A copy of this Notice of Delivery was served on all parties shown herein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS DATE: February 5, 2014.

Republic Services San Antonio
6391 DeZavala Road, Suite 300
San Antonio, TX 78249
210-298-6300   Fax 210-298-6303

_Monica Galvan_
Notary Public in and for the State of Texas

67437.001

MONICA GALVAN
MY COMMISSION EXPIRES
August 22, 2016

MED REC #: 76-31-01
ACCOUNT #: 104521034
ADMIT DATE/ TIME: 03/30/2012      13:04

PATIENT INFORMATION                                                CONFIDENTAL: N
DELTORO, SALVADOR
108 KING CHARLES

DEL RIO, TX 788402528
HM PHONE: 830-313-0011

DOB: 12/25/1973  AGE: 038Y          SEX:            MRTL STS: MARRIED       SERVICE: OPS
SOC SEC #: 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                                RELIGION: CATHOLIC

PRIMARY CARRIER:     4099     WEBTPA/HEALTHSMART

SECONDARY CARRIER:     0000

ADM DIAGNOSIS: 5770 ACUTE PANCREATIT

FINAL DIAGNOSIS:

SECONDARY DIAGNOSIS:

PROCEDURES (S):

CONSULTATIONS:

TYPE OF DISCHARGE:
   ✓ HOME _____ GEN HOSP _____ SNF _____ NH _____ GEROPYSCH _____ AMA _____ DIED

   _____ REHAB _____ HOME HEALTH _____ HOSPICE

DISCHARGE DATE: 2/3/12      TIME: 120 ~

                            SIGNATURE OF
                            ATTENDING PHYSICIAN: _____

ADM CLERK: NHRR
ADM COMMENT: REG19                          REVISION DATE/ TIME:


nix HEALTH

CLINICAL FACESHEET

Page 1 of 1


AD0021
AD0021
Rev. 08/2011


Acct: 104521034              Age: 038Y
DELTORO, SALVADOR            Sex: M
ATN: CARCAMO, GERARDO E
DOB: 12/25/1973    MR#: 76-31-01

                                      5998489A6AFDB8F538D5 DELTORO 16 0001

H.    Copies of this Authorization shall be deemed the same as the original. Also, facsimile
      copies or electronic versions of a signature of any party shall be deemed the same as the
      original.

Signature of Patient:

Salvador Del Toro, Jr.                                Date: ___6/7/15___

Name of Patient:    Salvador Del Toro, Jr.
Patient's D.O.B.:   12.25.1973
Patient's SSN:      451.77.8076

0002

## Jurisdiction Help

A Payment Account must be on file for the firm before you can eFile. We strongly discourage using a debit card for eFiling. Also, many jurisdictions do not currently accept American Express.

**Wills are not required to be filed electronically.** When a party electronically files an application to probate a document as an original will, the original will must be filed with the clerk within three business days after the application is filed.

**The following documents must not be filed electronically**
(i) documents filed under seal or presented to the court in camera
(ii) documents to which access is otherwise restricted by law or court order.

### Timely Filing

Unless a document must be filed by a certain time of day, a document is considered timely filed if it is electronically filed at any time before midnight (in the court's time zone) on the filing deadline. An electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider, except:

1. If a document is transmitted on a Saturday, Sunday, or legal holiday, it is deemed filed on the next day that is not a Saturday, Sunday, or legal holiday; and

2. If a document requires a motion and an order allowing its filing, the document is deemed filed on the date that the motion is granted.

**Bexar County-District Courts FAQ's**
http://gov.bexar.org/dc/FAQ.html

### AMEX IS Accepted

This jurisdiction's Case Management System, (CMS) is not fully integrated into the State eFiling system. When you are making a subsequent eFiling into an existing case for this jurisdiction your case may or may not be available in the eFiling system.

- If your case is found the case information will be retrieved.

- If it is not found, be sure you have properly entered the jurisdiction and case number. You can proceed with the filing. You will need to provide the required case information, i.e. case category, case type and required parties.

This should happen only once for a given case. Regardless of this CMS integration once a case has been eFiled into the Case Information will be retrieved with your input of the jurisdiction and case number.

Do Not Show Again     Close

---

ig 2

logged in as aguerrero@mauzelawfirm.com

Log Out

gs | My eServices | Firm Management | Resources |

New Case ( ) Existing Case ( ) Select Returned Filings

**Case Detail**

Please enter the details of this case below.

sdiction*: | Bexar County - District Clerk |

ategory*: | Civil - Other Civil |

se Type*: | Please select... |

**Attorney Information**

ttorney*: | George Mauze |

**Case Parties**

No Parties

Continue >>

right ©2003-2014 Thomson Reuters. All rights reserved.



PLAINTIFF'S EXHIBIT 13

CAUSE NO: 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 131st JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. AND | § | |
| RAVI BOTLA, M.D. | § | BEXAR COUNTY, TEXAS |

## ORDER DENYING DEFENDANT RAVI BOTLA, M.D.'S MOTION FOR SUMMARY JUDGMENT

On this 16th day of September, 2014, came on to be considered Defendant Ravi Botla, M.D.'s Motion for Summary Judgment. Plaintiff and Defendant Ravi Botla, M.D. appeared by and through their respective attorneys of record. The Court, after reviewing the motion and pleadings, being apprised of all facts, and hearing the arguments of counsel, is of the opinion that said motion should be denied. It is therefore,

ORDERED that Defendant Ravi Botla, M.D.'s Motion for Summary Judgment shall be, and is hereby, DENIED.

SIGNED AND ENTERED on this 16th day of September, 2014.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

MAUZÉ LAW FIRM
2632 Broadway, Suite 401S
San Antonio, Texas 78215
Telephone: 210.225.6262
Telecopier: 210.354.3909
Email: gmauze@mauzelawfirm.com

By: _____
GEORGE W. MAUZE, II
State Bar No. 13238800

ATTORNEY FOR PLAINTIFF

CAUSE NO: 2013-CI-19135

| | | |
|---|---|---|
| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 131ˢᵗ JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. AND | § | |
| RAVI BOTLA, M.D. | § | BEXAR COUNTY, TEXAS |

## ORDER GRANTING LEAVE OF COURT TO SUPPLEMENT PLAINTIFF'S OPPOSITION TO DEFENDANT RAVI BOTLA, M.D.'S MOTION FOR SUMMARY JUDGMENT

On the 16th day of September, 2014, came on to be considered Defendant Ravi Botla, M.D.'s Motion for Summary Judgment. Plaintiff and Defendant Ravi Botla, M.D. appeared by and through their respective attorneys of record. The Court, after hearing arguments of counsel took said matter under advisement and informed the parties that they may file any additional evidence or provide additional case law pertaining to this matter. It is therefore,

ORDERED that Leave of Court is granted authorizing the parties to file additional evidence. Specifically, Leave of Court is granted for the filing of the evidence filed by Plaintiff on September 29, 2014 pertaining to the subpoena for health care records of Plaintiff and the Pro Doc document regarding when an electronically filed document is deemed filed.

SIGNED AND ENTERED on this _____ day of _____, 2014.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

MAUZÉ LAW FIRM
2632 Broadway, Suite 401S
San Antonio, Texas 78215
Telephone: 210.225.6262

Telecopier: 210.354.3909
Email: gmauze@mauzelawfirm.com


By: _____
　　　GEORGE W. MAUZE, II
　　　State Bar No. 13238800

ATTORNEY FOR PLAINTIFF

# APPENDIX TAB "J"

FILED
10/1/2014 10:01:15 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Barbara Segovia

# EVANS, ROWE & HOLBROOK

## ATTORNEYS AT LAW

Union Square, Suite 900
10101 Reunion Place
San Antonio, TX 78216

(210) 340-6555
Fax (210) 340-6664
www.evansrowe.com

Brett B. Rowe
Board Certified:
Personal Injury Trial Law
Texas Board of Legal Specialization

Direct Dial: (210) 384-3271
bbrowe@evans-rowe.com

October 1, 2014

<u>Via Facsimile (210) 335-3950</u>
Honorable Peter Sakai
Judge, 225th District Court
Bexar County Courthouse
100 Dolorosa
San Antonio, Texas 78205

RE: Cause No. 2013-CI-19135; *Salvador Del Toro, Jr. v. Gerardo E. Cárcamo, M.D. and Ravi Botla, M.D.;* In the 131st Judicial District, Bexar County, Texas

Dear Judge Sakai:

Defendant, Ravi Botla, M.D. has moved for summary judgment in this matter arguing that Plaintiff's lawsuit was filed after the two year statute of limitations. Dr. Botla's position is that Plaintiff did not get the 75-day tolling period under Chapter 74 because his Authorization was insufficient under the statute. Moreover, even if Plaintiff had served any defendant with a sufficient Authorization prior to the expiration of the statute, his case would have still been time barred because he filed his lawsuit 2 years and 7<u>6</u> days after the cause of action accrued; since Chapter 74 provides an <u>absolute</u> statute of limitation <u>notwithstanding any other law, including rules of civil procedure</u>, the statute of limitations passed on Sunday, March 2, 2014. Since Plaintiff's lawsuit was not filed until Monday, March 3, 2014, he filed outside the limitations period even if he had served a sufficient authorization.

Noting the above, you presided over the hearing on our motion for summary judgment on September 16, 2014. At the conclusion of the hearing, you invited the parties to provide you with any additional arguments supportive of their respective positions. Please accept the following as Dr. Botla's additional arguments and response to Plaintiff's recent letter to the Court:

Honorable Peter Sakai
October 1, 2014
Page 2

I.      **Timeline of Events**

For ease in the review of the relevant history of the case, Dr. Botla provides the following chart, which summarizes the relevant events:

| Date | Event | Record |
|---|---|---|
| 12/15/2011 | Plaintiff admitted to Nix Hospital | PI Evidence–Exh. 2 |
| 12/17/2011 0730 | Dr. Botla examined patient and ordered colon prep for a colonoscopy. | PI Evidence–Exh. 2 |
| **12/17/2011 1850** | Dr. Botla's last communication on 12/17/2011 with Nix Hospital nurses relative to treatment of Plaintiff. | PI Evidence–Exh. 2 |
| **12/17/2011 -- Date of accrual of cause of action against Dr. Botla (although Dr. Botla saw the patient after 12/17/2011, there are no allegations of negligence related to that care since the perforation had already occurred in the early morning hours of 12/18/2011)** | | |
| 06/11/2013 | Plaintiff served co-defendant Carcamo with insufficient Authorization | Def Evidence–Exh. E |
| 11/20/2013 | Plaintiff sued co-defendant Carcamo | Def Evidence–Exh. A |
| 12/16/2013 | Co-defendant Carcamo filed Plea in Abatement for insufficient pre-suit Authorization | Def Evidence–Exh. G |
| **12/17/2013 -- Expiration of 2 year statute of limitations as to Dr. Botla** | | |
| 01/08/2014 | Plaintiff provides co-defendant Carcamo a revised authorization "in accordance with Ch. 74.351 of the Tex. Civ. Prac. & Rem. Code *allowing the disclosure of medical records to Defendant.*" (emphasis added) | PI Evidence–Exh. 5 |
| 01/23/2014 | Plaintiff provides co-defendant Carcamo with an additional revised authorization, this time adding additional providers. | PI Evidence–Exh. 6 |
| **03/02/2014 -- 75th day after the expiration of the statute of limitations.** | | |
| 03/03/2014 | Plaintiff filed suit against Dr. Botla after the expiration of the statute of limitations. | Def Evidence–Exh. B |

II.     **Plaintiff's June 11, 2013 Authorization was insufficient to toll the statute of limitations.**

Contrary to Plaintiff's position, the question of whether an authorization is sufficient under Chapter 74 to toll the statute of limitations does not turn on whether the form provided by Plaintiff pre-suit was a HIPAA form versus a form that fails to track the language of and include the information required by Section 74.052. An authorization,

even if similar to that provided in Chapter 74 rather than a HIPAA form, is not compliant and does not toll the statute if, as here, it does not authorize the defendant to obtain and disclose protected health information and does not disclose the plaintiff's treating physicians for the previous five years. *See Mitchell v. Methodist Hospital*, 376 S.W.3d 833, 838 (Tex. App.–Houston [1st Dist.] 2009, no pet.) (HIPAA form provided in that case).

The courts that have determined that medical authorizations were insufficient to toll the statute have compared the authorizations to Chapter 74, not on whether the authorization was a HIPAA form versus an attempted Chapter 74 form. For instance, in *Nicholson*, one of the authorizations provided by the Plaintiff pre-suit was in the form required by Chapter 74, except that no current or past healthcare providers were identified. *Nicholson v. Shinn*, No. 01-07-00973-CV, 2009 WL 315211 (Tex. App.–Houston [1st Dist.] 2009). Rather, the Plaintiff simply filled in his name at the top of the form and signed and dated it (see Exhibit "A" to this letter, a copy of the Authorization provided in that case, as obtained form Harris County's online docket). The court held that since Plaintiff did not identify her treating physicians or authorize the defendant to obtain and disclose the records, Plaintiff "failed to substantially comply with section 74.051 and 74.052." *Id.* at *5-6. In this case, Plaintiff's purported authorization only allowed records to be disclosed to his own attorney and also failed to include several of his prior treators for the very medical condition that brought about the medical care at issue (diverticulitis).

Similarly, applying the precedent of *Carreras, Mitchell, Nicholson, and Cantu* (all cited and discussed in Defendant's Motion for Summary Judgment and Reply), the 113th District Court in Harris County has recently held that an authorization similar to Plaintiff's in this case was insufficient to toll the statute of limitations. *See Fred Myles v. St. Luke's Episcopal Hospital*, No. 2012-36049, 113th Judicial District, Harris County Texas (pending in the 14th Court of Appeals, No. 14-13-01148-CV). In the *Myles* case, although the plaintiff served an authorization in the form required by Chapter 74, the trial court determined that the plaintiff's authorization was insufficient because it failed to identify the plaintiff's healthcare providers for the five years preceding the incident. (See Exhibit "B" to this letter, a copy of the Authorization provided in that case and a copy of the trial court's final judgment) While the case is currently pending an appeal by Plaintiff, the trial court's ruling is consistent with the arguments made by Dr. Botla in this case. In this case, Plaintiff's purported authorization neither allowed any defendant to obtain and disclose Plaintiff's medical records nor included all of his prior treators for the preceding five years for the very medical condition that brought about the medical care at issue (diverticulitis).

Finally, in relation to Plaintiff's position that Dr. Carcamo's counsel attempted to use the bad authorization to obtain medical records from Nix Hospital, that argument is irrelevant to the discussion on a number of grounds. First, it should be noted that the request to the records company by the office of Dr. Carcamo's counsel even recognizes

that Dr. Carcamo's office "doubt[ed] [the authorization would] be accepted by any healthcare provider." Moreover, the records retrieval company retrieved the records via a deposition subpoena, such that the sufficiency of the authorization was likely not considered by the facility when it turned over the records in compliance with a subpoena. Further, even had Nix produced records in reliance on the authorization, that does not change the fact that Plaintiff failed to list several significant medical providers that treated him in the five years preceding the incident, thereby limiting any defendant's ability to investigate the claim. Ultimately, Plaintiff cannot escape from the fact that the insufficient authorization thwarted the physicians' ability to investigate the claims pre-suit, which is the purpose of the statute requiring the authorization. Dr. Botla also objects to Plaintiff's purported summary judgment evidence attached to his recent letter to the Court because it was untimely filed.

### III. The only negligence asserted against Dr. Botla occurred on December 17, 2011.

Plaintiff incorrectly asserts in his letter to the Court that Dr. Botla's positon is that he did not participate in Plaintiff's treatment after December 17, 2011. Rather, Dr. Botla's position is that this cause of action accrued on December 17, 2011, because that is the last date of any alleged negligence by Dr. Botla. Plaintiff's allegations against Dr. Botla relate to the order for the colon prep, which was ordered and administered on December 17, 2011. No colon prep was administered after December 17, 2011. Plaintiff has also asserted negligence related to Dr. Botla's failure to diagnose the patient's colon perforation. However, his last involvement with the patient's care before the diagnosis of colon perforation was made was at 6:50 p.m. on December 17th. Therefore, none of Plaintiff's allegations against Dr. Botla occurred after December 17th, even though Dr. Botla did treat the patient after that. As previously noted in Dr. Botla's prior briefing, if the date the alleged tort occurred is ascertainable, limitations must begin to run on that date. *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001).

### IV. Regardless of the effective date of filing, TRCP 4 and CPRC 16.072 cannot extend the statute of limitations because the absolute two-year statute of limitations under Chapter 74 controls.

Dr. Botla agrees with Plaintiff's counsel that, under the Texas Rules of Civil Procedure, a document filed on a weekend is deemed filed on the next day that is not a weekend or legal holiday. TEX. R. CIV. PROC. 21(f)(5)(A) (counsel for Dr. Botla was uncertain what the Rules said about this issue at the time of the hearing, but has since had an opportunity to review the applicable Rule). However, that does not change the fact that Section 74.251 provides that the two year statute of limitation applies *notwithstanding any other law* and that Section 74.002 further provides that in the event that any *rule of procedure*, i.e., Rule 4, conflicts with the two year statute of limitations, Chapter 74 prevails. TEX. CIV. PRAC. & REM. CODE §§ 74.251(a), 74.002(a). As argued in Dr. Botla's Motion and Reply, any rule of procedure, i.e., Rule 4, that would alter,

interrupt, toll or postpone the running of the statute at exactly two years is in direct conflict with Section 74.251 and Section 74.251 therefore controls. Notwithstanding any other law, Plaintiff gets two years to file suit.

For the Court's convenience, Dr. Botla is providing an Order Granting Motion for Summary Judgment and for Severance of Defendant Ravi Botla, M.D., which can be found at Exhibit "C" to this letter.

Again, should this Court deny Defendant's Motion for Summary Judgment, Dr. Botla respectfully requests that the Court permit an immediate appeal from its interlocutory order pursuant to CPRC 51.014 because this matter involves a controlling question of law as to which there is a substantial ground for a difference of opinion and because an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Thank you for your thoughtful consideration of Defendant's Motion, Reply, and this additional letter briefing. Should you require any additional information or material from Dr. Botla, please let me know.

Sincerely,

Brett B. Rowe

Attachments

cc:     w/attachments
        George W. Mauze, II                      Via Facsimile (210) 354-3909
        Mauze Law Firm

        w/attachments
        W. Richard Wagner                        Via Facsimile (210) 979-9141
        Wagner Cario, LLP

Exhibit 'A'

## AUTHORIZATION FORM FOR RELEASE OF PROTECTED HEALTH INFORMATION

A. I, _____Litzi Nicholson_____, hereby authorize
(Name of patient or authorized representative)

_____
(Name of the physician, practice group, or other healthcare provider to whom the notice of health care claim is directed)

**to obtain and disclose (within the parameters set out below) the protected health information described in this agreement for the following specific purposes:**

1. To facilitate the investigation and evaluation of the health care claim described
in the accompanying Notice of Health Care Claim and/or;

2. To investigate any litigation arising out of the claim made the basis of the accompanying
Notice of Health Care Claim.

**B. The health information to be obtained, used and/or disclosed extends to and includes the verbal
as well as the written and is specifically described as follows:**

1. The health information in the custody of the following physician(s) and/or health care provider(s)
who have examined, evaluated and/or treated _____
_____(Patient) in connection with the injuries alleged to have been sustained in
connection with the claim asserted in the accompanying Notice of Health Care Claim. (Here list the
name and current address of all treating physicians and/or health care providers.)

_____

_____

This authorization shall extend to any additional physicians and/or healthcare providers which may
in the future evaluate, examine and/or treat _____
_____(Patient) for injuries alleged in connection with the claim made the basis of the
attached Notice of Health Care Claim;

2. The health information in the custody of the following physicians and/or healthcare providers
who have examined, evaluated and/or treated _____ (Patient)
during a period commencing five years prior to the incident made the basis of the accompanying
Notice of Health Care Claim. (Here list the name and current address of such physicians and/or health care
providers, if applicable.)

_____

_____

**C. Excluded Health Information**

The following constitutes a list of physicians and/or health care providers possessing health care
information concerning _____ (Patient) to which this
authorization **does not apply** because I contend that such health care information is not relevant to
the damages being claimed or to the physical, mental, or emotional condition of
_____ (Patient) arising out of the claim made the basis of the

Official Copy Office of Chris Daniel District Clerk

accompanying Notice of Health Care Claim. (Here state *none* or list the name of each physician or health care provider to whom this authorization does not extend and the inclusive dates of examination, evaluation, or treatment to be withheld from disclosure.)

_____

_____

_____

**D. The persons or class of persons to whom the health information of** _____
_____**(Patient) will be disclosed or who will make use of said information are:**

1. Any and all physicians or health care providers providing care or treatment to
_____ (Patient);

2. Any liability insurance entity providing liability insurance coverage and/or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of _____ (Patient);

3. Any consulting or testifying experts employed by or on behalf of _____
_____(Name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

4. Any attorneys (including secretarial, clerical, or paralegal staff) employed by or on behalf of _____ (Name of physician or health care provider to whom Notice of Health Care Claim has been given) with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

5. Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of _____ (Patient).

**E. This authorization shall expire upon resolution of the claim asserted, or at the conclusion of any litigation instituted in connection with that claim.**

**F. I understand that, without exception, I have the right to revoke this authorization in writing. I further understand the consequence of any such revocation as set out in Section 74.052, Civil Practice and Remedies Code.**

**G. I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, or eligibility for health plan benefits.**

**H. I understand that information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and may no longer be protected by Federal HIPAA privacy regulations.**

_____     _____6/ 22 /05_____
Signature of Patient/Representative                     Date

_____LITZI NICHOLSON_____           _____
**Please Print** Name of Patient/ Representative        Description of Representative's Authority

Unofficial Copy Office of Chris Daniel District Clerk

Exhibit 'B'

# AUTHORIZATION FORM FOR RELEASE OF PROTECTED HEALTH INFORMATION

I, FRED MYLES, hereby authorize ST. LUKE'S EPISCOPAL HOSPITAL to obtain and disclose (within the parameters set out below) the protected health information described below for the following specific purposes:

To facilitate the investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim; or

Defense of any litigation arising out of the claim made the basis of the accompanying Notice of Health Care Claim.

The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:

The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated FRED MYLES in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim:

TIRR, 1333 Moursund Street, Houston, Texas 77030; and
SELECT SPECIALTY HOSPITAL-HOUSTON WEST, 9430 Old Katy Freeway, Houston, Tx. 77055

This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine, or treat FRED MYLES for injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim.

The health information in the custody of the following physicians or health care providers possessing health care information concerning FRED MYLES to which this authorization does not apply because I contend that such health care information is not relevant to the damages being claimed or to the physical, mental, or emotional condition of FRED MYLES arising out of the claim made the basis of the accompanying Notice of Health Care Claim. (Here state "none" or list the name of each physician or health care provider to whom this authorization does not extend and the inclusive dates of examination, evaluation, or treatment to be withheld from disclosure.):

_____

_____

_____

The persons or class of persons to whom the health information of FRED MYLES will be disclosed or who will make use of said information are:

Any and all physicians or health care providers providing care or treatment to FRED MYLES.

Any liability insurance entity providing liability insurance coverage or defense to any physician or health care provider to whom Notice of Health Care Claim has been given with regard to the care and treatment of FRED MYLES;

Any consulting or testifying experts employed by or on behalf of ST. LUKE'S EPISCOPAL HOSPITAL, with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization;

Any attorneys (including secretarial, clerical, or paralegal staff) employed by or on behalf of ST. LUKE'S EPISCOPAL HOSPITAL with regard to the matter set out in the Notice of Health Care Claim accompanying this authorization; and

Unofficial Copy Official Copy of Chris Daniel District Clerk

Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of FRED MYLES.

This authorization shall expire upon resolution of the claim asserted or at the conclusion of any litigation instituted in connection with the subject matter of the Notice of Health Care Claim accompanying this authorization, whichever occurs sooner.

I understand that, without exception, I have the right to revoke this authorization in writing. I further understand that consequence of any such revocation as set out in Section 74.052, Civil Practice and Remedies Code.

I understand that the signing of this authorization is not a condition for continued treatment, payment, enrollment, or eligibility for health plan benefits.

I understand that information used or disclosed pursuant to this authorization may be subject to redisclosure by the recipient and may no longer be protected by federal HIPAA privacy regulations.

_____        8-2-2012
Signature of Patient/Representative        Date

_____
Name of Patient/Representative

_____
Description of Representative's Authority

Unofficial Copy Office of Chris Daniel District Clerk

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

pc·/·(

∞ P-1

(7)

CAUSE NO. 2012-36049

FRED MYLES § IN THE DISTRICT COURT OF
§
VS. § HARRIS COUNTY, TEXAS
§
§
ST. LUKE'S EPISCOPAL HOSPITAL § 113TH JUDICIAL DISTRICT

**FINAL JUDGMENT**

After considering the Motion for Summary Judgment Based on Inadequate Medical Authorization of Defendant, ST. LUKE'S EPISCOPAL HOSPITAL, the evidence, the response, and arguments of counsel, the Court is of the opinion that the motion should be, in all respects, **GRANTED**.

It is, therefore, ORDERED, ADJUDGED and DECREED that the claims of Plaintiff, FRED MYLES, against ST. LUKE'S EPISCOPAL HOSPITAL are dismissed with prejudice and Plaintiff takes nothing from Defendant in the above-referenced lawsuit.

Costs of court shall be paid by the Plaintiff. This is a *final judgment* disposing of all claims. All relief not expressly granted herein is denied.

SIGNED this _18_ day of _Sept._, 2013.

_____
JUDGE PRESIDING

Filed 13 June 26 P4:20
Chris Daniel - District Clerk
Harris County
ED101J017565457
By: Wanda McCullough

Unofficial Copy Office of Chris Daniel District Clerk

Page 8 of 11

Exhibit 'C'

CAUSE NO. 2013-CI-19135

| SALVADOR DEL TORO, JR. | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 131ST JUDICIAL DISTRICT |
| | § | |
| GERARDO E. CÁRCAMO, M.D. AND | § | |
| RAVI BOTLA, M.D. | § | BEXAR COUNTY, TEXAS |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND FOR SEVERANCE OF DEFENDANT RAVI BOTLA, M.D.

On the 16th day of September, 2014, came on to be heard the Motion for Summary Judgment of Defendant Ravi Botla, M.D. The Court, having considered the Motion, Plaintiff's Opposition, Defendant's Reply, pleadings timely filed, the summary judgment evidence, and argument of counsel, hereby rules that said motion is meritorious and should be in all things GRANTED because Plaintiff filed his lawsuit against Dr. Botla after the expiration of the statute of limitations.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff take nothing against Defendant Ravi Botla, M.D.; that Plaintiff's claims and causes of action against Defendant Ravi Botla, M.D. are hereby dismissed with prejudice; that Plaintiff's claims and causes of action against Defendant Ravi Botla, M.D. are hereby severed from all other causes of action alleged in Plaintiff's Third Amended Petition; and that the severed causes of action shall be and are hereby assigned the separate cause number of

_____. All remaining causes of action against other defendants shall proceed under the original cause number. All relief requested that is not expressly granted is hereby denied.

Signed this date: _____

_____
HONORABLE JUDGE PRESIDING

# APPENDIX TAB "K"



## Judge Peter Sakai
## 225th District Court
Bexar County Courthouse
San Antonio, Texas 78205

Telephone: 210-335-2233                              Facsimile: 210-335-3950

## FAX COVER SHEET

TO:       Mr. Brett B. Rowe

FROM:    Jennifer Brazil

DATE:    October 10, 2014

NO. OF PAGES (including this cover sheet): 3

## MESSAGE

Please review attached letter, thank you.



**PETER SAKAI**
· Judge

## 225th Judicial District Court

**Bexar County Courthouse**
**San Antonio, Texas 78205**
**(210) 335-2233**

October 10, 2014

Mr. George W. Mauze II                     Via Fax No.: 210-354-3909
Mauze Law Firm
2632 Broadway, Suite 401 South
San Antonio, Texas 78215

Mr. Brett B. Rowe                          Via Fax No.: 210-340-6664
Ms. Nickie K. Elgie
Evans, Rowe & Holbrook, P.C.
10101 Reunion Place, Suite 900
San Antonio, Texas 78216

Mr. W. Richard Wagner                      Via Fax No.: 210-979-9141
Wagner Carlo LLP
7718 Broadway, Suite 100
San Antonio, Texas 78209

RE: CAUSE NO. 2013-CI-19135; Styled: SALVADOR DEL TORO JR. v. GERARDO E. CARCAMO, M.D. and
RAVI BOTLA, M.D.; Filed: 131st DISTRICT COURT, BEXAR COUNTY, TEXAS.

Dear Counsels:

After careful review and deliberation of the briefs, memorandums, motions and argument of counsels,
the Court has made the following findings and will issue the following orders: Motion for Summary
Judgment and for Severance of Defendant Ravi Botla, M.D. is DENIED and Defendant Ravi Botla, M.D.'s
request for this Court to permit an immediate appeal from its Interlocutory Order pursuant to CPRC
51.014 is GRANTED.

I will request that the prevailing party of their respective Motions draft an order reflecting the Order of
the Court and submit it to opposing counsel for approval as to form only. I will sign the Order when
submitted to the Court for signature. Further, I will instruct the clerk of the court to file all original
papers, motions, briefs and memorandums with the District Clerk's Office. All exhibits will be returned
to the official court reporter for further disposition. The Court will withdraw all exhibits upon the
agreement of all the parties. Additional materials provided to the court will be given to the court
reporter for safekeeping and retrieval by the respective parties. SO ORDERED.

Page Two
Letter to Counsels Mauze, Rowe & Wagner
October 10, 2014

I appreciate the professionalism and courtesies extended by all counsels.

Respectfully,

Peter Sakai